SA   D.C

ELECTRONIC

Apr 10, 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.O. OF FLA. MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
# 14-80067-CR-ZLOCH/HUNT

Case No: _____

18 U.S.C. § 1349
18 U.S.C. § 1344(1) and (2)
18 U.S.C. § 215
18 U.S.C. § 2

UNITED STATES OF AMERICA

vs.

**ELI RIESEL,**
**RASHMI AIRAN-PACE,**
**JORDANA ENDE TOBEL, and**
**FLORENCIO LUIS TEZANOS,**

        **Defendants**

_____/

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1.      The condominium complex known as Kensington at Royal Palm Beach was located in Palm Beach County, Florida.

2.      Kensington Trust, LLC ("Kensington Trust") was a Florida limited liability corporation with its primary offices located in Miami-Dade County, Florida. In or about November 2007, Kensington Trust entered into an agreement with the owner of Kensington at Royal Palm Beach to purchase approximately 100 unsold condominium units in bulk for resale.

3.      Kensington Trust marketed and sold condominium units at Kensington at Royal Palm

Beach by utilizing multiple corporations and individuals who advertised and solicited buyers throughout the United States using methods which included internet advertising and word-of-mouth solicitations.

4.     Kensington Trust offered incentives to buyers to purchase condominium units at Kensington at Royal Palm Beach, including payment of the buyer's down payment on the purchase price and closing costs (hereinafter referred to as "cash-to-close"), guaranteed rent and condominium fees for a specified period of time, and cash rebates.

5.     Buyers of condominium units at Kensington at Royal Palm Beach financed their purchases by submitting loan applications to financial institutions and other lenders to obtain mortgages.  Loan applications required borrowers to truthfully and accurately disclose certain information, including the source of the borrower's down payment and settlement charges, the amount of cash provided by the borrower, the amount of the borrower's closing costs paid by the seller, other real estate owned, and whether the condominium unit to be purchased would be used as the borrower's primary residence, secondary residence, or an investment property.  This information was material to the decision of the financial institutions and other lenders to loan money to the borrower, the amount of any such loan, and the terms of the loan, such as the interest rate the borrower would pay.  Other information material to the decision of the financial institutions and other lenders to loan money to the borrower included the true sale price and the type and amount of seller incentives.

6.     An escrow agent conducted closings for sales of Kensington at Royal Palm Beach condominium units.  The escrow agent was responsible for receiving and holding in trust in an escrow account mortgage loan proceeds from the financial institutions and other lenders that

2

financed the purchases of condominium units, and disbursing those loan proceeds to parties to the transaction only after final approval by the financial institutions and lenders. The escrow agent was required to truthfully and accurately prepare and distribute to the financial institutions and lenders a settlement statement, known as a "HUD-1," in preliminary form prior to the closing of escrow for review and approval, and in final form at the closing of escrow. The escrow agent was required to truthfully and accurately disclose on the estimated and final HUD-1 forms, among other information, the sales price, the closing funds provided by the borrower, and all of the seller's contributions. The escrow agent, the buyer, and a representative of the seller were required to attest to the truthfulness and accuracy of the HUD-1 by signing the form. At the closing of escrow, the escrow agent was also required to obtain from the borrowers and forward to the financial institutions and lenders executed documents, including mortgages and loan applications.

7.      Wells Fargo Bank, NA, J.P Morgan Chase Bank, NA and Bank of America, NA each were financial institutions, the accounts of which were insured by the Federal Deposit Insurance Corporation, an agency of the United States established to protect depositors by insuring deposits in member banks.

## DEFENDANTS AND COCONSPIRATORS

8.      Defendant **ELI RIESEL** was a managing member of Kensington Trust.

9.      Defendant **RASHMI AIRAN-PACE** was an attorney and an escrow agent and operated a law firm ("FAP") with an office located in Miami, Florida, that conducted closings for sales of condominium units at Kensington at Royal Palm Beach, and utilized an escrow account at Regions Bank.

10.     Defendant **JORDANA ENDE TOBEL** was a licensed realtor and mortgage broker,

3

and a director of E3 Realty, Inc. also known as "eThree Realty," a Florida corporation with its offices located in Broward County, Florida, that marketed Kensington at Royal Palm Beach condominiums, and received commissions from the sale of those condominiums.

11.     Defendant **FLORENCIO LUIS TEZANOS** was employed as a "Home Mortgage Consultant" at Wells Fargo Bank, NA in Miami-Dade County, Florida.

12.     Coconspirators Ernesto Rodriguez and Jose Aller controlled JAER Guaranteed Investments & Property Management, LLC ("JAER") and JAYER Investments, LLC ("JAYER").

## COUNT 1
### Conspiracy To Commit Bank Fraud
(18 U.S.C. § 1349)

13.     The allegations contained in paragraphs 1 through 12 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

14.     Beginning at least as early as in or about November 2007, and continuing through at least in or about June 2009, at Palm Beach, Broward, and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ELI RIESEL,**
**RASHMI AIRAN-PACE,**
**JORDANA ENDE TOBEL, and**
**FLORENCIO LUIS TEZANOS,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to knowingly and with intent to defraud, execute and cause the execution of a scheme and artifice to defraud financial institutions, which scheme and artifice would employ material falsehoods and omissions, and to knowingly and with intent to defraud, execute and cause the

4

execution of a scheme and artifice to obtain moneys, funds, credits, assets, and other property owned

by, and under the custody and control of a financial institution, by means of materially false and

fraudulent pretenses, representations, promises and omissions, in violation of Title 18, United States

Code, Sections 1344(1) and (2).

A.      **Purpose and Object of the Conspiracy**

15.     It was a purpose and object of the conspiracy for the defendants and their

coconspirators to unjustly enrich themselves through the sale of condominium units at the

Kensington at Royal Palm Beach by providing prospective buyers with incentives to purchase

condominium units at the Kensington at Royal Palm Beach, and concealing the incentives from the

financial institutions and other lenders that financed the purchases of the condominiums, thereby

causing the financial institutions and other lenders to fund the loans based on materially false and

fraudulent pretenses, representations, promises and material omissions.

B.      **Manner and Means of the Conspiracy**

16.     The defendants and coconspirators carried out the conspiracy in the following manner

and by using the following means, among others:

a.      Kensington Trust incentives, including payment of the buyer's cash-to-close,

guaranteed rent and condominium fees, and cash rebates were not disclosed in the purchase and sale

agreements, the buyers' mortgage loan applications, the property appraisal reports, and the HUD-1

forms submitted to the financial institutions and other lenders that financed purchases of

condominium units at Kensington at Royal Palm Beach;

b.      Defendants and their coconspirators concealed and caused to be concealed

from the financial institutions and other lenders that financed purchases of condominium units at

Kensington at Royal Palm Beach the fact that the seller, Kensington Trust, was providing the funds to be used for buyers' cash-to-close through several methods, including, among others, the following:

(i). Defendant **ELI RIESEL** caused the funds to be transferred from a Kensington Trust account at City National Bank of Florida directly to a bank account controlled by coconspirators Ernesto Rodriguez and Jose Aller, who then caused the funds to be converted into cashier's checks in the names of buyers made payable to the law firm FAP, and delivered the cashiers' checks to FAP, where defendant **RASHMI AIRAN-PACE** deposited and caused the cashier's checks to be deposited into the escrow account at Regions Bank;

(ii). Defendant **ELI RIESEL** caused the funds to be transferred from a Kensington Trust account at City National Bank of Florida into another account at City National Bank of Florida in the name of Arbors Management Guarantee, LLC, then wire transferred to bank accounts controlled by coconspirators Ernesto Rodriguez and Jose Aller, who then caused the funds to be converted into cashier's checks in the names of buyers made payable to the law firm FAP, and delivered the cashiers' checks to FAP, where defendant **RASHMI AIRAN-PACE** deposited and caused the cashier's checks to be deposited into the escrow account at Regions Bank;

(iii). Defendant **JORDANA ENDE TOBEL** and a coconspirator, who was an officer of eThree Realty, caused funds from the eThree Realty account at Community Bank of Broward County to be transferred into a personal account of that eThree Realty officer at Community Bank of Broward County, then wire transferred to the escrow account at Regions Bank controlled by defendant **RASHMI AIRAN-PACE**, and attempted to conceal the true nature and purpose of the wire transfers by characterizing them as "short term loans," and were reimbursed by defendant **ELI RIESEL,** who caused the funds to be wire transferred from the Kensington Trust account at City

6

National Bank of Florida to the eThree Realty bank account at Community Bank of Broward County; and

(iv). Defendants **RASHMI AIRAN-PACE** and **ELI RIESEL** misrepresented and caused to be misrepresented the cash-to-close provided by Kensington Trust as cash provided by the borrowers on HUD-1 forms and other documents submitted to the financial institutions and other lenders that financed purchases of condominium units at Kensington at Royal Palm Beach.

c.      Defendant **RASHMI AIRAN-PACE** falsified and caused to be falsified internal real estate closing records to reflect that cash-to-close had been provided by buyers when, in fact, the cash-to-close had been provided by defendant **ELI RIESEL** acting on behalf of the seller Kensington Trust;

d.      Defendants and their coconspirators concealed and caused to be concealed from the financial institutions and other lenders that financed purchases of condominium units at Kensington at Royal Palm Beach the fact that the seller Kensington Trust was funding the guaranteed rent and condominium fees, and cash rebate incentives through several methods, including, among others, the following:

(i). Defendant **ELI RIESEL** caused funds to be disbursed through wire transfers and checks from a Kensington Trust account at City National Bank of Florida directly to buyers;

(ii). Defendant **ELI RIESEL** caused funds to be transferred from a Kensington Trust account at City National Bank of Florida into the Arbors Management Guarantee, LLC account at City National Bank of Florida, then disbursed through wire transfers and checks directly to buyers;

(iii). Defendant **ELI RIESEL** caused funds to be transferred from a Kensington Trust account at City National Bank of Florida into the Arbors Management Guarantee, LLC account at City National Bank of Florida, then wire transferred into a bank account controlled by a property management company, which then disbursed the funds directly to buyers;

(iv). Defendant **ELI RIESEL** caused funds to be transferred from a Kensington Trust account at City National Bank of Florida into the Arbors Management Guarantee, LLC account at City National Bank of Florida, then wire transferred into bank accounts controlled by third parties, who then disbursed the funds directly to buyers; and

(v). Defendants **ELI RIESEL** and **RASHMI AIRAN-PACE** created and caused to be created, and caused to be backdated and falsely notarized, trust documents that purported to govern the receipt and disbursement of funds through third party "trustees" such as Arbors Management Guarantee, LLC.

e.       Defendants **RASHMI AIRAN-PACE** and **ELI RIESEL** misrepresented and caused to be misrepresented the amount of seller contributions provided by Kensington Trust  to borrowers on HUD-1 forms and other documents submitted to the financial institutions and other lenders that financed purchases of condominium units at Kensington at Royal Palm Beach;

f.       Defendants **RASHMI AIRAN-PACE** and **ELI RIESEL** misrepresented and caused to be misrepresented the true sale price on HUD-1 forms and other documents submitted to the financial institutions and other lenders that financed purchases of condominium units at Kensington at Royal Palm Beach;

g.       Defendant **RASHMI AIRAN-PACE** misrepresented, caused to be misrepresented, and aided and abetted the misrepresentation of the condominium units as primary

8

and secondary residences on documents submitted to the financial institutions and other lenders that financed the purchases when, in fact, the properties were intended to be used by the buyers for investment purposes and rented to tenants;

      h.     Defendant **RASHMI AIRAN-PACE** concealed, misrepresented, caused to be misrepresented, and aided and abetted the misrepresentation of the borrowers' ownership of other condominium units at Kensington at Royal Palm Beach on documents submitted to the financial institutions and other lenders that financed purchases of the condominium units;

      i.     Defendant **FLORENCIO LUIS TEZANOS** requested, and subsequently accepted on multiple occasions, cash payments and gifts in amounts greater than $1,000.00, totaling approximately $40,500.00, from coconspirators Ernesto Rodriguez and Jose Aller for processing loan applications submitted to Wells Fargo Bank, NA for buyers of condominium units at Kensington at Royal Palm Beach;

      j.     Defendant **RASHMI AIRAN-PACE** received and caused to be received loan proceeds, from the financial institutions and other lenders that financed purchases of condominium units at Kensington at Royal Palm Beach, into the escrow account at Regions Bank, and then disbursed and caused to be disbursed loan proceeds from the escrow account to the Kensington Trust account at City National Bank of Florida, from which the funds for payment of the buyers' incentives originated;

      k.     Beginning at least as early as May 2009 and continuing through at least June 2009, defendants **ELI RIESEL** and **RASHMI AIRAN-PACE** paid, caused to be paid, and aided and abetted payments to, buyers of Kensington at Royal Palm Beach condominiums in order to settle claims from those buyers that Kensington Trust had failed to provide the buyers with the full amount

9

of guaranteed rent and condominium fees incentives promised to them; and

l.    The conduct of the defendants and coconspirators caused financial institutions and other lenders to fund mortgage loans, totaling approximately $25 million, based on materially false and fraudulent pretenses, representations, promises and material omissions.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-25
Bank Fraud
(18 U.S.C. § 1344(1) and (2))

17.    The allegations contained in paragraphs 1 through 12, 15 and 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

18.    Beginning at least as early as in or about November 2007, and continuing through at least in or about June 2009, at Palm Beach, Broward, and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ELI RIESEL,
RASHMI AIRAN-PACE,
JORDANA ENDE TOBEL, and
FLORENCIO LUIS TEZANOS,**

did knowingly execute and attempt to execute a scheme and artifice to defraud federally insured financial institutions, and to obtain any of the moneys, funds, credits and other property owned by, and under the custody and control of federally insured financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, and material omissions, in violation of Title 18, United States Code, Sections 1344(1) and (2).

19.    On or about the stated closing dates for the sale of the Kensington at Royal Palm Beach condominium units specified in each Count below, the specified defendants, for the purpose

10

of executing the scheme and artifice to defraud and attempting to do so, submitted, caused to be

submitted, and aided and abetted the submission of, documents, including HUD-1 forms, loan

applications, and mortgage documents, to the specified financial institution:

| COUNT | DEFENDANT | HUD-1 CLOSING | UNIT NO. | BANK |
|---|---|---|---|---|
| 2 | **ELI RIESEL RASHMI AIRAN-PACE JORDANA ENDE TOBEL** | December 27, 2007 | 270-104 | Wells Fargo |
| 3 | **ELI RIESEL RASHMI AIRAN-PACE JORDANA ENDE TOBEL** | January 18, 2008 | 220-104 | Bank of America |
| 4 | **ELI RIESEL RASHMI AIRAN-PACE JORDANA ENDE TOBEL** | January 31, 2008 | 260-101 | Bank of America |
| 5 | **ELI RIESEL RASHMI AIRAN-PACE JORDANA ENDE TOBEL** | February 16, 2008 | 330-207 | Wells Fargo |
| 6 | **ELI RIESEL RASHMI AIRAN-PACE FLORENCIO LUIS TEZANOS** | February 25, 2008 | 210-205 | Wells Fargo |
| 7 | **ELI RIESEL RASHMI AIRAN-PACE** | February 25, 2008 | 220-102 | Wells Fargo |
| 8 | **ELI RIESEL RASHMI AIRAN-PACE** | February 27, 2008 | 330-203 | JP Morgan |
| 9 | **ELI RIESEL RASHMI AIRAN-PACE FLORENCIO LUIS TEZANOS** | February 29, 2008 | 330-103 | Wells Fargo |
| 10 | **ELI RIESEL RASHMI AIRAN-PACE FLORENCIO LUIS TEZANOS** | February 29, 2008 | 270-102 | Wells Fargo |
| 12 | **ELI RIESEL RASHMI AIRAN-PACE FLORENCIO LUIS TEZANOS** | March 18, 2008 | 330-105 | Wells Fargo |

11

| | | | | |
|---|---|---|---|---|
| 13 | **ELI RIESEL**<br>**RASHMI AIRAN-PACE**<br>**FLORENCIO LUIS TEZANOS** | March 19, 2008 | 260-103 | Wells Fargo |
| 14 | **ELI RIESEL**<br>**RASHMI AIRAN-PACE** | March 27, 2008 | 250-101 | JP Morgan |
| 15 | **ELI RIESEL**<br>**RASHMI AIRAN-PACE**<br>**FLORENCIO LUIS TEZANOS** | March 27, 2008 | 280-102 | Wells Fargo |
| 16 | **ELI RIESEL**<br>**RASHMI AIRAN-PACE**<br>**FLORENCIO LUIS TEZANOS** | March 28, 2008 | 360-101 | Wells Fargo |
| 17 | **ELI RIESEL**<br>**RASHMI AIRAN-PACE**<br>**FLORENCIO LUIS TEZANOS** | March 28, 2008 | 330-101 | Wells Fargo |
| 18 | **ELI RIESEL**<br>**RASHMI AIRAN-PACE**<br>**FLORENCIO LUIS TEZANOS** | March 31, 2008 | 210-204 | Wells Fargo |
| 19 | **ELI RIESEL**<br>**RASHMI AIRAN-PACE**<br>**FLORENCIO LUIS TEZANOS** | March 31, 2008 | 330-206 | Wells Fargo |
| 20 | **ELI RIESEL**<br>**RASHMI AIRAN-PACE**<br>**FLORENCIO LUIS TEZANOS** | April 16, 2008 | 270-204 | Wells Fargo |
| 21 | **ELI RIESEL**<br>**RASHMI AIRAN-PACE**<br>**FLORENCIO LUIS TEZANOS** | April 17, 2008 | 360-201 | Wells Fargo |
| 22 | **ELI RIESEL**<br>**RASHMI AIRAN-PACE**<br>**JORDANA ENDE TOBEL** | April 22, 2008 | 360-104 | JP Morgan |
| 23 | **ELI RIESEL**<br>**RASHMI AIRAN-PACE**<br>**FLORENCIO LUIS TEZANOS** | April 30, 2008 | 320-201 | Wells Fargo |
| 24 | **ELI RIESEL**<br>**RASHMI AIRAN-PACE**<br>**JORDANA ENDE TOBEL** | May 22, 2008 | 340-101 | JP Morgan |

| 25 | **ELI RIESEL**<br>**RASHMI AIRAN-PACE**<br>**JORDANA ENDE TOBEL** | September 25, 2008 | 310-103 | JP Morgan |
|----|------------------------|--------------------|---------|-----------|

All in violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

## COUNTS 26–37
Corrupt Acceptance of Gifts and Commissions
(18 U.S.C. § 215)

20.     The allegations contained in paragraphs 1 through 12, 15 and 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

21.     On or about each date set forth below, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### FLORENCIO LUIS TEZANOS,

being an employee and agent of Wells Fargo Bank, NA, a financial institution, did knowingly and corruptly solicit and demand, for his own benefit, and corruptly accept and agree to accept, things of value from any person, that is, cash and other gifts exceeding $1,000 in value, intending to be influenced and rewarded in connection with the business and transactions of Wells Fargo Bank, NA, that is, the processing of loan applications for buyers of condominium units at Kensington at Royal Palm Beach:

| 26 | February 23, 2008 | $5,000 |
|----|-------------------|--------|
| 27 | February 29, 2008 | $3,000 |
| 28 | March 7, 2008     | $2,000 |
| 29 | March 25, 2008    | $2,000 |

| 30 | April 1, 2008 | $3,000 |
|----|---------------|--------|
| 31 | April 7, 2008 | $2,500 |
| 32 | April 10, 2008 | $2,000 |
| 33 | April 18, 2008 | $2,000 |
| 34 | April 28, 2008 | $4,000 |
| 35 | May 2, 2008 | $5,000 |
| 36 | May 8, 2008 | $4,000 |
| 37 | May 12, 2008 | $5,000 |

All in violation of Title 18, United States Code, Section 215(2).

## FORFEITURE ALLEGATIONS

1.      The allegations contained in Counts 1 through 37 of this Indictment are realleged and incorporated by reference as if fully set forth herein, for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Sections 982 and 981, and Title 28, United States Code, Section 2461.

2.      As a result of the commission of the offenses listed in Counts 1 through 37 of this Indictment, the defendants,

**ELI RIESEL,
RASHMI AIRAN-PACE,
JORDANA ENDE TOBEL, and
FLORENCIO LUIS TEZANOS,**

shall forfeit to the United States any property, real or personal, involved in such offenses, or any property traceable to such property, or any property constituting or derived from proceeds which the above-named defendant obtained directly or indirectly as a result of the commission of violations of Title 18, United States Code, Sections 1349, 215, 1344(1) and (2).

3.      Such forfeitures shall include, but are not limited to the sum of approximately $18.5 million in U.S. currency, and all interest and proceeds traceable thereto, in that such sum, in the aggregate, was involved in or is traceable to the criminal offenses alleged in the Indictment.

## **SUBSTITUTE ASSETS**

4.      Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by reference by Title 18, United States Code, Section 982(b), if any of the forfeitable property, and any portion thereof, described in the forfeiture section of this Indictment, as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

b.      has been transferred, or sold to, or deposited  with a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Sections 982(a)(1) and (2), and Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461.

A TRUE BILL

WIFREDO A. FERRER
UNITED STATES ATTORNEY

JOSEPH A. CAPONE
SPECIAL ASSISTANT UNITED STATES ATTORNEY

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| **ELI RIESEL, RASHMI AIRAN-PACE, JORDANA ENDE TOBEL, and FLORENCIO LUIS TEZANOS,** Defendants. _____/ | **CERTIFICATE OF TRIAL ATTORNEY\*** **Superseding Case Information:** |

**Court Division:** (Select One)

New Defendant(s)    Yes _____    _____
Number of New Defendants
Total number of counts

Miami _____    Key West _____
FTL _____    WPB __X__    FTP _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) __No__
   List language and/or dialect _____

4. This case will take __10__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I | 0 to 5 days | | Petty | |
   | II | 6 to 10 days | X | Minor | |
   | III | 11 to 20 days | | Misdem. | |
   | IV | 21 to 60 days | | Felony | X |
   | V | 61 days and over | | | |

6. Has this case been previously filed in this District Court? (Yes or No) __No__

   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) __No__
   If yes: Magistrate Case No. _____
   Related Miscellaneous numbers: **13-80194-Cr-Marra/Matthewman**
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____
   District of _____

   Is this a potential death penalty case? (Yes or No) _____Yes __X__ No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

_____
JOSEPH A. CAPONE
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500459

\*Penalty Sheet(s) attached

REV.9/11/07

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:   **ELI RIESEL**

Case No.   _____

Count # 1:

_____ 18 USC § 1349 _____

_____ Conspiracy _____

*Max. Penalty:  30 Years' Imprisonment; $250,000 or twice the gross gain or loss; 5 years' Supervised Release

Counts 2-25:

_____ 18 USC §§ 1344(1) and (2) _____

_____ Bank Fraud _____

*Max. Penalty: 30 years' Imprisonment; $1,000,000 or twice the gross gain or loss; 5 years' Supervised Release

Count:

_____

_____

*Max. Penalty:

Counts:

_____

_____

*Max. Penalty:

Count :

_____

_____

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:  **RASHMI AIRAN-PACE**

Case No. _____

Count # 1:

18 USC § 1349

Conspiracy

*Max. Penalty:  30 Years' Imprisonment; $250,000 or twice the gross gain or loss; 5 years' Supervised Release

Counts 2-25:

18 USC §§ 1344(1) and (2)

Bank Fraud

*Max. Penalty: 30 years' Imprisonment; $1,000,000 or twice the gross gain or loss; 5 years' Supervised Release

Count:

*Max. Penalty:

Counts:

*Max. Penalty:

Count :

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:  **JORDANA ENDE TOBEL**

Case No. _____

Count # 1:

18 USC § 1349

Conspiracy

*Max. Penalty:  30 Years' Imprisonment; $250,000 or twice the gross gain or loss; 5 years' Supervised Release

Counts 2-5, 24, 25:

18 USC §§ 1344(1) and (2)

Bank Fraud

*Max. Penalty: 30 years' Imprisonment; $1,000,000 or twice the gross gain or loss; 5 years' Supervised Release

Count:

*Max. Penalty:

Counts:

*Max. Penalty:

Count :

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV: 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name:   **FLORENCIO LUIS TEZANOS**

Case No. _____

Count # 1:

18 USC § 1349

Conspiracy

\*Max. Penalty:  30 Years' Imprisment; $250,000 or twice the gross gain or loss; 5 years' Supervised Release

Counts 6,9,10,12,13,15-21,23:

18 USC §§ 1344(1) and (2)

Bank Fraud

\*Max. Penalty: 30 years' Imprisment; $1,000,000 or twice the gross gain or loss; 5 years' Supervised Release

Counts 26-37:

18 USC § 215

Corrupt Acceptance of Gifts and Commissions

\*Max. Penalty: 30 years' Imprisment; $1,000,000 or three times the value; 5 years' Supervised Release

Counts:

\*Max. Penalty:

Count :

\*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**