# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 14-80067-Cr-Gayles

**UNITED STATES OF AMERICA**

**vs.**

**ELI RIESEL**

_____/

### SENTENCING MEMORANDUM OF ELI RIESEL AND REQUEST FOR VARIANCE FROM ADVISORY GUIDELINES

Defendant Eli Riesel submits this Sentencing Memorandum in support of his request for a downward variance from the advisory guidelines. Eli Riesel respectfully asks for the imposition of a Zone B or C sentence at this time. Eli Riesel's significant history of service and his care of others, as well as his total dedication and commitment to religious study and good works, make him an appropriate candidate for such a meaningful sentence.

The government prosecuted Eli Riesel on 25 counts of bank fraud and 1 count of conspiracy to commit bank fraud. The defense maintained at trial that Eli Riesel honestly sought out counsel and relied on that advice. The jury acquitted him on Counts 2–26, the substantive counts, but convicted him of Count 1, the conspiracy count. Although the conspiracy conviction necessarily means the jury rejected his defense as to at least one count, the twenty-five acquittals support the jury's recognition that Eli Riesel was not a participant in a completely illegal scheme. Mr. Riesel, a man of modest means who did not enrich himself with the proceeds of the condominium sales and made no additional money beyond earning his reasonable

salary, was not a cold-hearted fraudster. Indeed, he stood only to modestly increase his annual salary if the Kensington condominiums sold out, and even then not coming close to earning 1% of the government's claimed losses of $16 million. At most, Eli Riesel, who had little previous experience in the world of aggressive real estate, was a new comer who crossed the line in trying to execute a business plan.

Most importantly, the Eli Riesel who met Rashmi Airan-Pace in October 2007 in search of validating the use of the same buyer incentives that were the standard practice for the South Florida real estate industry, is not the Eli Riesel who appears before the Court today. He is now, and has been since well before any investigation of Kensington commenced, a teacher who has undeniably self-rehabilitated himself in the seven years since this unfortunate project. He is a repentant man who has worked and continues to work with much effort to make the world a better place through study, teaching, good works, and prayer. Rabbi Berish Braun, Rosh Kollel[1] of the Miami Beach Community Kollel, summarized Eli's transformation:

> About six years ago, sometime after Eli moved into the neighborhood, we at the Kollel started noticing an increase of young professionals attending the Kollel. Eli, with his magnetic personality, seemed to have been connecting with young people of all backgrounds and was bringing them to participate in our programs. Although at the time he was still working in business, and was not a member of the clergy, he found time before and after work to study and to bring others to study. It was for this reason that Eli and his wife Nechama received the 'Young Leadership Award' at our annual banquet in 2012.
>
> After experiencing initial success in his personal religious growth and seeing the positive changes his Talmudic study had on his life and on the life of others,

---

[1] As the Rosh Kollel, Rabbi Braun acts as the assistant dean of the Kollel, which is an institute for full-time, advanced study of the Talmud and rabbinic literature.

Eli began spending less time in business and more time studying and helping and inspiring others. He seemed to find time between meetings, during his lunch break and whenever he could find a few  spare moments, to study, teach and counsel. Over time he cut down on his working hours, and I assume on his salary as  well, and was spending more and more time on his religious work activities. Eventually things came to a head as he was  not able to continue both his professional work and his Judaic studies. He chose to follow his heart and his passion and,  in spite of the obvious financial difficulties that it would bring, he dedicated his entire days to his religious pursuits.

Eli humbly asks this Court to consider his very real and genuine post-offense religious transformation and positive trajectory in imposing a "sentence sufficient, but not greater than necessary to serve the purposes of sentencing." *Pepper v. United States*, 562 U.S. 476, 493 (2011). We submit that a Zone B or C sentence achieves these goals. Such a sentence would allow judicial recognition of the wrongs Eli was found to have committed while recognizing Eli's extraordinary post-offense rehabilitation, good works, and service to others.

## ADDITIONAL SENTENCING SUBMISSIONS

Eli has submitted more than 100 letters of support from friends, family, and members of his religious community who all attest to his Eli's tremendous post-offense transformation and rehabilitation. A 13-page summary of the excerpts is also included. Eli Reisel also submits a sentencing video that compiles his life and his meaningful activities.

## THE FACTORS AND CONSIDERATIONS SUPPORTING A VARIANCE FROM THE RECOMMENDED ADVISORY SENTENCING GUIDELINES

With the exception of the misconduct at issue in connection with Eli Riesel's condominium sales involvement with the Berkowitz Group, Eli Riesel has led an exemplary life, and the post-business world life he now leads is remarkable. He is an

extraordinary father to his four young boys, whose lives would be irretrievably damaged by their father's absence. He is a tireless and dedicated teacher whose study of Torah has led to positive life changes for so many of the students at the Miami Beach Community Kollel. In light of the person Eli Riesel is, and whose transformation was voluntarily undertaken independent of the government investigation, Eli Riesel should receive a sentence within a Zone B or C range.

The Eleventh Circuit's decision in *United States v. Clay*, 483 F.3d 739, 742 (11th Cir. 2007), provides a road map for sentencing a person like Eli Riesel who has demonstrated extraordinary post-offense rehabilitation. *Clay* involved the government's appeal of the district court's imposition of a variance sentence that was 1/3 of the defendant's lowest guideline sentencing range. Clay had been involved in the manufacturing of methamphetamine for four years when he was stopped by the police in October of 2004. The police found ten unopened boxes of cold and allergy medication containing pseudoephedrine and ultimately arrested him for that. *Id.* Clay admitted to being involved in methamphetamine manufacturing and distribution. *Id.* at 741.

Six months later, Clay was indicted with five others. Clay was specifically charged with conspiracy to manufacture and possession with the intent to distribute more than 500 grams of methamphetamine as well as possession of pseudoephedrine with reasonable cause to believe that it would be used to manufacture a controlled substance, *id.* § 841(c)(2). Clay vigorously defended his case, litigating a motion to suppress and going to trial. *Id.* at 742. At trial, all five co-defendants testified against

him as cooperating government witnesses. *Id*. He was acquitted of the conspiracy charge and convicted of the possession charge.

After inclusion of all applicable enhancements, Clay's base of level was 34 for a sentencing range of 188 to 235 months imprisonment. *Id*. His sentencing presentation centered primarily on his religious conversion and the life changes he experienced, starting before his arrest and up until his conviction. Unlike Riesel, the majority of Clay's post-offense rehabilitation occurred ***after*** his arrest. The Eleventh Circuit discussed the evidence presented at sentencing in support of his variance:

> At the sentencing hearing, eight witnesses testified about the religious conversion and life changes that Clay had experienced before his arrest in October 2004 and continuing until his conviction in August 2005. A leader of Clay's drug and alcohol rehabilitation program, Alan Cobb, testified that Clay was rehabilitated, obtained employment, and was a good employee. Another program leader, who worked in corrections, testified that Clay was living a "different life" since his involvement in the program. A minister at Clay's church who had worked in corrections for ten years testified that he had "seen a lot of inmates, so to speak, play a game" but the change in Clay's life was real. John and Rachael Leno had met Clay through the rehabilitation program and testified that they had overcome their drug addictions because of Clay's example and encouragement. Clay and his family members testified that, following his conversion, Clay had stopped using drugs and alcohol, rededicated himself to his family, and began regularly attending rehabilitation meetings and visiting a juvenile detention center.

*Id*. The district court concluded his post-offense rehabilitation was extraordinary, though recognizing that "one of the primary purposes of sentencing as set out in 3553 is punishment." *Id*. The court gave a substantial reduction of 68% from Clay's bottom of the guideline sentence range of 188 months, sentencing him to 60 months.

Review of the trial docket and available pleadings establishes that Clay's reduction was more substantial than many of his co-defendants who pled guilty,

cooperated with the government, and testified against him at trial (Exhibit G). For example, co-defendant Shannon Lambeth, who scored a bottom of the guidelines sentencing range of 190 months (in part based on her substantial assistance to the government), only received a 23% downward variance for a sentence of 146 months. Although co-defendant Mosley's bottom of the guidelines sentence was 140 months, 48 months higher than Clay, he received the same 60-month sentence, notwithstanding Mosley's substantial assistance departure and additional 43% variance.[2]

The government appealed Clay's downward variance from the guidelines, claiming that Clay's religion was an impermissible factor, that the district court gave too much weight to post-offense rehabilitation and insufficient weight to the other sentencing factors, and that the district court did not adequately explain the substantial variance. *Id*. at 744-45. In rejecting the government's argument, the Eleventh Circuit noted, "When we review a decision of a district court for abuse of discretion, there are some cases where we will affirm the district court whichever way it decided the matter." *Id*. at 746. The Eleventh Circuit reasoned that the court "did not consider Clay's religious belief," but "credited testimony at the sentencing hearing about changes in Clay's life that followed his religious conversion." *Id*. His very substantial variance was affirmed.

---

[2] Mosley's original bottom of the guidelines sentence was 140 months. The government requested a 25 percent downward departure for his substantial assistance, for a total of 106 months. He ultimately received a 60-month sentence. Case 1:05cr154, DE224.

Eli Riesel's sentencing guidelines, as presented in his Presentence Investigation Report, recommends a punishment range significantly greater than necessary to punish him. Consideration of the factors set forth in 18 U.S.C. §3553(a) provide significant guidance on a range of goals that can be satisfied by a variance from the guidelines into a sentence within Zones B and C.

Those statutory sentencing factors include:

(1) the nature and circumstances of the offense, and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a). The statute directs the court, after evaluating these factors, to impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing — just punishment, deterrence, protection of the public, and

rehabilitation of the defendant. A variance will satisfy these sentencing goals.

To say that Eli has learned a powerful lesson about transgressing the law is an understatement of immense consequence. There is no need to impose a custodial sentence in order to protect the public from Eli, as he poses no risk whatsoever of recidivism. *See* § 3553(2)(c). The Sentencing Commission commissioned a report, The Criminal History Computation of the Federal Sentencing Guidelines, Recidivism and the "First Offender."[3] This report sets forth an analysis of persons likely to re-offend. Using this assessment, the risk of Eli involving himself in future criminal conduct is nil. As an educated, married, working man involved in a non-violent financial crime, and as a person with a comprehensive community engaged in his well-being, Eli is not a person to further endanger the public welfare. He voluntarily removed himself from the business world to pursuit his lifelong goal of study, teaching, and spiritual guidance, well before this criminal investigation began.

Under these circumstances, a non-incarceration sentence is appropriate. *See also Gall v. United States*, 552 U.S. 38, 57-59 (2007); *United States v. Cherry*, 487 F.3d 366, 369-70 (6th Cir. 2007) (granting significant downward variance from the guideline range where the defendant presented a low risk to reoffend); *United States v. Prosperi*, 686 F.3d 32, 48 (1st Cir. 2012) (affirming non-incarcerative sentence where there was no risk of recidivism); *United States v. Martin,* 520 F.3d 87 (1st Cir.

---

[3] *See The Criminal History Computation of the Federal Sentencing Guidelines, Recidivism and the "First Offender,"* and *U.S. Parole Commission Salient Factor Score,* all found at www.ussc.gov/research.html.

2008) (144 months for cocaine base distribution conspiracy rather than career offender range, stressing defendant's particularly striking impression as a changed man who renounced his former ways and renewed a commitment to religion and family)

Eli's personal characteristics, the support he has from his family and in the community, his desire never again to be in a business world position, and his sincere transformation to a life of dedication to G-d and in service of others, as well as the many other factors presented in the powerful sentencing letters, all collectively demonstrate that he is not a risk to reoffend. In this regard, *United States v. Prosperi*, 686 F.3d 32 (1st Cir. 2012), is supportive. There, the defendants charged with fraud were convicted at trial of conspiring to defraud the United States. The guidelines range was 87–108 months incarceration, but the district court imposed sentences of six months of home monitoring, three years of probation, and 1,000 hours of community service. *Id.* Affirming the significant variance, the First Circuit approved the sentencing court's analysis of the § 3553(a) factors and consideration of the important roles of punishment and deterrence. *Id.* at 42.

The *Prosperi* decision approached the sentencing with a view of the very factors so apparent in Eli Riesel's situation. The court recognized the punishment inherent to a first-time offender who is thrust into the criminal justice system, *id.* at 48:

> I think it is very difficult at times, for those of us who are judges or prosecutors or lawyers, to put ourselves in the shoes of a person with no prior experience with the criminal justice system who finds himself or herself accused of a crime. I do not think, sometimes, we fully recognize the anguish and the penalty and the burden that persons face when called to account, as these men are, for the wrong that they committed.

The First Circuit pointed to the district court's reasoning in acknowledging numerous letters received from the defendants' family, friends, and community members, finding them "sincere, supportive, and, I'm sure, an accurate portrayal of the defendants' lives." *Id*. at 41. As with Eli, there are many letters detailing charitable work and support for friends and neighbors. *Id*. at 49.

The *Prosperi* court weighed the benefit of incarceration against the costs of incarceration:

> There is one benefit, and only one that I see in this case to incarceration, and that is the sanction of deterrence that an incarcerated sentence would pose for others. Beyond that, society's interest in incarceration as opposed to atonement does not weigh heavily. There is no risk of recidivism on the part of either of these defendants. Incarceration will incur a large cost to taxpayers, and an even larger personal cost in Mr. Prosperi's case to his ill wife and, to some degree, to Mr. Stevenson's family, as I recognize that they both play important roles as caregivers and caretakers in their families.

*Id*. With this careful analysis, "the district court fulfilled its obligation to consider the importance of general deterrence in fashioning its sentences. It decided for the reasons given that the other interests at stake made a non-incarcerative sentence appropriate in this case. It rejected the view that the interest in general deterrence could only be served by incarceration." *Id*. The same is true here. Incarceration is not necessary for Eli's punishment to serve as adequate deterrence, because the many other punishments Eli has and will receive are especially significant for Eli and any other person contemplating a fraud crime similar to Eli Riesel's conspiracy.

The PSI reflects Eli's modest living and position as a teacher at the Miami Beach Community Kollel, where he provides religious/cultural teachings for the

Jewish Community (DE265:15). Based on the facts and circumstances of his individual case and in light of the factors enumerated in 18 U.S.C. §3553(a), the appropriate sentence here is one significantly below the advisory guideline range. In this case, a sentence within Zone B or C is "sufficient, but not greater than necessary" to fulfill the purposes of sentencing.

## I.      HISTORY AND CHARACTERISTICS OF DEFENDANT RIESEL

Eli Riesel was raised in an Orthodox Jewish home. His mother, Rochelle and his father, Nathan, are teachers. They instilled the values of honesty, integrity and service to others, along with a strong belief in G-d and the teachings of the Torah. The eldest of 10 children, Nathan and Rochelle relied on Eli for many of the household chores, tasks in which he took great pride and would one day save his home. Eli's mother, Rochelle, writes:

> Eli was never rebellious.  He never got into fights with his younger siblings as he shared everything with them. He never exhibited greed or stinginess... Unlike some of my other children, he always helped with the laundry and learned at an early age to cook, which he still excels in. He would always try to include all of his siblings in fun activities like gathering them and arranging skits for our Shabbat guests. Eli never challenged our decisions even when we told him not to go to an ice skating rink to hang out with his friends after school. (DE26-1:21-23).

A teacher and student of the Torah has always been Eli's life-long dream. As a young child, Eli fully embraced his Jewish heritage in studying the Torah. At age 14, Eli was hired by a synagogue to read the Torah to the congregation, a very unusual undertaking for someone so young. Eli's mother recounts him walking five and a half miles each way to full his responsibilities. (DE265-1:21-23). Esther Elefant Steinberg recounts Eli's childhood service to G-d:

As with all his siblings, Eli was raised in a home that devoted all spare time to the community in which we live. Particularly, in Eli's case, this was evidenced by his giving up his after school free time to play keyboard at many of our Synagogue and private school events—of course, doing so gratis. His parents raised him and the other children in his family to think of community as family—what you do for your own, you do for the 'public.' Sentencing Letter 77.

At the age of 18, Eli had two choices: continue his Jewish studies, tantamount to a vow of poverty, or pursue a secular career with its attendant financial benefits. Eli chose rabbinical seminary, enrolling in the Rabbinical Seminary School in Milwaukee, Wisconsin. Eli was on track to become an ordained rabbi. At the age of 21, he married his wife Nechama, soon thereafter having his first son Avraham. Feeling the pressure to provide for his family, Eli accepted a job in real estate. In his letter to the Court, Eli offers earnest reflections on this critical decision in his life to leave his Torah studies and path toward becoming an ordained rabbi:

> "When I got married -- a ceremony participated in by my parents, my teachers, and my community – I resolved to be able to support myself and my family by my own efforts. I got caught up in finding a career, and found that the real estate market was exciting and growing. In retrospect, I was unprepared for the ambitious real estate market. By putting a focus on providing for my family, I lost sight for a time of the spiritual and moral values that had guided me through young adulthood. Besides moving away from my life goals of becoming a spiritual mentor and scholar, I also distanced myself from my close relationships with my religious mentors and peers." (p. 14-17)

Life in secular business was not easy. This foray was followed by personal tragedies in his home and marital failures that deeply impacted Eli and his family. His wife, Nechema, after birthing their third son, became increasingly incapacitated with anxiety. This required that Eli become the boys' primary caregiver. Mrs. Rabinowitz, Nechema's mother, describes the atmosphere during this time:

> "When they were married, living in Florida, they began to establish a family, and in short succession had three boys. Today Avraham (12), Shmuel (11) and

David (10) have proven to be a grandparent's dream. However, not long after David was born, a change came over Nechama. She just seemed to 'lose it'. In the home, she was not the person that she had been. Eli had to take on her duties as well. She could not manage the kids, the laundry, the shopping, and even much of the cooking. It was a very sad and tenuous situation in their home, and communication with Nechama was difficult – she had become emotionally fragile. The more intense she was, the more sensitive and understanding Eli became. Where many other husbands would have left after years of such behavior, Eli has stood by her through it all showing her unconditional love, compassion and understanding." *(p. 33-35)*

Between his marital problems, Nechema's anxiety disorder, and other issues of life, Eli Riesel saw that his home had not prospered since his move from regimented Torah study. Eli knew something had to change. Eli recounts the cathartic moment when he realized a change in his life was needed:

This spiritual and moral decline in favor of the secular world adversely affected my marriage . . . . , I actually remember that day that it all hit me. . . . I remember sitting in a class with a spiritual scholar-in-residence. I realized how far I was from where I always wanted to be - and where G-d wanted me to be. I remembered the young teenager I was when I dreamed of becoming the mentor and following in the footsteps of those I held in high esteem. It was on that day in mid-2008 that I realized I had lost my way and that G-d was helping direct me back toward his path. This time, I listened . . . (DE269-1:18).

From this moment, Eli made significant, transformative changes that ultimately led to his return to full-time Torah studies. The first step began with moving his family to Miami Beach in August of 2008 where he joined the Miami Beach Community Kollel, a rabbinical organization aimed at involving all members of the Jewish community in the study of Torah. As he spent more and more time at the Kollel, he saw what an enriching experience it provided for his family and he. His marriage prospered. His relationship with his sons prospered. And his soul prospered. His community recognized his development, awarding Eli and Nechama, in 2012, the Kollel's Young Leadership Award. That same year, he left secular business and began

studying Torah full-time. In a tremendous act of faith, he started full-time study voluntarily. So talented was he that the Kollell offered him a scholarship to teach rabbi, making him the first person to be added from the business world, as opposed to yeshiva in the Kollel's 20-year history. *Sentencing Letter Rabbi Berish Braun* (DE26-2:20). Rabbi Nahum Yaacov Gross, Dean of the Kollel, explains their decision to offer Eli a scholarship to study:

> Eli Riesel, even though he was qualified, should have never been able to join our program since he had already been working, except that he did join. Our board of directors over time observed Eli's dedication to studying and sharing his knowledge and warmth with so many people. This so impressed the board to the point that they felt it would be terrible callousness to ignore his financial situation. Though he was not eligible for joining our program they felt that to help him and his family would be the highest level of charity that one could achieve. Additionally, they felt it was appropriate to help him financially since his level of involvement with the welfare of the community matched any of the other rabbis' dedication.

Since then, Eli has matured into a very well respected and endeared member of his Jewish community and in the secular community as well. It is his extraordinary, atypical post-offense rehabilitation that merits attention from the court in fashioning a just and appropriate sentence.

## II. THE NEED TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT AND TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT IS MINIMAL GIVEN ELI'S POST-OFFENSE REHABILITATION.

The Supreme Court has recognized that the likelihood that a defendant will engage in future criminal conduct is a central factor that district courts must assess when imposing a sentence. *Pepper*, 131 S. Ct. at 1242, citing 18 U.S.C. §§ 3553(a)(2)(B)-(C); *Gall*, 552 U.S. at 59 (a defendant's "self-motivated rehabilitation .

. . lends strong support to the conclusion that imprisonment was not necessary to deter [defendant] from engaging in future criminal conduct or to protect the public from his future criminal acts."). Indisputably, there is a zero likelihood of Eli reoffending. An unintended by-product of his dedication to full-time study and teaching of the Torah is his removal of himself from the possibility of engaging in white collar fraud. Eli lives a chaste, righteous life, a life affirmed by countless members of his community, according to Rabbi Yekusiel Stern (DE269-2:25):

> I have known Mr. Riesel since he moved to Miami Beach in 2008. I find him a most invigorating and inspiring person. He takes a truly selfless and active role in the synagogue, regularly leading the Sabbath prayer services as well as one-on-one study sessions with fellow synagogue members. One such study partner is a parent in our school who has often expressed to me his appreciation for Mr. Riesel's warmth and refinement. Sentencing Letter, Rabbi Nisson Friedman, Head of School, Mechina of South Florida (DE269-2:24).

In his letter to the court, Meir Shnidman, who met Eli four years ago, also articulated his surprise at learning of Eli's involvement in the charged conspiracy:

> Having the honor to be a guess observer in Your Honor's court room at the trial, it was hard to imagine that the defendant being portrayed as a common criminal with intent to deliberately fraud innocent people of their hard-earned money was the same Eli Riesel that I know. Sentencing Letter, Meir Shnidman 92-93.

His colleagues and those he teach and study with are shocked to learn of Eli's involvement in the subject conspiracy because the Eli they know is dedicated to service to G-d and others. The plethora of letters from those who have met Eli after 2008 expressing astonishment upon learning of the fraud demonstrates the zero probability of Eli reoffending. The Eli today would never do what Eli is convicted of doing. This sentencing factor accordingly weighs against imposing a sentence of incarceration.

### III.   THE NATURE AND CIRCUMSTANCES OF THE OFFENSE DEMONSTRATE THAT ELI RIESEL DID NOT FASHION THE KENSINGTON DEVELOPMENT SALES AS A FRAUD.

Eli Riesel's conspiracy conviction is a serious crime. Eli, however, asks the Court to temper its review of the nature and circumstances with his acquittal on the 25 substantive counts and other factors suggesting his involvement in the Kensington sales was not a fraud from the outset:

- Although the parties disagree about the particulars and utilization of Attorney Pace's advice, what is clear is that the government's case begins with Eli consulting a lawyer. Attorney Pace testified that Eli consulted her about his ability to sell properties with buyer incentives. She explained that after consulting with her underwriters (during that same meeting), she approved Eli's plan. She subsequently wrote an opinion letter, after which Eli signed the bulk purchase and resale agreement for the Kensington properties.

- Eli pocketed no funds. There were no side payments of any kind. Under his business plan to buy condos wholesale and sell them retail, he would receive a bonus only if all the properties were successfully sold. Thus, even though the individual transactions involved significant amounts of money, Eli made no money beyond his standard salary, which incidentally compensated him for his management of several developments. This stayed true even after the bulk sales contract was renegotiated and when it became clear his business plan would not succeed. Eli not pocketing funds stayed true even when, as contended by the government, Eli departed from his attorney's advice and began personally transferring the funds through what the government described as a shell corporation.

- Eli's life style did not become extravagant. To the contrary. During this period of time, Eli downgraded to a smaller home and moved his family to Jewish Miami Beach in search of a new start and modesty living. A. Aaron Elias describes the home Eli moved to in August of 2008, "Eli and his family live a very modest lifestyle. His house is small and simply furnished. He does not drive a fancy car, nor does he dress lavishly." Ephraim Brecher, who also met Eli when he moved to the community in 2008 articulated Eli's modest lifestyle during these years:

I have known Eli Riesel for 8 years. I initially met Eli when he was a young man working for a real estate investment company. I found it remarkable that, even in the heady times of the Florida real estate boom, he maintained an even

keel--pursuing his religious studies with zeal while living a modest life-style with his wife and children.

-   Soon after speaking with Freddie Mac, about the trust structure, Eli, in consultation with his boss Abby Berkowitz, ended the buyer incentives, a decision that all but guaranteed his business plan's failure. He did not recruit straw buyers. He did not search for another means of getting buyer incentives approved.

Thus, even though Mr. Riesel crossed the line of legality, the evidence points to his involvement in a legitimate business venture that became illegal in its execution. This is not the picture of an outright fraudster who sought to unjustly enrich himself by pocketing thousands of dollars on each transaction. Unfortunately, we will never know if Eli would have still entered into the bulk purchase agreement if Airan-Pace had explained to him there was no legal way to pay buyer incentives in excess of 6% of the sales price. Eli instead asks the court to give equal weight to his one conviction and twenty-five acquittals in tempering Eli's criminal culpability.

### IV.   THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE.

Mr. Riesel was charged with very serious and unacceptable criminal conduct. Though acquitted of the majority of counts, he was convicted of one count of conspiracy. He expects to be punished for his wrongdoing, but asks the Court to remember that his punishment has already begun. *United States v. Wachowiak*, 496 F.3d 744, 754 (7th Cir. 2007), *abrogated on other grounds*, *United States v. Bartlett*, 567 F.3d 901, 909 (7th Cir. 2009) (approving the district court's consideration of the stigma associated with a criminal prosecution and conviction as a collateral consequence appropriate for consideration under §3553(a) factors). The April 2014

indictment was filed when his youngest son, Nota Riesel, was six months old. He has lived with the constant fear of knowing that he may miss key moments in his son's formative years and not fulfill one of his most sacred G-d-given responsibilities as a father, to teach his boys *The Shema*:

> Hear, O Israel: The LORD our God, the LORD is one.[a] 5 Love the LORD your God with all your heart and with all your soul and with all your strength. 6 These commandments that I give you today are to be on your hearts. 7 Impress them on your children. Talk about them when you sit at home and when you walk along the road, when you lie down and when you get up.

Deuteronomy 6:4-7 (NIV). He has taken this sacred responsibility seriously and has constantly lived with the reality that if imprisoned, who will teach his children.

Moreover, this case has brought enormous shame upon him and his family. For the past six years, he and his family have taught and shown by example the virtues of Jewish discipline and chaste living. Rabbi Shmuel Brandt articulates Eli's shame in being accused and convicted of such a serious crime:

> This mistake has already brought untold suffering upon Eli and his family. Precisely because of his sterling reputation, the stigma that Eli has sustained from his arrest and trial has been particularly acute for him. In light of this, perhaps the Court will consider further punishment unnecessary. Sentencing Letter 89.

Indeed, Eli agonized through a public trial, where the intimate details of his marital failings and untoward private correspondences with Airan-Pace were exposed for all his religious community members to see. Not to mention the shame of his name being associated with a $16 million bank fraud. This forced his very fragile wife and family to relive these hurtful and dark times in their marriage. Furthermore, although he took a vow of poverty a number of years ago when he dedicated his life to full-time study, teaching, and Torah, the financial distress brought by his

conviction has guaranteed his financial ruin. And the loss of his most important civil rights now that he is a convicted felon means he will likely be unable to take his oldest son to the voting polls and vote with him when he becomes of voting age.

This is a heartfelt loss to a man who has tried to build a life of service to his god, his family, and his religious community. Zalman Miller writes:

> I can assure Your Honor that any mistakes or wrongdoings Eli may have committed were without intention to harm anyone, are sincerely regretted and will never be repeated. I believe that what Eli has experienced from his arrest and his trial has already served him as a punishment, and certainly a lesson. It's a lesson not only for him, but for all of us. Zalman Miller, Sentencing Letter 148-49.

His spiritual leaders and colleagues all agree that Eli is deeply remorseful for his conduct:

- As a close friend of Eli Riesel, I can attest that although Eli made mistakes in the past, he has consistently shown remorse for the actions and hurt caused during a youthful period of his life. He is a hard-working, capable individual who looks for opportunities to help others and to do his utmost to protect those who are being victimized. He continues to be a role model for what a responsible citizen should be. Rabbi Yehoshua Sova Sentencing Letter 89.

- In recent years he has resigned from his job and devoted himself to study and community service. He has demonstrated his remorse and changed his life, to focus on spiritual things. Rabbi Akiva Grunblatt, Rosh Ha Yeshiva (Dean), Rabinical Seminary of America, Sentencing Letter 90.

Eli, in his letter to the court, expresses remorse and repentance in acknowledging his misconduct. His remorse for his conduct highlights the punishment he has already received as a result of his conduct:

> Still, each day when I awaken and feel such gratitude, I also feel saddened as I reflect on the wrong turn I took in my life. Since my re-connection to religious study and service to the community, I can see now that my choices back then were misdirected. It is true that I was acting in ways that I believed were correct at the time, but looking back now, through the lens of the man I am today, I can see that I was wrong. Would the man I am today have made the

choices I made then? I would not. . . . I made poor choices but I also learned from them and have been able to shift the trajectory of my life to one of spiritual enrichment, family values, love, and service to others. It is what drives me to reach young people who are struggling with issues of right and wrong, especially issues in their professional lives. I am told by many that I have a gift for this work. I embrace that responsibility wholeheartedly and I am deeply committed to this path for the rest of my life. I thank G-d every day for allowing me to learn as I have grown.

## V.  AN ALTERNATIVE SENTENCE TO INCARCERATION WOULD ADEQUATELY SERVE THE GOALS OF SENTENCING.

The Eleventh Circuit recognizes that there are "many instances where the Guidelines range will not yield a reasonable sentence." *United States v. Hunt*, 459 F.3d 1180, 1184 (11th Cir. 2006). Accordingly, the Eleventh Circuit has repeatedly affirmed below guideline sentences after *Booker. See, e.g., United States v. Anderson*, 267 Fed. Appx. 847 (11th Cir. 2008) (affirming sentence of probation with home-confinement for white collar defendant where Guidelines were 18 to 24 months and prosecutor requested 18 month sentence); *United States v. McBride*, 511 F.3d 1293 (11th Cir. 2007) (affirming variance from 151 to 188 months to 84 months in child pornography case); *United States v. Clay*, 483 F.3d 739 (11th Cir. 2007) (affirming 60 month sentence even though the Guidelines were 188 to 235 months); *United States v. Mathis*, 186 Fed. Appx. 971 (11th Cir. 2006) (affirming a 36 month sentence in an extortion and obstruction case despite a Guidelines of 57 to 71 months); *United States v. Gray*, 453 F.3d 1323 (11th Cir. 2006) (affirming a 72 month sentence even though Guidelines was 151 to 188 months); *United States v. Halsema*, 180 Fed. Appx. 103 (11th Cir. 2006) (affirming 24 month sentence even though Guidelines were 57 to 71 months); and *United States v. Williams*, 435 F.3d 1350 (11th Cir. 2006) (90 month sentence upheld despite Guidelines of 188 to 235 months).

Eli, who has received significant community support, submits four alternative sentences from community organizations willing to take an active role in post-sentence rehabilitation should the court award a Zone B or C sentence.

The Aleph Institute works with more than 400 federal and state prisons (Exhibit A). They have prepared a proposal that is "designed to redirect a person's entire value structure through social, therapeutic, and religious counseling and education, together with substantive punishment." Their sentencing recommendations has been favorably viewed by Judge Patricia Seitz and Judge Alan S. Gold. The Institute's multi-year proposal include home detention for a twelve months, supervised release for three years, 1800 hours of community service per year, and personal religious rehabilitation. The defense has submitted other proposals from JC's House (Exhibit B), the Life Quest Foundation (Exhibit C), Urgent Inc., and the Miami Beach Community Kollel (Exhibit E), who have all agreed to take an active role in Eli's rehabilitation should the court award a Zone B or C sentence. State Representative Joe Geller personally endorses the work of the Life Quest Foundation (Exhibit D).

## CONCLUSION

Determining punishment in this case is difficult because the conduct at issue is significant, but it represents a departure from Eli Riesel's otherwise law abiding and instructive life. As this court takes into consideration all the good that Eli Riesel has done, his brief and early life in the business world and his interaction with a highly skilled and persuasive lawyer, Rashmi Airan-Pace, should not overshadow the

undeniable realization that Eli Riesel is a good person whose self-imposed community punishment, humiliation, and loss has already been serious and life impacting. A sentence of punishment within Zone B or C is warranted as a rational and proportionate sentence, sufficient but not greater than necessary to fulfill the purposes of sentencing.

Respectfully submitted,

> *s/ Benedict P. Kuehne*
> **BENEDICT P. KUEHNE**
> Florida Bar No. 233293
> **MICHAEL T. DAVIS**
> Florida Bar No. 63374
> **LAW OFFICE OF**
> **BENEDICT P. KUEHNE,**
> **P.A.**
> 100 S.E. 2nd St., Suite 3550
> Miami, FL 33131-2154
> Tel: 305.789.5989
> Fax: 305.789.5987
> ben.kuehne@kuehnelaw.com
> efiling@kuehnelaw.com

**CERTIFICATE OF SERVICE**

I CERTIFY on July 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

> By:   *s/ Benedict P. Kuehne*
> **BENEDICT P. KUEHNE**

B"H



# aleph
## I N S T I T U T E

Joseph and Sterna Gutnick
NATIONAL HEADQUARTERS

**Chairman / Founder**
Rabbi Sholom D. Lipskar

**President**
Lloyd S. Rubin

**Executive Director**
Rabbi Aaron Lipskar

**Vice President**
Ryan Shapiro

**Secretary**
Joy Fishman

**Treasurer**
Boruch Duchman

**Board of Directors**
Robert Danial
Boruch Duchman
Joy Fishman
Stephen Fiske
Russel Galbut
Reuven Herssein
Daniel Holtz
Alberto Kamhazi
Sonny Kahn
Rabbi Sholom Lipskar
Rabbi Sholom Lipskar
Morris Mandel
Lloyd Rubin
David Schottenstein
Ryan Shapiro
Eric Stein
Sylvia Urlich

**Director of Operations**
Moshe N. Barouk

**Director of Advocacy**
Rabbi Zvi Boyarsky

**Director of Family Programs**
Rabbi Shua Brook

**Director of Military Programs**
Rabbi Sanford L. Dresin

**Director of Outreach Programs**
Rabbi Menachem M. Katz

**Chief Financial Officer**
Yosie Lipskar

א   א   א

**Spark of Light Prison Program**

**Operation: Enduring Traditions Military Programs**

**F.E.E.L.S Family Program**

By the Grace of G-D

**Rabbi Sholom D. Lipskar**
*Chairman/Founder*

July 6, 2015

The Honorable Judge Darrin P. Gayles
United States District Court, Miami
Wilkie D. Ferguson Jr.
400 North Miami Avenue
Miami, FL 33128

**Re: United States of America v. Eli Riesel**
**Docket No. 113C: 9:14CR80067**

Greetings and Blessings:

It is an honor and privilege to be given the opportunity to address the court in this very important and sensitive process of sentencing.

## I. The Aleph Institute

The Aleph Institute is a not-for-profit, national educational, humanitarian and advocacy organization founded in 1981. Aleph's primary goal is to serve a pressing need of our society by addressing significant issues relating to our criminal justice system. In furtherance of that goal, Aleph has created and implemented a host of programs over the past thirty-three years that are designed to rehabilitate offenders, counsel and assist them and their families, reduce or ameliorate necessary periods of incarceration, and provide moral and ethical educational programs designed to inculcate universal truths, and act as a preventative long-term solution to alleviate society's criminal justice needs. Our programs include moral and ethical curriculums designed to inculcate universal truths and act as a preventative long-term solution to alleviate society's criminal justice needs. Our benevolent mandate also encompasses spiritual assistance to thousands of soldiers serving in the United States Armed Forces across the globe.

Aleph works closely with many courts nationwide, as well as federal and state lawmakers and prison officials, to assist in the rehabilitation process of inmates. We are recognized by and work closely with the Department of Justice and the Department of Defense.

In the words of the Honorable Jack Weinstein (former Chief Judge of the Eastern District of New York):

> *Rabbi Sholom Lipskar, the guiding force of the Aleph Institute, and his associates understand and force us to face the fact that each person deserves to be treated with respect as an individual personality and not as... a faceless number. . . . The Aleph Institute is doing extraordinary fine work. Its assistance to defendants and their families provide standards of compassion and aid worthy of emulation. . . . Aleph helps in three ways. First, it explains to judges and the judicial system when and how alternatives to prison which protect the public are possible. Second, it helps those in prison develop their spiritual lives and maintain contact with*



THE ALEPH INSTITUTE, 9540 COLLINS AVENUE, SURFSIDE, FL 33154, TEL (305) 864-5553 • WWW.ALEPH-INSTITUTE.ORG • TAX ID: 59-2291627

*their families and the world beyond their bars and barbed wire. Third, it assists those outside, particularly the children of prisoners, to retain their ties with prisoners. As a result of its good work, Aleph is widely known and respected by penal and judicial authorities."*

## II. Sentencing Proposals

For more than 33 years we have worked with more than Twenty-Five Thousand individuals who have come to us for spiritual assistance as they and their families transition through the criminal justice system. We have programs for prisoners in custodial environments, including people at halfway houses and in home confinement. We also have experience in supervising program participation, counseling, and community service imposed by the court as a condition of supervised release. We presently work in more than 400 prisons across the USA including all Federal, and many State and county correctional institutions.

***We are extremely selective, and adhere to very strict criteria, before electing to submit an alternative sentencing proposal for consideration by a court. Aleph presents less than 30 sentencing submissions per year and Mr. Riesel represents, by far, one of the most compelling cases we have ever been involved in.***

Every sentencing proposal that we submit to a federal court carefully considers the factors outlined in 18 U.S.C. § 3553(a), including, but not limited to, "the history and characteristics of the defendant," id. at § 3553(a)(1), and the legislative directive to provide correctional treatment fashioned into a particularized sentence.

The proposals prepared by the Aleph Institute are designed to redirect a person's entire value structure through social, therapeutic, and religious counseling and education, together with substantive punishment. We focus on restructuring personal priorities and goals, and maintaining the integrity of essential family ties, all the while promoting deterrence through fostering respect for our justice system and rehabilitation. Our submissions are consistent with sentencing goals of protection of society, deterrence, punishment, restitution and rehabilitation, and are submitted on behalf of individuals who have demonstrated their capacity to reevaluate their lives, values, and priorities, and whose individual characteristics, including family responsibilities and otherwise, warrant departure.

Many federal judges have viewed our sentencing recommendations with favor, including Judge Patricia Seitz, SD. FL, Judge Alan S. Gold, SD. FL and the Senior Judge David Trager, ED.NY.

It is our fervent hope that this court views our submission in the spirit that it is presented: A genuine effort, based on our years of experience and on our understanding of the particulars of this case, to assist the court in fashioning a particularized sentence "sufficient, but not greater than necessary, to comply with the purposes set forth" in the sentencing statute. 18 U.S.C. § 3553(a).

THE ALEPH INSTITUTE, 9540 COLLINS AVENUE, SURFSIDE, FL 33154 • 305-864-5553 • WWW.ALEPH-INSTITUTE.ORG • TAX ID: 59-2291627

Exhibit A, page 2

### III. Unique mitigating circumstances in this case

*Community Concerns*

It's our understanding that extensive record has been submitted to the court regarding Mr. Riesel's unique character and involvement within the community.  While we do not wish to reiterate points that have already been made clearly to this court elsewhere, we would like to note here as well, that Mr. Riesel can be easily distinguished as a remarkable human being.  Among his peers, community members and even in comparison to most people of the general public, Mr. Riesel stands out as a sensitive and caring individual who seeks to remain on the path of righteousness at all times and to bring out the best in the people around him.  Despite what others might view as significant hardships that are present in his own life (as discussed further in this writing), Mr. Riesel maintains a positive attitude, always seeking to direct his life to the service and betterment of others.

Countless letters have been submitted to this court, which reflect the voices of people who have been positively affected by Mr. Riesel's compassionate and encouraging interactions. Mr. Riesel possesses an incredibly receptive and caring character, the likes of which is seldom observed in such a great concentration within a single person. This quality, coupled with an innate sense of humility and acceptance of others, has been cause for even the most unexpected of individuals to turn to Mr. Riesel for guidance.  Genuine mentorship comes naturally to Mr. Riesel, and as such he has been able to impact lives, even those of the most cynical teenagers and young adults, in a way that is rarely seen.  He represents a significant asset to the general welfare of his own community as well as to the greater Miami area at large.

*Unique family factors*

As in the section above regarding Mr. Riesel's community impact, we are aware that substantial materials will have been presented to this court, which effectively profile the depth of the Riesel family circumstances.  However, because this component is so integral to any wholesome discussion of Mr. Riesel's case, we would like to emphasize a few considerations here. Namely, the integral position Mr. Riesel holds in the support of his family and dependents.

Mr. Riesel's immediate family consists of his wife and four sons, aged 12, 11, 10 and 2 years old.  As a young woman, about three years into their marriage, Mr. Riesel's wife suffered an episode of extreme anxiety and depression.  Initially thought to be a case of postpartum depression, it soon became apparent that the Riesel family life had irreversibly altered.  Mrs. Riesel's capacity to independently maintain the main household and child care responsibilities was lost.  At that moment, Mr. Riesel chose not to shirk from responsibility, but instead evolved to become both the majority breadwinner and home care provider. Each of these are, in their own right, a full-time responsibility.

For the past 7 years Mr. Riesel has been both the pillar and foundation of his home and family on every level.  He maintains the household, cooks the family food, takes care of the daily laundry, assists his children with their homework, and provides for their social, emotional and educational upbringing.  As has been expressed elsewhere, he serves both the matriarchal and patriarchal roles in the home and cares for his wife under the same measure. Any extended absence of Mr. Riesel would cause the complete collapse of this very delicate family environment.

 THE ALEPH INSTITUTE, 9540 COLLINS AVENUE, SURFSIDE, FL 33154 • TEL (305) 864-5553 • WWW.ALEPH-INSTITUTE.ORG • TAX ID: 59-2291627

Exhibit A, page 43

### IV. "Smart on Crime" sentencing options and benefits in this case

Certain cases afford unique opportunities to utilize forms of punishment other than just incarceration.  These cases can, and will, have a strong impact upon criminal deterrence by directly improving awareness and general attitudes in society at large that might have otherwise bred unacceptable and even illegal behaviors.  Mr. Riesel's case appears to provide an ideal opportunity to achieve goals stressed by the Attorney General of the United States as part of the Justice Department's "Smart on Crime" initiative --- namely to consider alternatives to incarceration so as to "mov[e] decisively away from outdated and overly-stringent sentencing regimes … so we can better promote public safety, deterrence, and rehabilitation while saving billions of dollars and reducing our overreliance on incarceration."[1]

In a speech before the American Bar Association, Attorney General Eric Holder addressed major problems in America's criminal justice system and lamented that the United States has an "outsized, unnecessarily large prison population" and that "too many Americans go to too many prisons for far too long, and for no truly good law enforcement reason."[2]  He further stressed that "widespread incarceration at the federal, state, and local levels is both ineffective and unsustainable [because it] imposes a significant economic burden—totaling $80 billion in 2010 alone—and it comes with human and moral costs that are impossible to calculate."[3]  The Attorney General explained that he wanted sentencing authorities nationwide "to identify and share best practices for enhancing the use of diversion programs . . . that can serve as effective alternatives to incarceration" in order to help "the judiciary to meet safety imperatives while avoiding incarceration in certain cases."[4]

In a formal report released along with the Attorney General's speech to the ABA, the Department of Justice articulated in further detail the signal concerns of its "Smart on Crime" initiative.[5] This report stated "it is time to rethink the nation's system of mass imprisonment [which is] disruptive to families, expensive to the taxpayer, and may not serve the goal of reducing recidivism."[6]  This report stressed the importance of "shifting away from our over-reliance on incarceration" as part of a broader recognition that "[f]or many non-violent, low-level offenses, prison may not be the most sensible method of punishment."[7]  A major section in this DOJ report proclaims the Department's commitment to "Pursue Alternatives to Incarceration for Low-Level, Non-Violent Crimes." The DOJ report here emphasizes that "incarceration is not the answer in every case" and asserts that in "appropriate instances involving non-violent offenses, prosecutors ought to consider alternatives to incarceration."[8]

Given the unique mitigating factors in this case —particularly Mr. Riesel's unique community involvement as well as his sensitive family situation— we believe this case

---

[1] Attorney General Eric Holder, Remarks to the National Association of Criminal Defense Lawyers and State Criminal Justice Network (Aug. 2014).
[2] Attorney General Eric Holder, Remarks to the American Bar Association (Aug. 2013).
[3] Id.
[4] Id.
[5] U.S. Department of Justice, "SMART on CRIME: Reforming the Criminal Justice System for the 21st Century" (Aug. 2013).
[6] Id., p. 1.
[7] Id., pp. 2-3.
[8] Id., p. 4.



provides meaningful opportunity to operationalize and effectuate the "Smart on Crime" philosophy and goals stressed by the Attorney General. Indeed, it is our belief that to imprison Mr. Riesel for a substantial period of time would contravene the Justice Department's "Smart on Crime" initiative and Attorney General's commitment to "shifting away from our over-reliance on incarceration" which is "both ineffective and unsustainable" because it "imposes a significant economic burden . . . and it comes with human and moral costs that are impossible to calculate."[9]

We respectfully submit that any period of institutional incarceration would destroy many innocent lives while not maximizing sentencing goals.  With respect to the applicability of the sentencing guidelines, this factor alone is recognized as justifying a downward departure in sentencing.  See, e.g. United States v. Johnson, 964 F.2d 124, 129 (2nd Cir. 1992) (upholding a downward departure based on the extraordinary parental responsibilities of the defendant).  As the Second Circuit noted in Johnson, a case involving three young children and an additional dependent:

> "The rational for a downward departure here is not that [defendant's] family circumstances decrease her culpability, but that we are reluctant to wreak extraordinary destruction on dependents who rely solely on the defendant for their upbringing."

Id. Moreover, even if this factor alone were not found to be sufficient, courts have recognized that the convergence of factors, which might be inadequate to warrant departure when taken in isolation, may …in combination suffice to remove a case from the heartland…" United States v. Sklar, 920 F.2d 107, 117 (1st Cir. 1990)

As mentioned in the beginning of this letter, The Aleph Institute has extensive experience working with incarcerated people and their families.  We have seen countless first hand examples of the impact of the incarceration of a parent when there are young children present.[10] In these cases, a great deal of additional resources and community effort is often required to help families heal. Additionally, children in these situations have a much higher likelihood of incarceration themselves. A number of the studies that have been published regarding this topic can be accessed online.[11]

We would like to impress upon the court the very unique nature of this particular family situation where there is not even a secondary caregiver equipped to step in during Mr.

---

[9] Holder, Remarks to ABA, supra.

[10] One such example that comes to mind includes a father who was sentenced to a period of incarceration while his children were young.  While his entire family had struggled immeasurably during his absence, upon his return he found that his youngest son had become completely lost to drug addiction and depression.  The son, who had by that point grown into a young adult, went through countless overdose hospitalizations, and attempted suicide twice.  After two failed rehabs, Aleph intervened and cultivated extensive resources to put the son into a treatment program that ultimately helped him turn his life around.

[11] For more information, see Families Left Behind: The Hidden Cost of Incarceration and Reentry, published by the Urban Institute Justice Policy Center in October 2003 (Revised June 2005) and online here:
http://webarchive.urban.org/UploadedPDF/310882_families_left_behind.pdf

 THE ALEPH INSTITUTE, 9540 COLLINS AVENUE, SURFSIDE, FLORIDA 33154 • TEL: 305-864-5553 • WWW.ALEPH-INSTITUTE.ORG • TAX ID: 59-2291627

Exhibit A, page 5

Riesel's absence. We do not state lightly that without Mr. Riesel's presence in the home, addressing every component of it's function, the family would be in shambles.

Additionally, Mr. Riesel, as a mentor for many people within his circles of influence, is in a unique position to raise awareness of the consequences of breaking the law and the importance of maintaining the highest level of ethics and accountability in every facet of one's life. It is our belief that Mr. Riesel's experience of the harmful personal consequences of his actions — consequences such as the immense shame[12] through a stain on his personal reputation, which will affect him and his entire family, like an engraved scarlet letter—is certain to resonate throughout the Miami communities in a very meaningful and powerful way. Giving Mr. Riesel the platform and responsibility to relay his story would have a positive impact on others who might be tempted to engage in unlawful business practices, thereby fostering respect and compliance with the law. It is our hope that part of Mr. Riesel's sentence can include a mandatory community component where Mr. Riesel would meet with businessmen and women to present his story, its consequences, and the lessons he has learned. Both on a one-on-one and on a group level, we believe the impact of this narrative among Mr. Riesel's already vast network of mentees (also addressed in other submissions to this court), could be very effective.

## VI. Sentencing Considerations

1. Incapacitation: Mr. Riesel is a first time offender who has, in all other matters of his life, always walked the straight and narrow path under the letter of the law. Under the circumstances, we respectfully submit that the probability of recidivism is close to nil.

2. Protection of Society: for the reasons set forth above in #2, we respectfully submit that this should not be an issue for this defendant.

3. Punishment:

    A.   *The Shame Factor:* Mr. Riesel will not have a single day for the rest of his life that is not without its inherent punishment. He will face shame and ostracism wherever he goes as well as lasting punitive measures upon his civil liberties as applied to all convicted felons.

    B.   *Loss of financial independence:* In addition to the above we propose

---

[12] Though shame may be somewhat of an intangible element, we can attempt to quantify and explain the nature of this adversity as it exists in the real world of the Jewish culture and societal attitude. Shame is a potent force which, under Jewish Law, is recognized to inflict pain and suffering that is subject to legal claims, may cause pecuniary and other valuable losses and certainly may be a basis for damages. Shame is often not a momentary, transient force but continues indefinitely. Mr. Riesel is forever branded in his community. There is no escape or defense. As mentioned, the concept of shame is considered an element of damages by Jewish courts in the resolution of conflicts. In Jewish circles shame is to be avoided like the plague as it doesn't just affect the reputation and character of the individual who transgressed, but negatively stains the pedigree of that person's entire family. This public shame is, in fact, a form of incarceration for life for even when one walks in apparent freedom, he will be stalked for life by this incident, akin to a scarlet letter.

 THE ALEPH INSTITUTE, 9540 COLLINS AVENUE, SURFSIDE, FL • TEL 305-864-5553 • WWW.ALEPH-INSTITUTE.ORG • TAX ID: 59-2291627

Exhibit A, page 6

that effective and impactful punishment can be obtained through the complete revocation of all financial and/or business related independencies, to the extent that Mr. Riesel be required to inform and receive authorization for any financial dealings over the amount of $100, that he not be allowed to buy or sell real estate or be involved in any business ventures, and that he allow full transparency into his accounts throughout the entire probationary period.

4. Rehabilitation: Mr. Riesel would become proactive about paying back his moral debt to society at large by speaking in groups and individual settings regarding matters of business ethics and by volunteering with community service organizations (as outlined below).  Furthermore, Mr. Riesel will continue his personal rehabilitation through receiving ongoing moral guidance and mentorship within the community. To this end, four proposals detailing program plans and ongoing work (if applicable) for Mr. Riesel to complete with community and humanitarian service organizations in the Miami area, are attached here.  Please see the attached community service program proposals from: Urgent, Inc., The Miami Beach Community Kollel, Life Quest Foundation, and JC's Recovery House in the Lord, LLC.

In light of all of the above, we are hopeful the court would consider fashioning a sentence, incorporating whichever of the points (below) that the court deems appropriate:

1. **Home Detention**: We propose a mandatory twelve-month term of electronically-monitored confinement to the home.  Mr. Riesel will be allowed to leave his home only to pray, and comply with the elements of this structured program presented in this proposal.  Such a program of monitored detention adequately provides for society's need for punitive action, while permitting Mr. Riesel to meet his family responsibilities to his children and to continue his impactful work in the community.  This incapacitation will also display the consequences of unlawful behavior to any observers and will further the sentencing policy of societal deterrence.
2. **Supervised Release:** Mr. Riesel will be required to serve an additional three years of supervised release, during which time he maintains the responsibilities and restrictions set forth in this plan.
3. **Financial Monitoring:** Mr. Riesel will submit to monitoring by Mr. Joseph Saka, CPA/PFS Director-In-Charge of Tax Services at Berkowitz Pollack Brant Advisors and Accountants, or another outside entity as approved by this court. For a period of three years, this entity will provide instruction as to appropriate financial planning, monitor all income and expenses, supervise all of Mr. Riesel's financial activities, and approve all expenditures over $500. Furthermore, Mr. Riesel will be prohibited from any private or professional real estate ventures of any kind for a period of at least 15 years.
4. **Community Service:** Mr. Riesel will be required to complete a minimum of 1800 hours per year, for every year of the probation term, of community service work.  Mr. Riesel is already involved in a community service project under the Life Quest Foundation, and an additional three community service proposals have been submitted to this court which outline program plans and responsibilities that can have tremendous impact on the people they service.  It is our hope that one, or more of these plans combined, can be found to have the desired societal effects.

 THE ALEPH INSTITUTE, 9540 COLLINS AVENUE, SURFSIDE, FL • TEL: 305-864-5553 • WWW.ALEPH-INSTITUTE.ORG • TAX ID: 59-2291627

Exhibit A page 47

5. **Business Ethics Course:** Mr. Riesel will be required to develop and present a 1 hour seminar on business ethics and his experience on the wrong side of the law to groups in professional industries on a bi-monthly basis for the extent of this period, he will also be required to discuss the same in one-on-one business meetings with executives. This will be arranged under the tutelage of Mr. Marcos Lapciuc. As Co-host of The Biz[13], Mr. Lapciuc will also host Mr. Riesel every 6 months for a one-hour, live discussion of business ethics and the lessons he has learned from this experience.

6. **Personal Rehabilitation:** Mr. Riesel will be required to attend a one hour per week personalized session with Rabbi Yaacov Gross who is the founder and Rabbinical Advisor of the Jewish Religious Family Court of South Florida, a member of the Rabbinical Court of the Orthodox Rabbinical Council of Greater Miami, and the dean and head of the Miami Kollel. Rabbi Gross is extremely qualified to give Mr. Riesel one-on-one mentorship and religious guidance in staying the straight and narrow path, with a specific focus on his ongoing spiritual and moral development.

*Mr. Riesel will be responsible to pay all costs related to the design and implementation of his program. Appropriate court representatives could be appointed to monitor this program. The Aleph Institute is committed to help in this process, in any way the court desires.*

## VII. Conclusion

We are aware that this Court has wide-ranging discretion to consider Mr. Riesel's unique circumstances as a basis for sentencing, and we respectfully submit that our alternative sentencing recommendation will adequately protect society and address the specific needs of Mr. Riesel's rehabilitation. It would also effectuate the purposes of and be consistent with sentencing goals enumerated in 18 U.S.C. § 3553(a) and would offer all of the benefits underlying a sound corrections policy while avoiding additional and unnecessary negative or harmful consequences in keeping with the "Smart on Crime" philosophy and goals stressed by the Department of Justice.

With the utmost respect and admiration for Your Honor's wise, sagacious and compassionate decisions, I hope and pray that this submission will receive the consideration that will produce good results for society and for Mr. Riesel.

Respectfully submitted,

Sholom D. Lipskar

---

13 *The Biz* is a daily business radio show that airs from 10:00-11:00 am on the Bloomberg station, AM880, and is produced by *Gray Zone Radio*

Exhibit A, page 8



**RECOVERY & COUNSELING CENTER**
JCRECOVERYCENTER.COM

July 13, 2015

The Honorable Judge Darrin P. Gayles
United States District Court, Miami
Wilkie D. Ferguson Jr.
400 North Miami Avenue
Miami, FL 33128

Dear Honorable Judge Darrin P. Gayles ,

I am reaching out to you as the director and founder of JC's Recovery House in the Lord, LLC. a faith-based recovery home for men seeking addiction treatment, which also offers an parallel intensive outpatient program within the Miami community. Our program is open to men of all faiths and we are currently providing services to over 120 residential brothers and more than 20 outpatient brothers.

I recently met with Mr. Eli Riesel. We immediately connected over a mission that we both share: that of reaching out to a segment of society that has lost their way, and teaching them that through turning their lives over to the will of God and following His teachings, they may find the inner strength to overcome extreme adversity and obtain excellence. Though we are of different personal faiths, it is clear that Mr. Riesel and I share a similar heart in our work.

This meeting impressed upon me the unique character of Mr. Riesel and the opportunity his service would provide to JC's Recovery House. Mr. Riesel is able to provide an unparalleled resource to our faith-based program though his deep knowledge of the teachings of the 5 Books of Moses and his ongoing Rabbinical study. Additionally, Mr. Riesel offers a service we have never been able to provide before: religious mentorship for the brothers in our program who are of Jewish faith or for those who wish to further study Judaic teachings during their residence at JC's Recovery House. Additionally, Mr. Riesel offers valuable musical talent and furthers our goal of inclusivity and diversity in rehabilitative resources.

We have presented Mr. Riesel with a proposal for volunteer work within our community as follows:

Exhibit B, page 1

1. Teach a daily bible studies class, focused on inspirational and transformative teachings from the old testament, and in accordance with the general narrative of our work.
2. Maintain "office hours" for daily drop-ins to discuss and counsel our brothers as they prepare themselves to graduate our program and enter the business world as responsible and law-abiding citizens. In these conversations, Mr. Riesel will include the lessons he has learned in his personal life, specifically in regards to business ethics and his present experience with the law.
3. Offer a daily prayer and meditation service for Jewish brothers in our program as well as any others who desire to learn more about the Jewish faith.
4. Connect with and mentor the brothers in our program in all matters of personal development, including addressing emotional pain and renewal.
5. Utilize his musical ability to connect with our brothers through song on a regular basis, and teach our clients how to play and perform their own music.

The program outlined above would have immeasurable impact on JC's House and the services we are able to offer. My executive staff and I are deeply moved by Mr. Riesel's interest to be involved with our brothers and we are grateful for the opportunity to provide these programs.

It is my sincere hope that Your Honor will consider the lasting impact these programs will have on the hundreds of young men who enter our doors every year. These men seek the guidance and counseling that our program offers to help them overcome addiction and I look forward to expanding the programs that we are able to offer.

Sincerely,

Ray Rapaglia
Director
rayrapaglia@jcrecoveryhouse.com
954-380-1492

**1818 Sheridan Street, Suite 202 Hollywood, FL 33020 (954) 589-2001**

Exhibit B, page 2



July 10, 2015

The Honorable Judge Darrin P. Gayles
United States District Court, Miami
Wilkie D. Ferguson Jr.
400 North Miami Avenue
Miami, FL 33128

**Re: United States of America v. Eli Riesel
Docket No. 113C: 9:14CR80067**

Dear Honorable Judge Gayles:

My name is Mark Knobel (CV attached).  I am the President of Life Quest Foundation, www.mylifequest.org. The Life Quest Foundation has assisted hundreds of youth and their families in South Florida since 1996. The organization's goal is helping individuals with disabilities; cognitive impairments and socialization challenges overcome their communication and emotional hardships in order to become employable. The objective is helping youth-at-risk to achieve employment leading to increased self-sufficiency, self-esteem and effective communication skills. Life Quest clients succeed as a result of innovative training methods that encompass special educational programming, social support, referral services and mentoring.

Life Quest was approached by Mr. Eli Riesel who sought an opportunity to give back to society by expanding his work; the mentoring and guiding of youths at risk, to reach a more diverse segment of our community. Upon hearing of his idea and after a thorough evaluation of his **_"Listen, Express, Success"_** Mentorship approach, it was determined that he possessed the trackrecord, methods and qualifications to help Life Quest's clients. It was clear to me that his system for connecting with youth at risk was unique and was an answer to a vital need of the Life Quest Foundation.

After our due diligence period was over, which included a detailed description of his mentorship plan (please see below), Mr. Riesel immediately began implementing the program.  The response from the youth in our program was tremendously positive. Working under my direction and in conjunction with other staff, Life Quest Foundation



clients are receiving individual training sessions from Mr. Riesel. These are young adults who are at various stages of program completion. Many of them cannot communicate, particularly in front of strangers. Mr. Riesel has them work during the week to either perform musically or engage in public speaking. All of this occurs before an audience of senior citizens who are infirmed in either nursing homes or Adult Congregate Living Facilities. In that Life Quest clients have cognitive challenges such as autism, bipolar disorder, traumatic brain injury and other neurologically-based disabilities that prevent them from entering the workforce, giving them the opportunity to *Listen* out for the needs of others, *Express* their inner selves and experience *Success* in the process is vital.

The response to Mr. Riesel's program has been so positive that Life Quest has established a linkage to Casa Valentina. Casa Valentina, in Miami, Florida, www.casavalentina.org, is a center which focuses on youth, ages 18-22, who are transitioning from foster care to independent living in Miami.  Casa Valentina provides comprehensive services for young men and women, and young mothers.

The program that Mr. Riesel is running answers a fundamental need that had been observed in the individuals Casa Valentina works with. It became clear that giving as well to these young people the necessary skills and confidence-building techniques to accept adulthood after a life in foster care would help further Casa Valentina's efforts to help its constituent's find meaningful employment through increased self sufficiency. Based on discussions with Casa Valentina directors, I believe that in a very short period of time Mr. Riesel's *"Listen, Express, Success"* Mentorship Program will become as valuable a component of Casa Valentina's offerings as it has already become for clients of the Life Quest Foundation.

The program intent of *Listen, Express, Success* is providing an open and supportive opportunity for Life Quest's and Casa Valentina's young adults to increase their self esteem by repeatedly presenting their own creative work in front of others. To lower their anxiety, we have begun with first presenting within the relatively low-stress audience of retirement home residents. As a higher degree of mastery is achieved the participants will work their way up to greater and more demanding audiences. In the first stage, under the tutelage of Mr. Riesel, program participants are trained and guided in their own development of a piece of creative work, such as a speech, piece of music or other artistic expression. This has had an immediate impact on the self-esteem of Life Quest clients. In the second stage, Mr. Riesel provides further mentorship and one-on-one work to help the person plan how they will showcase and present their work, with particular focus placed on musical performance, oration and public speaking skills.

Exhibit C, page 2



The third stage is for the individual to then actually perform their presentation in front of a substantial audience at a community awareness event that will showcase the talents of these young adults.

As I have mentioned above, so far, this sense-of-worth building program has been incredibly effective with Life Quest clients and we are looking forward to being able to continue to offer it to more and more segments of the at-risk community beginning with Casa Valentina and then expanding from there. This program has a 20-35 hours per week workload. As part of the program plan, I will personally supervise Mr. Riesel daily who will, in addition, submit regular progress reports for each case he works on with Life Quest and Casa Valentina clients.

It was clear to us that Mr. Riesel's years of experience and work with at-risk groups within his local community would make him an excellent asset to our work. He is a caring and compassionate young man whose continued contribution to our community comes at a time when we could use another 20 people just like him. To this end, I can assure the esteemed Court, Your Honor, that in the same way I have diligently provided the level of credible and appropriate supervision and support as I have with other probation and Pre-Trial Intervention programs, the Court can be assured that the utmost consideration to assure that society receives a productive recompense as an alternative to serving a sentence in a federal corrections facility will be my utmost focus, passion and commitment to the Court, Your Honor.

I am sincerely yours,

Mark Knobel
President
Life Quest Foundation for the Lock Towns Community Mental Health Center

Enclosure: Curriculum Vitae

Exhibit C, page 3

# MARK R. KNOBEL

17221 NE 11th Ct.                                          Telephone:  (305) 799-4821
Miami, FL 33162                                        E-mail: mknobel@actualme.com

## PROFESSIONAL ABILITIES

- A diverse cognitive-tools orientation to education, health care and marketing creates the foundation for a creative and innovative approach to problem solving, analytical reasoning, leadership, management and training skill sets.

- The ability to apply skill sets and capabilities to organizations seeking to grow and attain organizational aspirations and objectives.

- The ability to quickly discern opportunities and threats to an organization and/or its product while providing solid solutions.

- Executive leadership and communications training abilities encompass the merger of traditional and online methods and techniques.

## PROFESSIONAL EXPERIENCE

**01/11-Present    Director of Revenue, Greenspoon Marder, PA      Ft. Lauderdale, FL**
Responsible for generating methods and procedures resulting in greater profitability and revenue. Oversees the firm's collections and revenue production efforts by managing its teams of Receivables Managers and Revenue Optimization Specialists. Designs strategies and tactics for improving business processes related to the more efficient operation of the entire revenue cycle.  Works in concert with key managers and members of senior management to orchestrate a strategic plan that aligns and promotes positive changes in corporate culture. Works closely with the Director of Finance, COO and Chief Marketing Officer's to execute the firm's long-term goals and supports their short-term revenue initiatives. Determines and executes long-term strategic goals that merge the complimentary goals of accounting and marketing toward the achievement of the results needed at any given time, works to ensure that the firm is moving in the direction of dominating the competition, generating profitable revenue, improving its systems, processes, technologies and multi-faceted cultures toward the achievement of its.

**02/00-Present    _Founder and CEO,_ Thinking Craft and Actualme        Ft. Lauderdale, FL**
Seeing the opportunity to create a system and associated set of technology applications that would improve the way individuals send and receive information, founded Thinking Craft, Inc. to study and validate learning and information processing theories. Led the Company toward the development of intellectual property including software and web-based applications. Devised a methodology for content selection and delivery based on learning styles, communication preferences and predominant modes of thinking. Established patent strategies for groundbreaking content interface tools toward the maximization of communications within the worlds of education, human resources and marketing. Effectively raised investment capital to maintain R&D efforts and technology development. Designed

# MARK R. KNOBEL

17221 NE 11th Ct
North Miami Beach, FL 33162

Telephone:  (305) 799-4821
E-mail: mknobel@actualme.com

online and offline products for education, human resources and marketing industries; directed technology development and content creation teams; wrote market penetration and data analysis reports; conducted Board of Directors meetings. Has In its 14 years of operation, created several key strategic marketing partnerships, content relationships and cross-selling alliances. Prepared sales, marketing and business development plans. Established marketing and public relations objectives for the introduction of a disruptive technology. Conducted strategic planning sessions, created sales projections and financial proformas and budgets; negotiated contracts with key vendors and clients; prepared presentation materials, business plans and trade show promotions.

**12/97 to 11/99**    ***Vice President and Chief Financial Officer,*** **ExpressWeb, Inc.**    Miami, FL
Oversee development of corporate operational components and business process modeling to support Internet and telecommunications chains of supply; design internal communications plans; develop web marketing strategies for virtual community architecture; oversee content creation, alliance development and negotiations; guide and facilitate M&A process including negotiating, structuring and contract development through closings; serve as liaison to corporate counsel; support processes related to knowledge management; create methodologies for facilitating optimum performance and coaching in a flat corporate environment; manage fiscal operations and strategic planning. Designed and developed online curriculum for substantial organizations and corporate entities.

**11/83–12/05**    ***Proprietor,*** **Mark R. Knobel Consulting Services**    Miami Beach, FL
Analyzed and created business and marketing plans; re-engineered business processes and organizational design; analyzed and developed strategic planning and renewal strategies; managed systems design; designed and implemented computer, marketing and sales training programs; supported capability transfer strategies; designed protocols for effective system planning and information management; implemented process-focused management, prioritization and team-building tactics; established benchmarking practices; created IT education curriculum; prepared proposals; wrote grants; assessed customer needs to find targeted cost-effective solutions.

**6/79–10/95**    ***President,*** **National School of Technology & Ward Stone College**    Miami, FL
Managed three campuses of NST and its subsidiary, Ward Stone College; oversaw instructional development, curriculum assessment, creation and implementation of new course curriculums and programs; established corporate policies; evaluated and implemented profit center and diversification opportunities; oversaw fiscal, banking and legal operations; launched effective lobbying efforts to change legislative policies affecting education and funding.

**1/83-7/84**    ***Voluntary Faculty Member, University of Miami, School of Medicine***,
Department of Epidemiology and Public Health    Miami, FL

*Page 2 of 11*

Exhibit C, page 5

# MARK R. KNOBEL

17221 NE 11th Ct                                                    Telephone:  (305) 799-4821
North Miami Beach, FL 33162                              E-mail: mknobel@actualme.com

**1/78–6/79**       ***Graduate Fellow and Adjunct Lecturer,*** <u>Queens College, C.U.N.Y.</u>  Flushing, NY

## EDUCATION

| | |
|---|---|
| Masters Program, University of Miami FL | 1979-1980 |
| Masters Program, City Univ. of New York, Queens College NY | 1978-1979 |
| Bachelor of Arts, City Univ. of New York, Queens College NY | 1975-1978 |
| Associate of Arts, University of South Florida, FL | 1971-1973 |

## COMMUNITY SERVICE

**1996-Present**   *Life Quest Foundation*
                   President & Chair, Board of Directors

**1994-Present**   *Lock Towns Residential Facility, Corp.*
                   President & Chair, Board of Directors

**2004-2011**      Touro College South
                   Member, Board of Trustees

**1980-2003**      *Lock Towns Community Mental Health Center*
                   President, '97-'03; Vice President '86-97; Member of Board     of Directors,
                   '80-'03

**1998-2000**      *Florida Independent Colleges and Universities System, Distance Learning; S*tate
                   Board of Independent Colleges & Universities Advisory Council

**1980-1993**      *Florida Association of Post Secondary Schools and Colleges*
                   President, '92-'93, Vice President, '91-92, Treasurer, '90-91; Secretary, '89-'90;
                   Board Member, '80-89.

**1990-1996**      *Freedom Learning Center*
                   President, Projects and Community Educational Services   (PACES)

**1993-1994**      *American Society of Cardiovascular Professionals*
                   President, Florida State Society

**1987-1990**      *Florida Network of Youth and Family Services*
                   Trustee (Gubernatorial Appointee – Confirmed by the Florida Senate)

## PERSONAL

Mr. Knobel, is a native of Miami, Florida who is married to his wife of 25 years, Raquel. He has two children, Aaron, 19 and Shaina, 14.

# MARK R. KNOBEL

17221 NE 11th Ct
North Miami Beach, FL 33162

Telephone:  (305) 799-4821
E-mail: mknobel@actualme.com

### *SPEAKING ENGAGEMENTS*

International Exposition for Human Resources, Mexico City, Mexico
    *Change, Transformation and the Cognitive Enterprise,*             *2010*

Direct Marketing Association, Annual Conference, Las Vegas, Nevada
    *Practical Application of Neurographix to the Study of Human Behavior,*   *2008*

Direct Marketing Association, Annual Conference, Atlanta, Georgia
    *Matching the Message to the Mind*                 2005

Life Quest Foundation Gala and Fund Raiser, Miami, FL
    *Emerging Trends in Health Care in the Information Age*       *2002*

Lock Towns CMHC Crisis Stabilization Unit's opening ceremony: Opa Locka, FL
    *A Society in Crisis, A Community Responds*           *2000*

Lock Towns CMHC) Groundbreaking Ceremony: Opa Locka, Florida
    *A Vision of Hope; Caring in Turbulent Times*           1999

Dade County Council of Community Mental Health Centers: Miami, Florida
    *Unity – A Corporate Goal, A Communal Mission*          1998

Accrediting Bureau of Health Education Schools Convention, Kansas City, KA *Recognizing Anxiety*
    *as an Retention and Student Dropout Indicator*          1984

American Red Cross - Dade County Chapter: Miami, Florida
    *How to Manage Victims in Times of Disaster*           1984

American Assoc. of Medical Assistants, Leadership Conference
    *PR and Marketing through Community Service*          1983

### *AWARDS AND HONORS*

***Outstanding Member Award***, Florida Association of Post-Secondary Schools & Colleges 1993

***Outstanding Community Service Award,*** Miami-Dade Regional Coordinating Council   1992

***Outstanding Member Award***, Florida Association of Accredited Post- Secondary Schools 1988

***Magna Cum Laude***, First in Class honors, City University of New York, Queens College   1978

***Pi Kappa Lambda***, Special Academic Achievement Award, City University of New York   1978

***Presidential Honors Convocation,*** University of South Florida          1973

# MARK R. KNOBEL

17221 NE 11th Ct
North Miami Beach, FL 33162

Telephone:  (305) 799-4821
E-mail: mknobel@actualme.com

## *ARTICLES  PUBLISHED*

### *Manuscript*

"Actualme" Redefining the Concept of Kindness at the Inter-Personal and Community Level for the Renewal of Humanism and Personal Transformation at the Societal and Global Level. A Work in progress.  1997-Present

### *Career Alert Magazine*

"How Community Involvement Affects Your School and Students"  Spring 1983

"School Management - A Challenge to Private Educators"  Winter 1983

"Training Your Teachers" November 1982

"Retention: How to Deal with and Recognize Student Anxiety" January 1982

### *Creative Service*

"Change Management, Theory and Practice," PACE "Self-Worth Learning System/ Self-Esteem Kit"                                                                                                1996

"Summary & Analysis of GSL Default & Prevention Initiatives," for U.S. Senate's Education Committee                                                                                          1987

"Student Office of Financial Aid Resubsidization," prepared for Sen. Lawton Chiles, United States Senate                                                                                               1986

"The Relationship of Financial Aid to Education and the Underclass," prepared for U.S. Congress, Senate Education Subcommitte                                                      1986

"A Community Service Program in Your School - an Invaluable All-Around Tool"          1983

"The Future of Education in Florida," prepared for Fla. Department of Education, Post Secondary Planning                                                                                              1985

The balance of this page has intentionally been left blank.

# MARK R. KNOBEL

17221 NE 11th Ct
North Miami Beach, FL 33162

Telephone:  (305) 799-4821
E-mail: mknobel@actualme.com

## *SPECIAL ACHIEVEMENTS*

**2003-Present**  In response to the need for a program that would advocate for individuals unable to navigate the maze of social services, was elected Chairman of the **Life Quest Foundation**. This organization, at one point, employed social workers, clinical psychologists, occupational therapist and case workers to assist individuals with chronic impediments to sustainable employment. These impediments included chemical dependency and non-substance related addiction, domestic violence, homelessness, incarceration, mental health conditions and personality disorders. When funding sources were eliminated, continued to support the organizations clients with a family advocacy, life coaching and communications and social skills training.

**1995–Present**  After operating successfully for eight years under the administration and control of Lock Towns Community Mental Health Center, the **Lock Towns Residential Facilities, Corp.** was essentially abandoned by the Public Health Trust when it acquired Lock Towns Community Mental Health Center in 2003. Determined to provide the 20 disabled residents of this special designation HUD property continuity of care, took over the day-to-day management of the property for six months without pay until a new Management Entity could be hired. Over the past seven years has provided administrative support as Chairman of the Board of Directors and liaison between the local, state and federal offices of HUD and the Management Entity and Resident Manager.

**2008**  After a four month search for the most innovative companies in the marketing industry, was notified by the **Direct Marketing Association** (DMA) the Thinking Craft was one of five companies chosen for this honor. Mr. Knobel was asked to participate in full day Master Class to be conducted by the five winning companies. Upon the introduction of Mr. Knobel for his presentation, the DMA representative stated "We saved Mark Knobel of Thinking Craft for the last presentation as none of the leading companies we identified are designing innovative solutions as far into the future as he is."

**1980-2003**  As a long time advocate for individuals denied access to adequate and comprehensive mental health and associated social services, foresaw the potential for the interruption of benefits to tens of thousands of residents in North Dade and implemented a plan of action that saved **Lock Towns Community Mental Health Center** from having to close due to financial constraints due to lack of  State and Federal Funding. After becoming President of the Mental Health Center, which served 90,000 residents of North Dade and South Broward in 14 distinct programs, employed 170 physicians, psychologists, social workers and mental health workers. After becoming President of the Mental Health Center in 1997, post an 11-year stint as Vice President, conducted an extensive three-month strategic planning workshop with the Center's Board of Directors. This process led to the conceiving of a plan to have the Center acquired by the largest and most successful health care facility in Miami-Dade County. In 2000, initiated intensive high-level discussions with the President of Jackson Medical Center which led to numerous presentations to its Financial and Long Term Planning Committees.

*Page 6 of 11*

# MARK R. KNOBEL

17221 NE 11th Ct
North Miami Beach, FL 33162

Telephone:  (305) 799-4821
E-mail: mknobel@actualme.com

Upon the approval of its Board of Directors, and the Miami-Dade Board of Commissioners, a two-year management agreement was executed which culminated in the successful signing of an Acquisition Agreement in June of 2003 that transferred all of the debt and assets of the Lock Towns Community Mental Health Center to Jackson. These moves, which required extensive and intense negotiations with the Miami-Dade County Attorney, Members of Congress, Members of the State Legislature, local County Commissioners and numerous Board Member Committee Chairs and Jackson Medical Center staff, resulted in the creation of Jackson North and not only the continuation yet expansion of mental health and numerous other social services for the residents of North Dade and South Broward Counties.

**1991-1994**   Authored, coordinated and managed the implementation of a series of highly technical short-term cardiac and abdominal ultrasound training programs for **General Electric Medical Systems.** This highly acclaimed 18-month series received an unprecedented 100% customer satisfaction rating.  In addition, after two years of continuous classes, the 83% of the participants surveyed stated in post-training evaluations that the courses were "highly beneficial". After nine months of extensive due diligence, GE selected this training approach due to its innovative educational nature. Its methodology of pre-training assessment and alteration of learning materials to adapt to the learning style of participants resulted in a never before experienced degree of satisfaction among GE customers. The method of content adaptation based on participants learning preferences would become the impetus for the forming of Thinking Craft. These intensive, high-tech courses effectively trained GE accounts nationally and were listed in the GE manual of approved technical training programs.

**1993-1994**   Developed, coordinated and co-authored the *Horizon Education Services Division, Evaluation and Assessment Program for **Horizons Psychological Services.*** This service is marketed to South Florida Private Schools that are lacking adequate resources to screen learning disabled, psychologically challenged and/ or gifted students.

**1992-1993**   As President of the Florida Association of Post Secondary Schools and Colleges (FAPSC), was instrumental in securing the **US Department of Education's** allocation of $250 million in additional financial aid to South Florida students adversely impacted by the devastation of Hurricane Andrew.  These actions and numerous other innovative initiatives resulted in FAPSC winning the "Outstanding State Association" Award. This National Honor was bestowed upon FAPSC for the first time in the Associations' 20 year history.

**1985-1990**   Co-authored, and was prime lobbyist for FAPSC and **Florida Legislature**'s initiative, *Vocational Student Assistance Grant* (VSAG). Created legislation for a State Financial Assistance Program for Florida vocational students with demonstrated need.  This bill was successfully passed into law in 1990.

**1987**   Authored "*Summary and Analysis of Default and Prevention Initiatives*" This report was one of six chosen annually by the **US Senate Subcommittee on Education** as an external agency resource. The report circulated to all members of the Senate Education Subcommittee, and was used by Senators during key Committee hearings of the US Department of Education.

# MARK R. KNOBEL

17221 NE 11th Ct                                             Telephone:  (305) 799-4821
North Miami Beach, FL 33162                              E-mail: mknobel@actualme.com

**1984-1987**     Following a successful career as a composer and pianist in the world of jazz entertainment, which included performing as the opening act for Chick Corea and Return to Forever, one of the world's premiere jazz groups, was Producer of a jazz album called **Gift of Vision**. Composed and co-orchestrated all the music and performed on all tracks of this very successful first musical endeavor which was released in the United States, Europe and Japan. The album was critically acclaimed and was listed in USA Today as one of the country's top five jazz albums. Gift of Vision included an esteemed line up of some of the jazz worlds greatest side-men who had played for ensembles such as the Pat Metheny Group, Weather Report, Chick Corea, Sypro Gyra and singer Luther Vandros. The recording was at one point post its release, the 18th most played album on jazz radio stations in the United States. It debuted at number 10 on the Mac Chart, the industry report of disc jockeys favorite albums, and after only several weeks climbed to number two.

**1983-1984**     Reacting to the need for coordination and dialogue between Dade County's Mental Health Centers, conceptualized and then formed the **Dade County Council of Community Mental Health Centers.** This Council, consisting of Board Member representatives of all seven Dade County treatment centers, lobbied effectively to restore   $1.3 million in matching Medicaid funds, previously cut by Florida Legislature in response to new Federal guidelines.  Served as both President and Vice President of the Council.

**1983**          Developed the Community Needs Assessment for the North Miami Pain Centers' Committee for Accreditation of Rehabilitation Facilities (CARF), application which led to certification by the **Joint Commission on Accreditation of Health Organizations (JCAHO)**.  CARF asked the Center's Medical Director for permission to use this Community Needs Assessment format as the National Model for all similar reports in the future.

**1981-1988**     Responding to the need for consistent, competent, and well-organized emergency medical services developed an emergency response system, which encompassed staffing, protocols and interface mechanisms for the City of Miami Police and Fire Rescue Department.  Held the title Medical Event Supervisor, providing $250,000 worth of volunteer time for the **City of Miami** through placement of medical personnel at all events held at Orange Bowl, Marine and Baseball Stadiums.   In 1988, during half-time ceremonies at a Miami Dolphins game, Mayor Xavier Suarez presented a proclamation in recognition of services provided to over 15,000 persons in need of emergency attention during City of Miami entertainment and sports events.

The balance of this page has intentionally been left blank.

# MARK R. KNOBEL

17221 NE 11th Ct
North Miami Beach, FL 33162

Telephone:  (305) 799-4821
E-mail: mknobel@actualme.com

### APPENDIX

### *COMMUNITY SERVICE BIOGRAPHY*

Mr. Knobel has spent the last 32 years advocating for individuals with mental illnesses, personality disorders, socialization discrepancies and chemical dependencies. From 1980 to 1997 he served as Vice President and from 1997 to 2003 President and Chairman of the Board for Lock Towns Community Mental Health Center.  Lock Towns, with 14 programs throughout the Tri-Country area, was one of the largest Community Mental Health Centers in Miami Dade county providing nearly 100,000 patient visits per year to economically disadvantaged residents of South Florida. As President of Lock Towns, Mr. Knobel successfully engineered, over a seven-year period, the acquisition of the facility by Jackson Memorial Hospital. In addition, he also served as President of the Miami Dade Council of Community Mental Health Centers, he also served as the Medical Event Supervisor for the City of Miami for seven years and was Chairman of the Miami-Dade Disaster Action Team for the American Red Cross. Mr. Knobel is currently Board Chairman of Lock Towns Residential Facilities and the Life Quest Foundation. Both organizations provide services to individuals suffering from a broad range of mental health and personality related disorders who "fall through the cracks" of the system. Client's of Life Quest Foundation are either are not properly diagnosed or are diagnosed yet untreated leading to repeated patterns of unemployment related to domestic violence, chemical dependency, homelessness and incarceration.  Mr. Knobel has developed an innovative method of Neuro-Cognitive Communication Coaching which has contributed to the successful recovery of individuals with neurological and psychological conditions that hampered their success in the workplace, or in family or other social settings.

### *EDUCATIONAL PHILOSOPHY*

The most successful academic outcomes will manifest when a system of education and the teachers within it do more than simply attempt to foster individuality within the context of a classroom setting. An organized and concerted effort to identify and expand a student's inner talents, and apply them to realistic yet challenging expectations for personal, social and academic success is the clearest path to preparing them for acquiring a passion for life-long learning. An educational environment that assigns equal importance to personal satisfaction, integrity and a sterling character as it does academic and professional success is destined to achieve the goals of preparing children to enter the world of adulthood and professionalism.  Educators who embrace facilitation of the full spectrum of personality can inspire students with an attitude of readiness to tackle new challenges and a confidence to apply the capacities of both inborn and learned abilities competencies to their personal and professional aspirations.

Numerous additional experiments also confirmed that academic results were consistently improved when:
- The context for the information being learned was concurrently established and maintained;
- Personalized content was presented based on a cycle of learning from most to least preferred
- Learning elements (suggestions for overcoming learning blocks) in relation to different anxiety categories were added and;
- The gradients in the stages of learning (understanding, relevance and information uptake) were taken into consideration when designing personalized education.

*Page 9 of 11*

# MARK R. KNOBEL

17221 NE 11th Ct
North Miami Beach, FL 33162

Telephone:  (305) 799-4821
E-mail: mknobel@actualme.com

Mr. Knobel also turned his attention to the impact of the natural disconnection between incompatible communication and learning styles between the teacher and the student.  He observed that students consistently responded much more favorably to information that was customized to their thinking style or when it was presented by a teacher in a manner that they preferred. By making the process of intellectual engagement easier when being presented with unfamiliar information, students tended to be less anxious and therefore more receptive to learning in ways they did not prefer. This is important as life-long learning requires that an individual be able to learn effectively from all types of presenters regardless of their style of presentation or the customization of learning materials.

## Neuro-Cognitive Principles for Selfware Self-Coaching Modules

- Promote Growth Mindset Continuity
- Optimize Identification and Recovery Regimes for Post-Traumatic Stress
- Pro-Actively promote Neuro-Plasticity Focused Exercises & Techniques
- Maximize Brain Function, Memory & Cognitive Skills Improvement Protocols
- 

## Neuro-Cognitive Model Coaching and Communication Effectiveness

Brain Performance Matrix for Self-Coaching Skill Development



# MARK R. KNOBEL

17221 NE 11th Ct
North Miami Beach, FL 33162

Telephone:  (305) 799-4821
E-mail: mknobel@actualme.com



Physical, Emotional and Psychological Endurance

Inner Strength Tools

Finding Your Center of Balance

1.  **TARGETED GOALS FOR IMPROVEMENT**

**DESIRED OUTCOME:** Improve brain function through the integration of psychological, emotional and physical dimensions extending the impact of intervention into non-therapeutic institutional or home-based settings.

- **Emotional Wellbeing**
- **Psychological Continuity**
- **Physical Indicators for Improvement**

**GUIDELINES:** Establish and maintain optimal emotional orientation to situational realities, therapeutic activities and realistic programmatic, familial and individual goals.

- **Sample of Neuro-Cognitive Anchors**
  - Next Level
  - Mind Muscle
  - Directed Thought  Activity

**Partial List of Advocacy Anchors for Brain and Neuro-Cognitive Skills Development Protocol**

| NEUROPLASTIC DRIVER | COGNITIVE TECHNIQUE | FUNCTIONAL APPLICATION |
|---|---|---|
| Staging | Next Level | Use your mind as a muscle |
| Assessment | Correlation | The more work you do the more you have |
| Self-Effacy | What I Can Control | Remember your purpose & draw strength |
| Desire | Directed Thinking | Targeted  giving to a purpose or goal |
| Partioning | Destroyed Outlook | Rays of Hope |



# Florida House of Representatives
### Representative Joseph S. Geller
District 100

**DISTRICT OFFICE:**

100 West Dania Boulevard
Dania Beach, FL 33004
Phone: (954) 924-3708

**CAPITOL OFFICE:**

1402 The Capitol
402 South Monroe Street
Tallahassee, FL 32399-1300
Phone: (850) 717-5100

**COMMITTEES:**

**Economic Affairs Committee**

**Education Committee**

**SUBCOMMITTEES:**

**K-12 Subcommittee**

**Business & Professions**

**STAFF:**

Maria Barth
Legislative Assistant

Jeremy Kozyak
Executive Secretary

July 13, 2015

The Honorable Judge Darrin P. Gayles
United States District Court, Miami
Wilkie D. Ferguson Jr.
400 N. Miami Ave.
Miami, FL 33128

      RE:    United States of America v. Eli Riesel
               Docket No.: 113C: 9:14CR80067

Your Honor:

It has come to my attention that Mr. Mark Knobel, who is well known to me for many years, has begun to work with Mr. Eli Riesel. I am writing to you today, your Honor, in that I understand that Mr. Eli Riesel will be at your Court this coming Thursday at a sentencing hearing.

I have had the opportunity to review Mr. Mark Knobel's alternative sentencing proposal, and I think that it would help at risk youth improve their listening and communicating skills. The program of Mr. Knobel is contributing to our society in helping us deal more compassionately and efficiently with a population that is often ignored or underserved. I strongly support the efforts of Mr. Knobel and his organization, The Life Quest Foundation, with this important initiative that Mr. Eli Riesel is a part of.

I am aware of the serious nature of the charges against Mr. Eli Riesel and in no way condone his conduct. However, I also realize the serious nature of the challenges to the individuals whom Mr. Knobel serves, and I have great confidence in Mr. Knobel and his bona fides.

I ask your Honor to give substantial consideration to Mr. Mark Knobel's proposal for Mr. Eli Riesel.

Sincerely,

Joseph S. Geller
State Representative, District 100

Joseph.geller@myfloridahouse.gov  ~  www.myfloridahouse.gov



# The MIAMI BEACH COMMUNITY KOLLEL



**Rabbi Yaacov Gross**
*Rosh HaKollel*

**Rabbi Berish Braun**
*Rosh Kollel*

**Rabbi Yekusiel Stern**
*Director of Development*

*Kollel Avreichim*
**Rabbi Ruvein Brown**
**Rabbi Ezra Falack**
**Rabbi Menachem Gibber**
**Rabbi Menachem Horowitz**
**Rabbi Tzvi Jacob**
**Rabbi Shlomo Kravitz**
**Rabbi Kalman Lebovics**
**Rabbi Zalman Miller**
**Rabbi Eli Riesel**
**Rabbi Meir Shnidman**
**Rabbi Tzvi Silver**
**Rabbi Shmuel Stein**

**Community Programs**
• *Kestenbaum Bais Medrash*
• *Bais Medrash -Bais Boruch*
• *Irwin Saks ElectronicLibrary*
• *Chosson Classes*
• *Daf Hayomi*
• *Dirshu Programs*
• *Extensive Seforim Library*
• *Gemara Shiurim*
• *Fathers & Sons Program*
• *Highschool Boys' Programs*
• *Kollel Boker - Zichron Boruch*
• *Legal Holiday Seminars*
• *Nightly Chavrusos*
• *North Beach Lunch Class*
• *Rabbinic Resources*
• *Satellite Programs & Resources*
• *School Vacation Programs*
• *Shavuos-night Shiurim*
• *Student Outreach*
• *Visiting Torah Personalities*
• *Women's Classes*
• *Women's Seudas Shlishis*
• *Yom Hisoririus*

July 9, 2015

## Proposed community service for Eli Riesel

Eli Riesel is currently very active in the Miami Beach community through his work in the MBC Kollel and other synagogues. He has the respect and trust of numerous rabbis, educators and community leaders. Eli's talents for working with people is well known and appreciated. We propose that Eli Riesel, under the direct guidance of Dean Rabbi Nahum Yaacov Gross, perform voluntary community service of a minimum of 40 hours each and every week. His community service will take place in the Kollel or at a location requested and agreed upon by all relevant parties.

### Duties and Responsibilities

1) After school programs: To supervise, expand and coordinate enrichment programs including Saturday night fathers and sons learning in the Kollel and coordinate events with other institutions. Sunday afternoon programs and other after school enrichment programs for elementary and middle school students.

2) Continue his work with local orphans and boys living without fathers with homework help, Bar Mitzvah preparation and mentoring.

3) Be a big brother / father figure to troubled youth who are out of school or struggling in school. Referred and supervised by local educators or therapists.

4) Be available to assist the local rabbis and the rabbinical court for family matters to give the required counseling, study and guidance for couples before marriage and, as directed by a qualified rabbi or professional counselor, to assist with marital problems, child raising issues and for required counseling before any divorce proceeding.

Cases to be referred by:

Rabbi Kalman Baumann - Toras Emes Elementary School
Dr. Hyman Eisenstein -Neuropsychological Associates
Rabbi Yisroel Ephrati - Congregation Bais Yeshaya,
Rabbi Ezra Falack -youth coordinator Miami Beach Community Kollel
Rabbi Chaim Friedman - Congregation Ohr Chaim,
Rabbi Nisson Friedman - Mechina High School of South Florida
Dr. Norman Goldwasser - Horizons Psychological Services
Rabbi Nahum Yaacov Gross - Miami Beach Community Kollel
Rabbi Yisroel Janowski - Yeshiva Elementary School, Miami Beach & Cong. Zichron Naftali
Rabbi Eliyahu Kutoff - Tiferes Bacurim and Knesses Yisroel,
Rabbi Yisroel Niman - Toras Chaim High School,
Rabbi Zvi Neuhaus - Congregation Ahavas Torah
Rabbi Mordechai Palgon - Rohr Middle School, North Miami Beach
Rabbi Mendel Senderovic - Beis Din of South Florida for family affairs
Rabbi Zvi Smith - Kollel Zichron Baruch

All volunteer work and hours must be recorded and filed with Rabbi Braun who will monitor that all requirements are being fulfilled.

3767  Chase  Avenue  •  Miami  Beach,  Florida  33140  •  305-532-8991  •  www.MiamiKollel.com  •  MiamiKollel@gmail.com



July 10th, 2015

Honorable District Judge Darrin P. Gayles
United States District Judge
400 North Miami Avenue, 11th floor
Miami, FL 33128
          Re: United States v. Eli Riesel

Case No. 14-80067-Civ-Gayles (S.D. Fla.)

Dear Judge Gayles,

I am writing on behalf of URGENT, Inc. to offer Eli Riesel a community service position in our organization. I have been a member of our Board of Directors for over 10 years as well as former treasurer, so I am intimately educated about the financial needs of our organization. URGENT, Inc relies on grants and fundraising in order to provide programs and services to the communities we serve. An opportunity to work with a person such as Eli Riesel, who embodies our principles, on a voluntary basis, will tremendously help URGENT to fulfill the breadth and scope of the mission of the organization.

URGENT, Inc. is a 501 (c) (3) Miami,  FL based youth and community development organization dedicated to empowering young minds to transform their communities.  Guided by the principles of innovation, growth and transformation URGENT sees young people as the drivers of change and works to provide empowering opportunities to create the next generation of social change agents.

Our mission is to empower young minds to help transform their communities. Our vision is that all people have the social, economic and educational resources to thrive. Our core values are compassion, innovation, patience, learning, reciprocity, responsibility, teamwork.

Eli Riesel exemplifies the qualities and characteristics of the mentors desired by URGENT. He has a proven record of success to be able to empower young minds to be change agents in transforming their communities. His ability to reach out to youth who feel hopeless and uninspired, with no direction in their lives and to inspire them to re-engage is extraordinary. Eli has a gift for connecting with youth in ways that draw them into a learning and supportive environment. He has been successful in mentoring youth to evolve into compassionate,



responsible individuals who develop a passion for learning. He has a gift of instilling a desire in them to become successful in their own lives and to become leaders in their own communities. He does this by empowering them to transform and to serve the greater purpose of becoming the next generation of social change agents.

I have personally witnessed Eli's trajectory of growth and the powerful positive impact he has on countless youth, adults and elders. As a dedicated member of the Board of Directors of URGENT, Inc. whose obligation it is to fulfill our mission as well as a fiduciary responsibility, I believe that Eli Riesel is a young man who has the skills and talents to reach out to our youth effectively, to inspire, empower and re-direct them as he has previously done so successfully. There is nothing more powerful than lessons learned from one's own life and Eli is able to serve others by example.

It would be an invaluable benefit to the work of URGENT, Inc. to be able to structure a community service plan that the court approves so that he can serve our community needs. I, along with the President of URGENT, Inc. will personally mentor and supervise his work here at URGENT.

On a personal note, as a member of the Miami Beach Community Kollel and as a member of their Board of Directors, I know how much positive influence Eli Riesel has on that community. I am particularly impressed by the work I have seen him do so effectively, with the youth in South Miami Beach. Many of these young people who are hanging out and wandering aimlessly have been re-directed as a result of Eli's efforts. They have turned into productive young people who are on a positive path in life. It would be an honor to provide the youth served by URGENT, Inc. with the services of Eli Riesel whom I believe will be a difference-maker for them.

Respectfully,

**Marcos Lapciuc**
Board of Director, URGENT, Inc.



Community Service Position at URGENT, Inc. for Mr. Eli Riesel

Primary Function/Purpose: work with at risk youth to help guide them to reach their full potential through skill development and leadership classes and programs, including self-esteem building, self-expression and communication skills, building empathy, educational activities.

Duties and Responsibilities:

1. Mentor at risk youth in groups and individually.
2. Encourage youth involvement at URGENT so as to fill idle/hanging out time with meaningful activity and connectedness to the URGENT community.
3. Engage young adolescents and adolescents in after school activities that help to build life skills.
4. Facilitate classes and programs that encourage and build leadership skills and inspire youth to become change agents for their communities.
5. Facilitate creative music and composition classes to stimulate communication and self-expression.
6. Deliver workshops to teens and young adults on ethics and morality.
7. Guest speak in parenting workshops about strengthening relationships with children and teens.

Hours: 40 hours a week

Position scope: Responsible for facilitating classes, mentoring youth in groups and individually and assisting staff as needed.

Supervision: Report directly to the President of URGENT, Inc. and or her designee and Marcos Lapciuc, Board of Directors. URGENT, inc.
President to submit regular performance reports.

# U.S. District Court
## Southern District of Alabama (Mobile)
## CRIMINAL DOCKET FOR CASE #: 1:05-cr-00154-WS-C All Defendants

Case title: USA v. Lambeth et al                    Date Filed: 04/28/2005

---

Assigned to: Chief Judge William H.
Steele
Referred to: Magistrate Judge Kristi K.
DuBose (MJ)

### Defendant (1)

**Shannon Lee Lambeth**                represented by   **Barre C. Dumas**
*TERMINATED: 03/15/2007*                               Dumas & McPhail, LLC
                                                       P. O. Box 870
                                                       Mobile, AL 36601
                                                       251-438-2333
                                                       Email: barre.dumas@dumasmcphail.net
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: CJA Appointment*

### Pending Counts                                     ### Disposition

                                                       Defendant is hereby committed to the
                                                       BOP for a term of 146 MONTHS. It is
                                                       recommended to the BOP that defendant
                                                       be allowed to participate in residential,
                                                       comprehensive substance abuse
CONSPIRACY TO MANUFACTURE                              treatment while incarcerated. SRT FIVE
CONTROLLED SUBSTANCE -                                 (5) YEARS. Defendant is to make
METHAMPHETAMINE                                        restitution payable to DEA in the amount
(1)                                                    of $1,196.00. Restitution is to be paid
                                                       jointly and severally with co-defendants,
                                                       Candice Lambeth, Timothy Jackson,
                                                       Jerry Jason Barlow and Anthony Mosley.
                                                       No interest is to accrue on the restitution.

### Highest Offense Level (Opening)

Felony

### Terminated Counts                                  ### Disposition

CONSPIRACY TO POSSESS
CONTROLLED SUBSTANCE -                                 Dismissed on Government's Motion.

Exhibit G, page 1

METHAMPHETAMINE
(2)

CONTROLLED SUBSTANCE -
MANUFACTURE
METHAMPHETAMINE
(4)

Dismissed on Government's Motion.

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE, OR DISPENSE - LIST I
CHEMICAL: PSEUDOEPHEDRINE
(5)

Dismissed on Government's Motion.

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE OR DISPENSE - LIST I
CHEMICAL: PSEUDOEPHEDRINE
(6)

Dismissed on Government's Motion.

CONTROLLED SUBSTANCE -
MANUFACTURE OF
METHAMPHETAMINE
(8)

Dismissed on Government's Motion.

CONTROLLED SUBSTANCE -
POSSESSION OF LIST I CHEMICAL:
PSEUDOEPHEDRINE
(9)

Dismissed on Government's Motion.

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                    **Disposition**

None

---

Assigned to: Chief Judge William H.
Steele
Referred to: Magistrate Judge Kristi K.
DuBose (MJ)

**Defendant (2)**

**Candice Elizabeth Lambeth**               represented by   **Andrew M. Jones**
*TERMINATED: 02/28/2007*                                    Seale, Marsal & Seale
                                                            P.O. Box 1746
                                                            Mobile, AL 36633
                                                            (251) 432-6685
                                                            Email: jones_lawyer@netzero.net
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: CJA Appointment*

                                                            **J. Elizabeth Wilson**

Exhibit G, page 2

P. O. Box 1068
Mobile, AL 36633
251-433-7007
Email: jelizwilson@msn.com
*TERMINATED: 04/07/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| CONSPIRACY TO MANUFACTURE CONTROLLED SUBSTANCE - METHAMPHETAMINE (1) | Defendant is hereby committed to the BOP for a term of 36 MONTHS. It is recommended that defendant be allowed to participate in residential, comprehensive substance abuse treatment while incarcerated. SRT FIVE (5) YEARS. Defendant is to make restitution payable to the DEA in the amount of $1,196.00. Restitution is to be paid jointly and severally with co-defendants, Shannon Lambeth, Timothy Jackson, Jerry Jason Barlow and Anthony Mosley. No interest is to accrue on this debt. Defendant is to participate in a program of testing and treatment for drug and/or alcohol tretment as directed by the Probation Office. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| CONSPIRACY TO POSSESS CONTROLLED SUBSTANCE - METHAMPHETAMINE (2) | Dismissed on Government's Motion. |
| CONTROLLED SUBSTANCE - MANUFACTURE METHAMPHETAMINE (4) | Dismissed on Government's Motion. |
| CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE - LIST I CHEMICAL: PSEUDOEPHEDRINE (5) | Dismissed on Government's Motion. |
| CONTROLLED SUBSTANCE - SELL, DISTRIBUTE OR DISPENSE - LIST I | Dismissed on Government's Motion. |

Exhibit G, page 3

CHEMICAL: PSEUDOEPHEDRINE
(6)

CONTROLLED SUBSTANCE -
MANUFACTURE OF
METHAMPHETAMINE                            Dismissed on Government's Motion.
(8)

CONTROLLED SUBSTANCE -
POSSESSION OF LIST I CHEMICAL:
PSEUDOEPHEDRINE                            Dismissed on Government's Motion.
(9)

## Highest Offense Level (Terminated)

Felony

## Complaints                              ## Disposition

None

---

Assigned to: Chief Judge William H.
Steele
Referred to: Magistrate Judge Kristi K.
DuBose (MJ)

Appeals court case number: 12-14945-F
11th Circuit, USCA

## Defendant (3)

**Timothy Scott Jackson**            represented by   **Christopher Knight**
*also known as*                                       Federal Public Defender's Office
Timmy                                                 Southern District of Alabama
*TERMINATED: 09/17/2012*                              11 North Water Street
                                                      Suite 11290
                                                      Mobile, AL 36602
                                                      251-433-0910
                                                      Fax: 2514330686
                                                      Email: chris_knight@fd.org
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Public Defender or*
                                                      *Community Defender Appointment*

                                                      **Latisha V. Colvin**
                                                      Federal Public Defender's Office
                                                      Southern District of Alabama
                                                      11 North Water Street
                                                      Suite 11290
                                                      Mobile, AL 36602
                                                      433-0910

Exhibit G, page 4

Email: latisha_colvin@fd.org
*TERMINATED: 08/13/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Paul D. Brown**
P. O. Drawer 40456
Mobile, AL 36640-0456
251-438-4691
Fax: 251438-4693
Email: pdb@law-linc.com
*TERMINATED: 08/13/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Kristen Gartman Rogers**
Federal Public Defender's Office
Southern District of Alabama
11 North Water Street
Suite 11290
Mobile, AL 36602
(334) 433-0910
Fax: 2514330686
Email: kristen_rogers@fd.org
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
| --- | --- |
| | Defendant is hereby committed to the BOP for a term of 48 MONTHS. It is recommended that defendant participate in residential, comprehensive substance abuse treatment while incarcerated. SRT 5 YEARS. Special Conditions: defendant is to participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the Probation Office. Restitution in the amount of $1,196.00 payable to the DEA is due and is to be paid jointly and severally with co-defendants. SA $100.00. Defendant is allowed to self-surrender. |
| CONSPIRACY TO MANUFACTURE CONTROLLED SUBSTANCE - METHAMPHETAMINE (1) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| CONSPIRACY TO POSSESS CONTROLLED SUBSTANCE - METHAMPHETAMINE (2) | Dismissed on Government's Motion. |
| ATTEMPT TO MANUFACTURE CONTROLLED SUBSTANCE (3) | Dismissed on Government's Motion. |
| CONTROLLED SUBSTANCE - MANUFACTURE METHAMPHETAMINE (4) | Dismissed on Government's Motion. |
| CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE - LIST I CHEMICAL: PSEUDOEPHEDRINE (5) | Dismissed on Government's Motion. |

## Highest Offense Level (Terminated)

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Chief Judge William H. Steele
Referred to: Magistrate Judge Kristi K. DuBose (MJ)

## Defendant (4)

| | | |
|---|---|---|
| **Anthony Dan Mosley** *TERMINATED: 11/20/2014* | represented by | **Fred Tiemann** Federal Public Defender's Office Southern District of Alabama 11 North Water Street Suite 11290 Mobile, AL 36602 (251) 433-0910 Fax: 2514330686 Email: fred_tiemann@fd.org *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: Public Defender or Community Defender Appointment* |
| | | **Lila Virginia Cleveland** 1105 Dauphin St. Mobile, AL 36604 |

Exhibit G, page 6

(251) 438-4955
Fax: 2514384952
Email: lilavcleveland@gmail.com
*(Inactive)*
*TERMINATED: 10/27/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

CONSPIRACY TO MANUFACTURE
CONTROLLED SUBSTANCE -
METHAMPHETAMINE
(1)

**Disposition**

Defendant is hereby committed to the
BOP for a term of 60 MONTHS. It is
recommended to the BOP that defendant
be allowed to participate in residential,
comprehensive substance abuse
treatment while incarcerated and that he
be incarcerated as close to his family as
possible. SRT FIVE (5) YEARS. Special
Conditions: defendant is to participate in
a program of testing and treatment for
drug and/or alcohol abuse as directed by
the Probation Office. Defendant is to
make restitution in the amount of
$1,196.00 payable to the Drug
Enforcement Agency. Restitution is to be
paid jointly and severally with co-
defendants. Defendant is to make
minimum monthly payments in the
amount of $50.00. SA $100.00 Counts
Two and Six are hereby dismissed on the
Government's Motion.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

CONSPIRACY TO POSSESS
CONTROLLED SUBSTANCE -
METHAMPHETAMINE
(2)

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE OR DISPENSE - LIST I
CHEMICAL: PSEUDOEPHEDRINE
(6)

**Disposition**

Dismissed on Government's Motion.

Dismissed on Government's Motion.

**Highest Offense Level (Terminated)**

Felony

Exhibit G, page 7

## Complaints

None

                    **Disposition**

Assigned to: Chief Judge William H.
Steele
Referred to: Magistrate Judge William E.
Cassady

## Defendant (5)

**Jerry Jason Barlow**                    represented by   **Larry C. Moorer**
*TERMINATED: 04/16/2007*                                  107 North Jackson Street
                                                          Mobile, AL 36602
                                                          251-432-0002
                                                          Email: lcmoorer@att.net
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: CJA Appointment*

## Pending Counts                                          **Disposition**

                                                          Defendant is hereby committed to the
                                                          BOP for a term of 35 MONTHS. It is
                                                          recommended to the BOP that defendant
                                                          be allowed to participate in residential,
                                                          comprehensive substance abuse
                                                          treatment while incarcerated. SRT FIVE
CONSPIRACY TO MANUFACTURE                                 (5) YEARS. Defendant is to make
CONTROLLED SUBSTANCE -                                    restitution in the amount of $1,196.00
METHAMPHETAMINE                                           payable to DEA. Restitution is to be paid
(1)                                                       jointly and severally with co-defendants,
                                                          Shannon Lambeth, Candice Lambeth,
                                                          Anthony Mosley and Timothy Jackson.
                                                          Defendant is to participate in a program
                                                          of testing and treatment for drug and /or
                                                          alcohol abuse as directed by the
                                                          Probation Office. SA $100.00

## Highest Offense Level (Opening)

Felony

## Terminated Counts                                       **Disposition**

CONSPIRACY TO POSSESS
CONTROLLED SUBSTANCE -
METHAMPHETAMINE                                            Dismissed on Government's Motion.
(2)

CONTROLLED SUBSTANCE - SELL,

Exhibit G, page 8

DISTRIBUTE OR DISPENSE - LIST I
CHEMICAL: PSEUDOEPHEDRINE
(6)

Dismissed on Government's Motion.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

---

Assigned to: Judge Callie V. S. Granade
Referred to: Magistrate Judge Kristi K.
DuBose (MJ)

Appeals court case numbers: '06-10088-
FF', '06-10088-FF' '11th Cir. USCA'

**Defendant (6)**

**John Windell Clay**
*TERMINATED: 12/28/2005*

represented by **Neil L. Hanley**
158 Congress Street
Mobile, AL 36602
(251) 432-5579
Fax: 2514325507
Email: nhlawoffice@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE OR DISPENSE - LIST I
CHEMICAL: PSEUDOEPHEDRINE
(7)

**Disposition**

Imprisonment 60 months,
w/recommendation that defendant be
imprisoned at an institution where a
residential, comprehensive, substance
abuse treatment program is available;
SRT 3 years w/special condition imposed
that the defendant shall participate in a
program of testing and treatment for drug
and/or alcohol abuse as directed by the
Probation Office; SA $100.00.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

CONSPIRACY TO MANUFACTURE

**Disposition**

Exhibit G, page 9

| | |
|---|---|
| CONTROLLED SUBSTANCE - METHAMPHETAMINE (1) | Dismissed 8/9/05 after acquittal by jury. |
| CONSPIRACY TO POSSESS CONTROLLED SUBSTANCE - METHAMPHETAMINE (2) | Dismissed on 8/9/05 after acquittal by jury. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Gloria A. Bedwell** |
| | | U.S. Attorney's Office |
| | | 63 S. Royal St., Rm. 600 |
| | | Mobile, AL 36602 |
| | | (251) 441-5845 |
| | | Fax: 2514415277 |
| | | Email: gloria.bedwell@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Steven E. Butler** |
| | | U.S. Attorney's Office |
| | | 63 S. Royal St., Rm. 600 |
| | | Mobile, AL 36602 |
| | | (251) 441-5845 |
| | | Email: steven.butler@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Tom Gannon** |
| | | Department of Justice Division |
| | | Appellate Section |
| | | 950 Pennsylvania Avenue, N.W. |
| | | Room 1264 |
| | | Main Justice |
| | | Washington, DC 20530 |
| | | (202) 514-3521 |
| | | *TERMINATED: 08/06/2012* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

Exhibit G, page 10

**D. Andrew Sigler**
U.S. Attorney's Office
63 S. Royal St., Suite 600
Mobile, AL 36602
251-441-5845
Email: andrew.sigler@usdoj.gov
*TERMINATED: 08/06/2012*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/03/2005 | 3 | Petition for Writ of Habeas Corpus ad prosequendum by USA as to Anthony Dan Mosley. (Bedwell, Gloria) (Entered: 05/03/2005) |
| 05/03/2005 | 2 | Petition for Writ of Habeas Corpus ad prosequendum by USA as to Timothy Scott Jackson. (Bedwell, Gloria) (Entered: 05/03/2005) |
| 05/03/2005 | 1 | INDICTMENT as to Shannon Lee Lambeth as to counts 1, 2, 4, 5, 6, 8, 9; Candice Elizabeth Lambeth as to counts 1, 2, 4, 5, 6, 8, 9; Timothy Scott Jackson as to counts 1, 2, 3, 4, 5; Anthony Dan Mosley as to counts 1, 2, 6; Jerry Jason Barlow as to counts 1, 2, 6, and John Windell Clay as to counts 1, 2, 7.CONSPIRACY TO MANUFACTURE METHAMPHETAMINE; CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE METHAMPHETAMINE; ATTEMPT TO MANUFACTURE METHAMPHETAMINE; MANUFACTURE OF METHAMPHETAMINE; POSSESSION OF A LIST I CHEMICAL WITH INTENT TO MANUFACTURE A CONTROLLED SUBSTANCE [PSEUDOEPHEDRINE]; POSSESSION OF A LIST I CHEMICAL WITH REASONABLE CAUSE TO BELIEVE IT WOULD BE USED TO MANUFACTURE A CONTROLLED SUBSTANCE [PSEUDOEPHEDRINE] (Attachments: # 1 Penalty Pages) (mpp) (Entered: 05/03/2005) |
| 05/03/2005 | | REFERRAL OF 2 Petition for Writ of Habeas Corpus ad prosequendum as to Timothy Scott Jackson to Judge Lee (mpp) (Entered: 05/03/2005) |
| 05/03/2005 | | REFERRAL OF 3 Petition for Writ of Habeas Corpus ad prosequendum as to Anthony Dan Mosley to Judge Lee (mpp) (Entered: 05/03/2005) |
| 05/06/2005 | 16 | ORDER granting 2 Motion for Writ of Habeas Corpus ad prosequendum. as to Timothy Scott Jackson (3) Arraignment set for 5/12/2005 02:00 PM in Courtroom 1A before Magistrate Judge Kristi D. Lee.. Signed by Judge Kristi D. Lee on 5/4/05. (cwr, ) (Entered: 05/06/2005) |
| 05/06/2005 | 17 | ORDER granting 3 Motion for Writ of Habeas Corpus ad prosequendum. as to Anthony Dan Mosley (4) Arraignment set for 6/1/2005 02:00 PM in Courtroom 3A before Magistrate Judge William E. Cassady.. Signed by Judge Kristi D. Lee on 5/4/05. (cwr, ) (Entered: 05/06/2005) |
| 05/12/2005 | 18 | MOTION to Detain by USA as to Timothy Scott Jackson. (Bedwell, Gloria) (Entered: 05/12/2005) |
| 05/12/2005 | | Arrest of Timothy Scott Jackson (mca, ) (Entered: 05/13/2005) |
| 05/12/2005 | | Minute Entry for proceedings held before Judge Kristi D. Lee :Initial Appearance |

| | | |
|---|---|---|
| | | as to Timothy Scott Jackson held on 5/12/2005 (Tape #FTR.) (mca, ) (Entered: 05/13/2005) |
| 05/12/2005 | | Minute Entry for proceedings held before Judge Kristi D. Lee :Arraignment as to Timothy Scott Jackson held on 5/12/2005 (Tape #FTR.) (mca, ) (Entered: 05/13/2005) |
| 05/12/2005 | 19 | Order Appointing Counsel as to Timothy Scott Jackson: Appointment of Attorney Paul D. Brown . Signed by Judge Kristi D. Lee on 5/12/05. (mca, ) (Entered: 05/16/2005) |
| 05/12/2005 | 20 | Order on Arraignment as to Timothy Scott Jackson. Jury Selection set for 6/27/2005 08:45AM. Pretrial Motions due by 5/27/2005. Probation Conference set for 5/26/2005 02:30 PM. Pretrial Conference set for 6/9/2005 11:00 AM in Chambers before Magistrate Judge Kristi D. Lee. Signed by Judge Kristi D. Lee on 5/12/05. (mca, ) (Entered: 05/16/2005) |
| 05/12/2005 | 21 | ORDER OF TEMPORARY DETENTION as to Timothy Scott Jackson. Detention Hearing set for 5/17/2005 10:00 AM in Courtroom 1A before Magistrate Judge Kristi D. Lee. Signed by Judge Kristi D. Lee on 5/12/05. (mca, ) (Entered: 05/16/2005) |
| 05/12/2005 | 22 | CJA 23 Financial Affidavit by Timothy Scott Jackson (mca, ) (Entered: 05/16/2005) |
| 05/17/2005 | | Minute Entry for proceedings held before Judge Kristi D. Lee :Detention Hearing as to Timothy Scott Jackson held on 5/17/2005. COR entered, but stayed pending appeal (Tape #FTR.) (mca, ) (Entered: 05/17/2005) |
| 05/17/2005 | 23 | ORDER Setting Conditions of Release as to deft, Timothy Scott Jackson. COR STAYED pending ruling by the Court. The USM is ORDERED to keep the deft in custody until notified by the Clerk . Signed by Judge Kristi D. Lee on 5/17/05. (mca, ) (Entered: 05/17/2005) |
| 05/17/2005 | 24 | INTERLOCUTORY NOTICE OF APPEAL of Conditions of Release *and Motion to Stay* by USA as to Timothy Scott Jackson as to 23 Order Setting Conditions of Release (Bedwell, Gloria). (Entered: 05/17/2005) |
| 05/17/2005 | 25 | CJA 20 as to Timothy Scott Jackson: Appointment of Attorney Paul D. Brown . Signed by Judge Kristi D. Lee on 5/12/05. (Attachments:, # 1 worksheet) (mca, ) (Entered: 05/18/2005) |
| 05/18/2005 | | REFERRAL OF 24 Notice of Appeal - Conditions of Release as to Timothy Scott Jackson to Judge Steele (mbp, ) (Entered: 05/18/2005) |
| 05/18/2005 | 26 | ORDER as to Timothy Scott Jackson re 24 Notice of Appeal - Conditions of Release filed by USA. Upon consideration of the evidence presented in light of the Magistrate Judge's order, the Court finds that the order is due to be and hereby is AFFIRMED. Defendant shall be released pursuant to the conditions set forth by Magistrate Judge Lee in her order dated 5/17/05 . Signed by Judge William H. Steele on 5/18/05. Copies to parties 5/18/05 (mbp, ) (Entered: 05/18/2005) |
| 05/18/2005 | | Arrest of Shannon Lee Lambeth (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | | Arrest of Candice Elizabeth Lambeth (mca, ) (Entered: 05/19/2005) |

Exhibit G, page 12

| 05/18/2005 | | Arrest of John Windell Clay (mca, ) (Entered: 05/19/2005) |
|---|---|---|
| 05/18/2005 | | Minute Entry for proceedings held before Judge Kristi D. Lee :Initial Appearance as to Shannon Lee Lambeth held on 5/18/2005 (Tape #FTR.) (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | | Minute Entry for proceedings held before Judge Kristi D. Lee :Arraignment as to Shannon Lee Lambeth held on 5/18/2005 (Tape #FTR.) (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | | Minute Entry for proceedings held before Judge Kristi D. Lee :Initial Appearance as to Candice Elizabeth Lambeth held on 5/18/2005 (Tape #FTR.) (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | | Minute Entry for proceedings held before Judge Kristi D. Lee :Arraignment as to Candice Elizabeth Lambeth held on 5/18/2005 (Tape #FTR.) (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | | Minute Entry for proceedings held before Judge Kristi D. Lee :Initial Appearance as to John Windell Clay held on 5/18/2005 (Tape #FTR.) (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | | Minute Entry for proceedings held before Judge Kristi D. Lee :Arraignment as to John Windell Clay held on 5/18/2005 (Tape #FTR.) (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | 27 | CJA 23 Financial Affidavit by Shannon Lee Lambeth (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | 28 | Order Appointing Counsel as to Shannon Lee Lambeth: Appointment of Attorney Barre C. Dumas . Signed by Judge Kristi D. Lee on 5/18/05. (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | 29 | Order on Arraignment as to Shannon Lee Lambeth. Jury Selection set for 6/27/2005 08:45AM. Pretrial Motions due by 5/31/2005. Probation Conference set for 5/26/2005 03:30 PM. Pretrial Conference set for 6/9/2005 11:00 AM in Chambers before Magistrate Judge Kristi D. Lee. Signed by Judge Kristi D. Lee on 5/18/05. (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | 30 | MOTION for pretrial detention by USA as to Shannon Lee Lambeth. Referred to Judge Lee(mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | 31 | ORDER OF TEMPORARY DETENTION as to Shannon Lee Lambeth. Detention Hearing set for 5/20/2005 04:00 PM in Courtroom 1A before Magistrate Judge Kristi D. Lee. Signed by Judge Kristi D. Lee on 5/18/05. (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | 32 | CJA 23 Financial Affidavit by Candice Elizabeth Lambeth (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | 33 | Order Appointing Counsel as to Candice Elizabeth Lambeth: Appointment of Attorney J. Elizabeth Wilson . Signed by Judge Kristi D. Lee on 5/18/05. (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | 34 | Order on Arraignment as to Candice Elizabeth Lambeth. Jury Selection set for 6/27/2005 08:45AM. Pretrial Motions due by 5/31/2005. Probation Conference set |

| | | for 5/26/2005 04:00 PM. Pretrial Conference set for 6/9/2005 11:00 AM in Chambers before Magistrate Judge Kristi D. Lee. Signed by Judge Kristi D. Lee on 5/18/05. (mca, ) (Entered: 05/19/2005) |
|---|---|---|
| 05/18/2005 | 35 | MOTION for pretrial detention by USA as to Candice Elizabeth Lambeth. Referred to Judge Lee(mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | 36 | ORDER OF TEMPORARY DETENTION as to Candice Elizabeth Lambeth. Detention Hearing set for 5/20/2005 04:00 PM in Courtroom 1A before Magistrate Judge Kristi D. Lee. Signed by Judge Kristi D. Lee on 5/18/05. (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | 37 | CJA 23 Financial Affidavit by John Windell Clay (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | 38 | Order Appointing Counsel as to John Windell Clay: Appointment of Attorney Neil L. Hanley . Signed by Judge Kristi D. Lee on 5/18/05. (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | 39 | Order on Arraignment as to John Windell Clay. Jury Selection set for 6/27/2005 08:45AM. Pretrial Motions due by 5/31/2005. Probation Conference set for 5/26/2005 03:00 PM. Pretrial Conference set for 6/9/2005 11:00 AM in Chambers before Magistrate Judge Kristi D. Lee. Signed by Judge Kristi D. Lee on 5/18/05. (mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | 40 | MOTION for pretrial detention by USA as to John Windell Clay. Referred to Judge Lee(mca, ) (Entered: 05/19/2005) |
| 05/18/2005 | 41 | ORDER OF TEMPORARY DETENTION as to John Windell Clay. Detention Hearing set for 5/20/2005 04:00 PM in Courtroom 1A before Magistrate Judge Kristi D. Lee. Signed by Judge Kristi D. Lee on 5/18/05. (mca, ) (Entered: 05/19/2005) |
| 05/20/2005 | | Set/Reset Hearings as to Anthony Dan Mosley: Arraignment set for 5/24/2005 02:00 PM in Courtroom 1A before Magistrate Judge Kristi D. Lee. (mca, ) (Entered: 05/20/2005) |
| 05/20/2005 | 42 | ORDER to produce Anthony Dan Mosley to appear on May 24, 2005 at 2:00 for initial appearance and arraignment . Signed by Judge Kristi D. Lee on 5/20/05. (mca, ) (Entered: 05/20/2005) |
| 05/20/2005 | | Minute Entry for proceedings held before Judge Kristi D. Lee :Detention Hearing as to John Windell Clay held on 5/20/2005 (Tape #FTR.) (mca, ) (Entered: 05/22/2005) |
| 05/20/2005 | 43 | ORDER entered setting conditions of release as to John Windell Clay . Signed by Judge Kristi D. Lee on 5/20/05. (mca, ) (Entered: 05/22/2005) |
| 05/20/2005 | | Minute Entry for proceedings held before Judge Kristi D. Lee :Detention Hearing as to Shannon Lee Lambeth held on 5/20/2005 (Tape #FTR.) (mca, ) (Entered: 05/22/2005) |
| 05/20/2005 | | Minute Entry for proceedings held before Judge Kristi D. Lee :Detention Hearing as to Candice Elizabeth Lambeth held on 5/20/2005 (Tape #FTR.) (mca, ) (Entered: 05/22/2005) |
| 05/20/2005 | 44 | ORDER of Detention Pending trial as to Shannon Lee Lambeth . Signed by Judge |

| | | Kristi D. Lee on 5/20/05. (mca, ) (Entered: 05/22/2005) |
|---|---|---|
| 05/20/2005 | 45 | ORDER of Detention Pending Trial as to Candice Elizabeth Lambeth . Signed by Judge Kristi D. Lee on 5/20/05. (mca, ) (Entered: 05/22/2005) |
| 05/24/2005 | 46 | MOTION to Detain by USA as to Anthony Dan Mosley. (Bedwell, Gloria) (Entered: 05/24/2005) |
| 05/24/2005 | | REFERRAL OF 46 MOTION to Detain as to Anthony Dan Mosley to Judge Lee (mbp, ) (Entered: 05/24/2005) |
| 05/24/2005 | 47 | Arrest Warrant Returned Executed on 5/12/05. in case as to Timothy Scott Jackson. (cwr, ) (Entered: 05/24/2005) |
| 05/24/2005 | | Judge update in case as to Anthony Dan Mosley. Judge Kristi D. Lee added. (mca, ) (Entered: 05/25/2005) |
| 05/24/2005 | | Arrest of Anthony Dan Mosley (mca, ) (Entered: 05/25/2005) |
| 05/24/2005 | 48 | CJA 23 Financial Affidavit by Anthony Dan Mosley (mca, ) (Entered: 05/25/2005) |
| 05/24/2005 | 49 | Order Appointing Counsel as to Anthony Dan Mosley: Appointment of Attorney Lila Virginia Cleveland. Signed by Judge Kristi D. Lee on 5/24/05. (mca, ) (Entered: 05/25/2005) |
| 05/24/2005 | 50 | Order on Arraignment as to Anthony Dan Mosley. Jury Selection set for 6/27/2005 08:45AM. Pretrial Motions due by 6/7/2005. Probation Conference set for 5/27/2005 11:00 AM. Pretrial Conference set for 6/9/2005 11:00 AM in Chambers before Magistrate Judge Kristi D. Lee. Signed by Judge Kristi D. Lee on 5/24/05. (mca, ) (Entered: 05/25/2005) |
| 05/24/2005 | 51 | ORDER entered as to defendant, Anthony Dan Mosley. Detention is MOOT at this time based on deft's statue custody status . Signed by Judge Kristi D. Lee on 5/24/05. (mca, ) (Entered: 05/25/2005) |
| 05/24/2005 | | Minute Entry for proceedings held before Judge Kristi D. Lee :Initial Appearance as to Anthony Dan Mosley held on 5/24/2005 (Tape #FTR.) (mca, ) (Entered: 05/25/2005) |
| 05/24/2005 | | Minute Entry for proceedings held before Judge Kristi D. Lee :Arraignment as to Anthony Dan Mosley held on 5/24/2005 (Tape #FTR.) (mca, ) (Entered: 05/25/2005) |
| 05/24/2005 | 52 | CJA 20 as to Shannon Lee Lambeth: Appointment of Attorney Barre C. Dumas for Shannon Lee Lambeth . Signed by Judge Kristi D. Lee on 5/18/05. (Attachments:, # 1 worksheet) (mca, ) (Entered: 05/25/2005) |
| 05/24/2005 | 63 | CJA 20 as to Anthony Dan Mosley: Appointment of Attorney Lila Virginia Cleveland for Anthony Dan Mosley . Signed by Judge Kristi D. Lee on 5/24/05. (Attachments:, # 1 CJA 20 worksheet) (mca, ) (Entered: 06/02/2005) |
| 05/25/2005 | 53 | CJA 20 as to Candice Elizabeth Lambeth: Appointment of Attorney J. Elizabeth Wilson for Candice Elizabeth Lambeth. Signed by Judge Kristi D. Lee on 5/18/05. (Attachments:, # 1 worksheet) (mca, ) (Entered: 05/25/2005) |

Exhibit G, page 15

| | | |
|---|---|---|
| 05/25/2005 | 54 | CJA 20 as to John Windell Clay: Appointment of Attorney Neil L. Hanley for John Windell Clay . Signed by Judge Kristi D. Lee on 5/18/05. (Attachments:, # 1 CJA 20 worksheet) (mca, ) (Entered: 05/25/2005) |
| 05/26/2005 | | Set/Reset Hearings as to Jerry Jason Barlow: Arraignment set for 6/1/2005 02:00 PM in Courtroom 3A before Magistrate Judge William E. Cassady. (cwr, ) (Entered: 05/26/2005) |
| 05/31/2005 | 55 | MOTION to Suppress *Statement* by John Windell Clay. (Hanley, Neil) Modified document on 5/31/2005 (mpp). (Entered: 05/31/2005) |
| 05/31/2005 | 56 | MOTION to Suppress *Evidence* by John Windell Clay. (Hanley, Neil) (Entered: 05/31/2005) |
| 05/31/2005 | | REFERRAL OF 55 MOTION to Suppress *Statement* & 56 MOTION to Suppress *Evidence* as to John Windell Clay to Judge Steele (mpp) (Entered: 05/31/2005) |
| 05/31/2005 | 57 | MOTION to Suppress by Candice Elizabeth Lambeth. (Wilson, J.) (Entered: 05/31/2005) |
| 05/31/2005 | | REFERRAL OF 57 MOTION to Suppress as to Candice Elizabeth Lambeth to Judge Steele (mbp, ) (Entered: 05/31/2005) |
| 05/31/2005 | 58 | MOTION to Suppress *Personal Property* by Candice Elizabeth Lambeth. (Wilson, J.) (Entered: 05/31/2005) |
| 05/31/2005 | 59 | ORDER as to John Windell Clay re 56 MOTION to Suppress *Evidence* filed by John Windell Clay, 55 MOTION to Suppress *Statement* filed by John Windell Clay. The Government is to file a response by 6/10/2005. Defendant is allowed until 6/17/2005 to file a reply. Signed by Judge William H. Steele on 5/31/05. Copies to parties 6/1/05 (mbp, ) (Entered: 06/01/2005) |
| 05/31/2005 | 60 | ORDER as to Candice Elizabeth Lambeth re 57 MOTION to Suppress filed by Candice Elizabeth Lambeth. The Government is to file a response by 6/8/2005. Deendant is allowed until 6/15/2005 to file a reply. Signed by Judge William H. Steele on 5/31/05. Copies to parties 6/1/05 (mbp, ) (Entered: 06/01/2005) |
| 05/31/2005 | 61 | Rule 5(c)(3) Documents Received as to Jerry Jason Barlow - 1) Docket Sheet; 2) Order on initial appearance; 3) financial affidavit; 4) Ordr appt. fed. defender; 5) WAIVER OF RULE 40; 6) Warrant of Removal (cwr, ) (Entered: 06/01/2005) |
| 06/01/2005 | | REFERRAL OF 58 MOTION to Suppress *Personal Property* as to Candice Elizabeth Lambeth to Judge Steele (mbp) (Entered: 06/01/2005) |
| 06/01/2005 | 62 | ORDER as to Candice Elizabeth Lambeth re 58 MOTION to Suppress *Personal Property* filed by Candice Elizabeth Lambeth, Govt's Responses due by 6/8/2005; Deft's reply to govt's response due by 6/15/05. Signed by Judge William H. Steele on 6/1/05. (cwr, ) (Entered: 06/01/2005) |
| 06/06/2005 | 64 | Report on Probation Office Conference as to Candice Elizabeth Lambeth (bkj, ) (Entered: 06/06/2005) |
| 06/06/2005 | 65 | Report on Probation Office Conference as to Shannon Lee Lambeth (bkj, ) (Entered: 06/06/2005) |
| 06/07/2005 | 66 | NOTICE OF Arraignment as to Jerry Jason Barlow Arraignment set for 6/22/2005 |

Exhibit G, page 16

| | | |
|---|---|---|
| | | 02:00 PM in Courtroom 3A before Magistrate Judge William E. Cassady. (cwr, ) (Entered: 06/07/2005) |
| 06/07/2005 | 67 | ORDER to produce Jerry Jason Barlow to appear on 6/22/05 at 2:00 for Arraignment . Signed by Judge William E. Cassady on 6/7/05. (cwr, ) (Entered: 06/07/2005) |
| 06/07/2005 | 68 | Report on Probation Office Conference as to Anthony Dan Mosley (bkj, ) (Entered: 06/07/2005) |
| 06/07/2005 | 69 | Report on Probation Office Conference as to John Windell Clay (bkj, ) (Entered: 06/07/2005) |
| 06/07/2005 | 70 | Report on Probation Office Conference as to Timothy Scott Jackson (bkj, ) Additional attachment(s) added on 10/6/2005 (cwr, ). (Entered: 06/07/2005) |
| 06/07/2005 | 71 | PLEA AGREEMENT as to Candice Elizabeth Lambeth with factual resume (tgw) (Entered: 06/08/2005) |
| 06/08/2005 | 72 | RESPONSE to re: 57 MOTION to Suppress, Motions Referred fild by Plaintiffs USA, USA *Submitting that Motions are Moot* (Bedwell, Gloria) (Entered: 06/08/2005) |
| 06/08/2005 | 73 | Notice of Intent to Plead Guilty as to Anthony Dan Mosley (Cleveland, Lila) (Entered: 06/08/2005) |
| 06/08/2005 | 74 | Arrest Warrant Returned Executed on 5/18/05. in case as to Shannon Lee Lambeth. (cwr, ) (Entered: 06/08/2005) |
| 06/08/2005 | 75 | Arrest Warrant Returned Executed on 5/20/05. in case as to Anthony Dan Mosley. (cwr, ) (Entered: 06/08/2005) |
| 06/08/2005 | 76 | Arrest Warrant Returned Unexecuted in case as to John Windell Clay. (cwr, ) (Entered: 06/08/2005) |
| 06/08/2005 | 77 | ENDORSED ORDER finding as moot 57 Motion to Suppress as to Candice Elizabeth Lambeth (2); finding as moot 58 Motion to Suppress as to Candice Elizabeth Lambeth (2). Defendant has filed a notice of intent to enter a guilty plea. Signed by Judge William H. Steele on 6/8/05. (Steele, William) (Entered: 06/08/2005) |
| 06/08/2005 | 78 | ORDER as to Candice Elizabeth Lambeth entered that a Change of Plea Hearing is set for 6/15/2005 10:00 AM in Courtroom 2A before Judge William H. Steele. The pretrial conference scheduled for 6/9/05 is canceled. Signed by Judge Kristi D. Lee on 6/8/05.Copies to parties 6/8/05 (mbp, ) (Entered: 06/08/2005) |
| 06/08/2005 | | REFERRAL OF 73 Notice of Intent to Plead Guilty as to Anthony Dan Mosley to Judge Lee (mbp, ) (Entered: 06/08/2005) |
| 06/09/2005 | 79 | Arrest Warrant Returned Executed on 5/26/05. in case as to Jerry Jason Barlow. (cwr, ) (Entered: 06/09/2005) |
| 06/10/2005 | 80 | RESPONSE in Opposition by USA as to John Windell Clay re 56 MOTION to Suppress *Evidence* (Bedwell, Gloria) (Entered: 06/10/2005) |
| 06/10/2005 | | REFERRAL OF 80 Response in Opposition as to John Windell Clay to Judge Steele (mbp, ) (Entered: 06/10/2005) |

| 06/10/2005 | 81 | RESPONSE in Opposition by USA as to John Windell Clay re 55 MOTION to Suppress *Statement* (Bedwell, Gloria) (Entered: 06/10/2005) |
| 06/10/2005 | 82 | PRETRIAL CONFERENCE RDER as to Timothy Scott Jackson Change of Plea Hearing set for 6/15/2005 10:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge Kristi D. Lee on 6/9/05.Copies to parties 6/10/05 (mbp, ) (Entered: 06/10/2005) |
| 06/10/2005 | 83 | PRETRIAL CONFERENCE ORDER as to Shannon Lee Lambeth Change of Plea Hearing set for 6/15/2005 10:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge Kristi D. Lee on 6/9/05.Copies to parties 6/10/05 (mbp, ) (Entered: 06/10/2005) |
| 06/10/2005 | 84 | ORDER as to Anthony Dan Mosley Change of Plea Hearing set for 6/15/2005 10:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge Kristi D. Lee on 6/9/05.Copies to parties 6/10/05 (mbp, ) (Entered: 06/10/2005) |
| 06/10/2005 | 85 | Order on Pretrial Conference as to John Windell Clay. Stipulations: None Deft Conflicts: July 5-6, 18-20 and 28-29, 2005. Govt Conflicts: None. Jury Selection before a Magistrate Judge consent form to be filed not later than 6/23/05. Jury Selection set for 6/27/2005 08:45 AM . Signed by Judge Kristi D. Lee on 6/9/05.Copies to parties 6/10/05 (mbp, ) (Entered: 06/10/2005) |
| 06/13/2005 | 86 | ORDER ruling on the following motions: 55 Motion to Suppress as to John Windell Clay and 56 Motion to Suppress as to John Windell Clay - Defendant's motions are due to be denied without an evidentiary hearing because they are facially insufficient. The motions are DENIED without prejudice. Signed by Judge William H. Steele on 6/13/05. Copies to counsel.(mpp) (Entered: 06/13/2005) |
| 06/14/2005 | 87 | Petition for Writ of Habeas Corpus ad prosequendum by USA as to Timothy Scott Jackson. (Bedwell, Gloria) (Entered: 06/14/2005) |
| 06/14/2005 | 88 | Writ of Habeas Corpus ad Prosequendum Issued as to Timothy Scott Jackson for guilty plea set 6/15/05 at 10:00 am before Judge William H. Steele. Copies to USM (srr, ) (Entered: 06/14/2005) |
| 06/15/2005 | | Set/Reset Deadlines/Hearings as to Timothy Scott Jackson: Sentencing RESET for 2:00 PM on 6/15/05 in Courtroom 2A before Judge William H. Steele. (mbp, ) (Entered: 06/15/2005) |
| 06/15/2005 | | Minute Entry for proceedings held before Judge William H. Steele :Change of Plea Hearing as to Shannon Lee Lambeth held on 6/15/2005 (Court Reporter Mary Frances Giattina.) (mbp, ) (Entered: 06/15/2005) |
| 06/15/2005 | | Minute Entry for proceedings held before Judge William H. Steele :Change of Plea Hearing as to Candice Elizabeth Lambeth held on 6/15/2005 (Court Reporter Mary Frances Giattina.) (mbp, ) (Entered: 06/15/2005) |
| 06/15/2005 | | Minute Entry for proceedings held before Judge William H. Steele :Change of Plea Hearing as to Anthony Dan Mosley held on 6/15/2005 (Court Reporter Mary Frances Giattina.) (mbp, ) (Entered: 06/15/2005) |
| 06/15/2005 | 89 | PLEA AGREEMENT as to Shannon Lee Lambeth with Factual Resume (mbp, ) (Entered: 06/16/2005) |

Exhibit G, page 18

| 06/15/2005 | 90 | PLEA AGREEMENT as to Anthony Dan Mosley with Factual Resume (mbp, ) (Entered: 06/16/2005) |
| 06/16/2005 | 91 | Order on Guilty Plea entered by Shannon Lee Lambeth Guilty Count 1. Court Reporter Mary Frances Giattina. Sentencing set for 9/21/2005 09:30 AM in Courtroom 2A before Judge William H. Steele. Presentence Investigation Report due 8/17/2005. Position with Respect to Sentencing Factors due 9/7/2005. Signed by Judge William H. Steele on 6/16/05.Copies to parties 6/16/05 (mbp, ) (Entered: 06/16/2005) |
| 06/16/2005 | 92 | Order on Guilty Plea entered by Candice Elizabeth Lambeth Guilty Count 1. Court Reporter Mary Frances Giattina. Sentencing set for 9/22/2005 09:00 AM in Courtroom 2A before Judge William H. Steele. Presentence Investigation Report due 8/18/2005. Position with Respect to Sentencing Factors due 9/8/2005. Signed by Judge William H. Steele on 6/16/05.Copies to parties 6/16/05 (mbp, ) (Entered: 06/16/2005) |
| 06/16/2005 | 93 | Order on Guilty Plea entered by Anthony Dan Mosley Guilty Count 1. Court Reporter Mary Frances Giattina. Sentencing set for 9/22/2005 09:30 AM in Courtroom 2A before Judge William H. Steele. Presentence Investigation Report due 8/18/2005. Position with Respect to Sentencing Factors due 9/8/2005. Signed by Judge William H. Steele on 6/16/05. Copies to parties 6/16/05 (mbp, ) (Entered: 06/16/2005) |
| 06/16/2005 | 94 | Reply to Government's Response to Motion to Suppress Evidence by John Windell Clay. (Hanley, Neil) (Entered: 06/16/2005) |
| 06/16/2005 | 95 | Reply to Government's Response to MOTION to Suppress Statement by John Windell Clay. (Hanley, Neil) (Entered: 06/16/2005) |
| 06/16/2005 | 96 | MOTION for Reconsideration *Denial of Motions to Suppress* by John Windell Clay. (Hanley, Neil) (Entered: 06/16/2005) |
| 06/16/2005 | | REFERRAL OF 94 Reply to Government's Response to MOTION to Suppress *Evidence, 95 Reply to Government's Response to MOTION to Suppress Statement-Defendant's Reply as to John Windell Clay to Judge Steele (mbp, ) (Entered: 06/16/2005)* |
| 06/16/2005 | | REFERRAL OF 96 MOTION for Reconsideration *Denial of Motions to Suppress* as to John Windell Clay to Judge Steele (mbp, ) (Entered: 06/16/2005) |
| 06/17/2005 | 97 | ORDER granting 96 Motion for Reconsideration as to John Windell Clay. Upon reconsideration, the Court hereby RESCINDS its order denying Defendant's motions to suppress. The Court will consider Defendant's replies (Docs. 94 and 95) in ruling on the motions to suppress. Signed by Judge William H. Steele on 6/17/05.Copies to parties 6/17/05 (mbp, ) (Entered: 06/17/2005) |
| 06/20/2005 | 98 | Arrest Warrant Returned Executed on 5/18/05. in case as to Candice Elizabeth Lambeth. (cwr, ) (Entered: 06/20/2005) |
| 06/20/2005 | | Set/Reset Deadlines/Hearings as to Timothy Scott Jackson: Change of Plea Hearing set for 6/21/2005 08:30 AM in Courtroom 2A before Judge William H. Steele. (mbp, ) (Entered: 06/20/2005) |
| 06/21/2005 | 99 | Petition for Writ of Habeas Corpus ad prosequendum by USA as to Timothy Scott |

| | | Jackson. (Bedwell, Gloria) (Entered: 06/21/2005) |
|---|---|---|
| 06/21/2005 | | REFERRAL OF 99 Petition for Writ of Habeas Corpus ad prosequendum as to Timothy Scott Jackson to Judge Cassady (cwr, ) (Entered: 06/21/2005) |
| 06/21/2005 | | Minute Entry for proceedings held before Judge William H. Steele :Change of Plea Hearing as to Timothy Scott Jackson held on 6/21/2005 (Court Reporter Mary Frances Giattina.) (mbp, ) (Entered: 06/21/2005) |
| 06/21/2005 | 100 | ORDER granting 99 Motion for Writ of Habeas Corpus ad prosequendum. as to Timothy Scott Jackson (3). Signed by Judge William E. Cassady on 6/21/05. (cwr, ) (Entered: 06/21/2005) |
| 06/21/2005 | | ORAL MOTION to Continue in Interest of Justice by USA as to John Windell Clay. Oral Motion made to Judge Steele during a telephone conference held 6/21/05(mbp, ) (Entered: 06/22/2005) |
| 06/21/2005 | 101 | ORDER granting Oral Motion to Continue-Ends of Justice. Time excluded from June 27, 2005 until August 1, 2005 as to John Windell Clay. Jury Selection set for 8/1/2005 08:45 AM. Signed by Judge William H. Steele on 6/21/05.Copies to parties and Judge Cassady 6/22/05 (mbp, ) (Entered: 06/22/2005) |
| 06/21/2005 | 102 | ORDER as to John Windell Clay re 56 MOTION to Suppress *Evidence* filed by John Windell Clay,, 55 MOTION to Suppress *Statement* filed by John Windell Clay. Motion Hearing set for 6/28/2005 02:00 PM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 6/21/05.Copies to parties 6/22/05 (mbp, ) (Entered: 06/22/2005) |
| 06/21/2005 | 104 | PLEA AGREEMENT as to Timothy Scott Jackson with Factual Resume (mbp, ) (Entered: 06/23/2005) |
| 06/22/2005 | | Minute Entry for proceedings held before Judge William E. Cassady :Arraignment as to Jerry Jason Barlow (5) Count 1,2,6 held on 6/22/2005 (FTR Digital Recording.) (eec, ) (Entered: 06/23/2005) |
| 06/22/2005 | 105 | CJA 23 Financial Affidavit by Jerry Jason Barlow (eec, ) (Entered: 06/23/2005) |
| 06/22/2005 | 106 | CJA 20 as to Jerry Jason Barlow: Appointment of Attorney Larry C. Moorer . Signed by Judge William E. Cassady on 6/22/05. (Attachments:, # 1 CJA Worksheet) (eec, ) (Entered: 06/23/2005) |
| 06/22/2005 | 107 | Order on Arraignment as to Jerry Jason Barlow (5) Count 1,2,6 Jury Selection set for 8/1/2005 08:45AM. Pretrial Motions due by 7/8/2005. Probation Conference set for 7/5/2005 03:00 PM. Pretrial Conference set for 7/12/2005 02:30 PM in Chambers before Magistrate Judge William E. Cassady. Signed by Judge William E. Cassady on 6/22/05. E-noticed to AUSA, USM, Prob, PT, Deft's counsel (eec, ) (Entered: 06/23/2005) |
| 06/22/2005 | 108 | MOTION for Detention by USA as to Jerry Jason Barlow. Referred in open court to Judge William E. Cassady(eec, ) (Entered: 06/23/2005) |
| 06/22/2005 | 109 | ORDER OF TEMPORARY DETENTION as to Jerry Jason Barlow Detention Hearing set for 6/24/2005 02:00 PM in Courtroom 3A before Magistrate Judge William E. Cassady. Signed by Judge William E. Cassady on 6/22/05. E-noticed to AUSA, USM, Prob, PT, Deft's counsel (eec, ) (Entered: 06/23/2005) |

Exhibit G, page 20

| 06/23/2005 | 103 | Order on Guilty Plea entered by Timothy Scott Jackson Guilty Count 1. Court Reporter Mary Frances Giattina. Sentencing set for 10/13/2005 09:00 AM in Courtroom 2A before Judge William H. Steele. Presentence Investigation Report due 9/8/2005. Position with Respect to Sentencing Factors due 9/29/2005. Signed by Judge William H. Steele on 6/23/05.Copies to parties 6/23/05 (mbp, ) (Entered: 06/23/2005) |
| --- | --- | --- |
| 06/23/2005 | 110 | WAIVER of Speedy Trial by John Windell Clay (Hanley, Neil) (Entered: 06/23/2005) |
| 06/24/2005 | 111 | ORDER as to John Windell Clay re 101 Order on Motion to Continue-Ends of Justice, stating the parties are DIRECTED TO NOTIFY the Court, not later than July 12, 2005, of any scheduling conflicts during the August, 2005 criminal term. Signed by Judge William E. Cassady on 6/24/05. Copies to counsel,prb,p/t,USM. (mpp) (Entered: 06/24/2005) |
| 06/24/2005 | | Minute Entry for proceedings held before Judge William E. Cassady :Detention Hearing as to Jerry Jason Barlow held on 6/24/2005 (FTR Digital Recording.) (eec, ) (Entered: 06/24/2005) |
| 06/27/2005 | 112 | ORDER OF DETENTION as to Jerry Jason Barlow . Signed by Judge William E. Cassady on 6/24/05. E-noticed to AUSA, USM, Prob, PT, Deft's counsel (eec, ) (Entered: 06/27/2005) |
| 06/28/2005 | | ORAL ORDER as to John Windell Clay re 56 MOTION to Suppress Evidence and 55 MOTION to Suppress Statement filed by John Windell Clay are DENIED . Signed by Judge William H. Steele on 6/28/05.Copies to parties 6/28/05 (mbp, ) (Entered: 06/28/2005) |
| 06/28/2005 | | Minute Entry for proceedings held before Judge William H. Steele :Motion Hearing as to John Windell Clay held on 6/28/2005 re 56 MOTION to Suppress Evidence filed by John Windell Clay, 55 MOTION to Suppress Statement filed by John Windell Clay, (Court Reporter Mary Frances Giattina.) (mbp, ) (Entered: 06/28/2005) |
| 06/30/2005 | 113 | ORDER OF DETENTION as to Jerry Jason Barlow . Signed by Judge William E. Cassady on 6/30/05. E-noticed to AUSA, USM, Prob, PT, deft's counsel (eec, ) (Entered: 07/05/2005) |
| 07/06/2005 | 114 | Report on Probation Office Conference as to Jerry Jason Barlow (bkj, ) (Entered: 07/06/2005) |
| 07/12/2005 | | Minute Entry for proceedings held before Judge William E. Cassady :Pretrial Conference as to Jerry Jason Barlow held on 7/12/2005 (eec, ) (Entered: 07/14/2005) |
| 07/14/2005 | 115 | Order on Pretrial Conference as to Jerry Jason Barlow; Change of Plea Hearing set for 7/18/2005 03:30 PM in Courtroom 2A before Judge William H. Steele. Signed by Judge William E. Cassady on 7/14/05. (mjn, ) (Entered: 07/15/2005) |
| 07/18/2005 | | Minute Entry for proceedings held before Judge William H. Steele :Change of Plea Hearing as to Jerry Jason Barlow held on 7/18/2005 (Court Reporter Mary Frances Giattina.) (mbp, ) (Entered: 07/18/2005) |
| 07/18/2005 | 116 | PLEA AGREEMENT as to Jerry Jason Barlow with Factual Resume (mbp, ) |

Exhibit G, page 21

| | | (Entered: 07/20/2005) |
|---|---|---|
| 07/21/2005 | 117 | Order on Guilty Plea entered by Jerry Jason Barlow Guilty Count 1. Court Reporter Mary Frances Giattina. Sentencing set for 10/25/2005 09:30 AM in Courtroom 2A before Judge William H. Steele. Presentence Investigation Report due 9/20/2005. Position with Respect to Sentencing Factors due 10/11/2005. Signed by Judge William H. Steele on 7/21/05.Copies to parties 7/22/05 (mbp, ) (Entered: 07/22/2005) |
| 07/26/2005 | 118 | MOTION to Modify Conditions of Release by Timothy Scott Jackson. (Brown, Paul) (Entered: 07/26/2005) |
| 07/26/2005 | | REFERRAL OF 118 MOTION to Modify Conditions of Release as to Timothy Scott Jackson to Judge Lee (mbp, ) (Entered: 07/26/2005) |
| 07/27/2005 | 119 | ORDER entered as to Timothy Scott Jackson re 118 MOTION to Modify Conditions of Release. Motion Hearing set for 8/1/2005 02:00 PM in Courtroom 1A before Magistrate Judge Kristi K. DuBose. Signed by Judge Kristi K. DuBose on 6/27/05. (mca, ) (Entered: 07/27/2005) |
| 08/01/2005 | | Minute Entry for proceedings held before Judge Kristi K. DuBose :Motion Hearing as to Timothy Scott Jackson held on 8/1/2005 re 118 MOTION to Modify Conditions of Release filed by Timothy Scott Jackson. (Tape #FTR.) (mca, ) (Entered: 08/02/2005) |
| 08/01/2005 | 120 | ORDER denying 118 Motion to Modify Conditions of Release as to Timothy Scott Jackson . Signed by Judge Kristi K. DuBose on 8/1/05. (mca, ) (Entered: 08/03/2005) |
| 08/02/2005 | | Minute Entry for proceedings held before Judge William E. Cassady :Jury Selection on 8/2/2005 John Windell Clay (6) on Count 1,2,7 (Court Reporter Angelina A. Smith (BAR).) (eec, ) (Entered: 08/02/2005) |
| 08/04/2005 | 121 | Order memorializing Jury Selection as to John Windell Clay as further set out. Jury Trial set for 8/8/2005 09:00 AM in Courtroom 2B before Chief Judge Callie V. S. Granade. Signed by Judge William E. Cassady on 8/3/05. (eec, ) (Entered: 08/08/2005) |
| 08/05/2005 | 123 | CONSENT to Jury Selection by US Magistrate Judge William E. Cassady filed by John Windell Clay & USA. Order of Reference signed by Chief Judge Callie V. S. Granade nunc pro tunc 8/5/2005. (mab) (Entered: 08/10/2005) |
| 08/08/2005 | | Minute Entry for proceedings held before Judge Callie V. S. Granade:Jury Trial as to John Windell Clay held on 8/8/2005. Jury sworn and trial commenced.(Court Reporter Debbie Isbell) (mab) (Entered: 09/06/2005) |
| 08/09/2005 | 122 | ORAL MOTION for Judgment of Acquittal made by John Windell Clay in open court before Judge Granade(mab) (Entered: 08/09/2005) |
| 08/09/2005 | | JURY VERDICT as to John Windell Clay: Guilty on Count 7. Not Guilty on Counts 1 & 2. (mab) (Entered: 08/09/2005) |
| 08/09/2005 | | Minute Entry for proceedings held before Judge Callie V. S. Granade:Jury Trial as to John Windell Clay held on 8/9/2005. (Court Reporter Debbie Isbell) (mab) (Entered: 08/09/2005) |

Exhibit G, page 22

| 08/09/2005 | 124 | ORAL MOTION to Detain pending sentencing made by USA in open court as to John Windell Clay before Judge Granade(mab) (Entered: 08/10/2005) |
| 08/10/2005 | 126 | Order on Jury Trial entered. Trial held 8/9 & 10/2005. Defendant's oral 122 motion for judgment of acquittal DENIED. VERDICTS: Guilty on Count 7. Not Guilty on Counts 1 & 2. USA's 124 motion for detention pending sentencing GRANTED. Conditions of release entered on May 20, 2005 (Doc. 43 ) REVOKED. Deft. REMANDED into the custody of the U. S. Marshal pending sentencing set for 11/22/2005 at 1:00 PM in Courtroom 2B before Chief Judge Callie V. S. Granade. Signed by Judge Callie V. S. Granade on 08/10/2005. (mab) (Entered: 08/11/2005) |
| 09/07/2005 | 154 | POSITION regarding sentencing factors by Anthony Dan Mosley with objections (mbp, ) (Entered: 09/29/2005) |
| 09/08/2005 | 127 | POSITION regarding sentencing factors by Candice Elizabeth Lambeth with objections (mbp, ) (Entered: 09/08/2005) |
| 09/08/2005 | 128 | Position re: Sentencing Factors 127 filed by Candice Elizabeth Lambeth, endorsed NOTED and Carried to Sentencing Hearing. (Steele, William) (Entered: 09/08/2005) |
| 09/12/2005 | 129 | MOTION for Release Exhibits *for Use in Sentencing Hearing* by USA as to John Windell Clay. (Bedwell, Gloria) (Entered: 09/12/2005) |
| 09/13/2005 | 130 | ENDORSED ORDER granting 129 Motion to Release Exhibits as to John Windell Clay (6). The United States is directed to substitute copies of the originals, marked and numbered in the same way as the originals, and provide them to the clerk for record purposes in this case. Signed by Judge Callie V. S. Granade on 9/13/2005. (Granade, Callie) (Entered: 09/13/2005) |
| 09/13/2005 | 131 | POSITION regarding sentencing factors filed by USA as to Timothy Scott Jackson without objections (Bedwell, Gloria) (Entered: 09/13/2005) |
| 09/13/2005 | 132 | Position re: Sentencing Factors 131 filed by USA, endorsed NOTED. (Steele, William) (Entered: 09/13/2005) |
| 09/13/2005 | 133 | MOTION to Postpone Sentencing by USA as to Candice Elizabeth Lambeth. (Bedwell, Gloria) (Entered: 09/13/2005) |
| 09/13/2005 | 134 | MOTION to Postpone Sentencing by USA as to Shannon Lee Lambeth. (Bedwell, Gloria) (Entered: 09/13/2005) |
| 09/14/2005 | | REFERRAL OF 134 MOTION to Postpone Sentencing, 133 MOTION to Postpone Sentencing as to Shannon Lee Lambeth, Candice Elizabeth Lambeth to Judge Steele (mbp, ) (Entered: 09/14/2005) |
| 09/14/2005 | 136 | ORDER granting 134 Motion to Postpone Sentencing as to Shannon Lee Lambeth. Sentencing reset for 11/30/2005 10:30 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 9/14/05. Copies to parties 9/14/05 (mbp, ) (Entered: 09/14/2005) |
| 09/14/2005 | 137 | ORDER granting 133 Motion to Postpone Sentencing as to Candice Elizabeth Lambeth. Sentencing reset for 11/30/2005 10:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 9/14/05. Copies to |

| | | parties 9/14/05 (mbp, ) (Entered: 09/14/2005) |
|---|---|---|
| 09/19/2005 | 144 | POSITION regarding sentencing factors filed by USA as to Anthony Dan Mosley without objections (Bedwell, Gloria) (Entered: 09/19/2005) |
| 09/19/2005 | 145 | POSITION regarding sentencing factors filed by USA as to Candice Elizabeth Lambeth without objections (Bedwell, Gloria) (Entered: 09/19/2005) |
| 09/19/2005 | 146 | POSITION regarding sentencing factors filed by USA as to Shannon Lee Lambeth without objections (Bedwell, Gloria) (Entered: 09/19/2005) |
| 09/19/2005 | 147 | Position re: Sentencing Factors 145 filed by USA, endorsed NOTED. (Steele, William) (Entered: 09/19/2005) |
| 09/19/2005 | 148 | Position re: Sentencing Factors 144 filed by USA, endorsed NOTED. (Steele, William) (Entered: 09/19/2005) |
| 09/19/2005 | 149 | Position re: Sentencing Factors 146 filed by USA, endorsed NOTED. (Steele, William) (Entered: 09/19/2005) |
| 09/20/2005 | 151 | MOTION to Postpone Sentencing by USA as to Anthony Dan Mosley. (Bedwell, Gloria) (Entered: 09/20/2005) |
| 09/20/2005 | | REFERRAL OF 151 MOTION to Postpone Sentencing as to Anthony Dan Mosley to Judge Steele [Currently set 9/22/2005 at 9:30 AM] (mpp) (Entered: 09/20/2005) |
| 09/21/2005 | 152 | ORDER granting 151 Motion to Postpone Sentencing as to Anthony Dan Mosley. Sentencing reset for 11/23/2005 09:30 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 9/21/05.Copies to parties 9/21/05 (mbp, ) (Entered: 09/21/2005) |
| 09/26/2005 | 153 | POSITION regarding sentencing factors by Timothy Scott Jackson with Objections (Brown, Paul) (Entered: 09/26/2005) |
| 09/27/2005 | | REFERRAL OF 153 Position re: Sentencing Factors (Blakely) as to Timothy Scott Jackson to Judge Steele (mbp, ) (Entered: 09/27/2005) |
| 09/30/2005 | 155 | Position re: Sentencing Factors 153 filed by Timothy Scott Jackson, endorsed NOTED and Carried to Sentencing Hearing. (Steele, William) (Entered: 09/30/2005) |
| 09/30/2005 | 156 | Position re: Sentencing Factors 154 filed by Anthony Dan Mosley, endorsed NOTED and Carried to Sentencing Hearing. (Steele, William) (Entered: 09/30/2005) |
| 10/12/2005 | 158 | MOTION to Postpone Sentencing by Timothy Scott Jackson. (Brown, Paul) (Entered: 10/12/2005) |
| 10/12/2005 | 159 | ORDER granting 158 Motion to Postpone Sentencing as to Timothy Scott Jackson. Sentencing reset for 10/18/2005 09:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 10/12/05. Copies to parties 10/13/05(mbp, ) (Entered: 10/13/2005) |
| 10/17/2005 | 160 | Joint MOTION to Postpone Sentencing by Timothy Scott Jackson. (Brown, Paul) (Entered: 10/17/2005) |

Exhibit G, page 24

| 10/17/2005 | | REFERRAL OF 160 Joint MOTION to Postpone Sentencing as to Timothy Scott Jackson to Judge Steele (mbp, ) (Entered: 10/17/2005) |
| 10/17/2005 | 161 | ORDER granting 160 Motion to Postpone Sentencing as to Timothy Scott Jackson. Sentencing reset for 12/19/2005 09:30 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 10/17/05. Copies to parties 10/17/05, USM and Court Reporter notified via telephone. (mbp, ) (Entered: 10/17/2005) |
| 10/20/2005 | 163 | MOTION to Postpone Sentencing by USA as to Jerry Jason Barlow. (Bedwell, Gloria) (Entered: 10/20/2005) |
| 10/25/2005 | 165 | ORDER granting 163 Motion to Postpone Sentencing as to Jerry Jason Barlow. Sentencing reset for 1/25/2006 09:30 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 10/20/05.Copies to parties 10/25/05 (mbp, ) (Entered: 10/25/2005) |
| 10/25/2005 | 166 | POSITION regarding sentencing factors filed by USA as to Jerry Jason Barlow without objections (Bedwell, Gloria) (Entered: 10/25/2005) |
| 10/25/2005 | 167 | Position re: Sentencing Factors 166 filed by USA, endorsed NOTED. (Steele, William) (Entered: 10/25/2005) |
| 11/03/2005 | 168 | POSITION regarding sentencing factors filed by USA as to John Windell Clay without objections (Bedwell, Gloria) (Entered: 11/03/2005) |
| 11/03/2005 | 169 | Position re: Sentencing Factors 168 filed by USA, endorsed NOTED. (Steele, William) (Entered: 11/03/2005) |
| 11/16/2005 | 170 | POSITION regarding sentencing factors by John Windell Clay with objections (Hanley, Neil) (Entered: 11/16/2005) |
| 11/16/2005 | 171 | MOTION to Postpone Sentencing by John Windell Clay. (Hanley, Neil) (Entered: 11/16/2005) |
| 11/16/2005 | 172 | MOTION to Postpone Sentencing by USA as to Anthony Dan Mosley. (Bedwell, Gloria) (Entered: 11/16/2005) |
| 11/16/2005 | 173 | ORDER GRANTING Dft's 171 Motion to Postpone Sentencing as to John Windell Clay. Sentencing RESCHEDULED for 12/13/2005 at 01:00 PM in Courtroom 2B before Chief Judge Callie V. S. Granade. Signed by Judge Callie V. S. Granade on 11/16/05. (copies to AUSA, Dft's Attny, Prob, P/T & USM on 11/17/05) (tot,) (Entered: 11/17/2005) |
| 11/17/2005 | 174 | ORDER granting 172 Motion to Postpone Sentencing as to Anthony Dan Mosley. The Sentencing Hearing is reset for 2/22/2006 at 10:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 11/17/05. Copies to parties 11/17/05 (mbp, ) (Entered: 11/17/2005) |
| 11/21/2005 | 176 | MOTION to Postpone Sentencing by USA as to Shannon Lee Lambeth. (Bedwell, Gloria) (Entered: 11/21/2005) |
| 11/21/2005 | 177 | MOTION to Postpone Sentencing by USA as to Candice Elizabeth Lambeth. (Bedwell, Gloria) (Entered: 11/21/2005) |
| 11/21/2005 | | REFERRAL OF 176 MOTION to Postpone Sentencing, 177 MOTION to |

Exhibit G, page 25

| | | Postpone Sentencing as to Shannon Lee Lambeth, Candice Elizabeth Lambeth to Judge Steele (mbp, ) (Entered: 11/21/2005) |
|---|---|---|
| 11/21/2005 | 178 | ORDER granting 176 Motion to Postpone Sentencing as to Shannon Lee Lambeth. The Sentencing Hearing is reset for 3/10/2006 at 10:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 11/21/05. Copies to parties 11/21/05 (mbp, ) (Entered: 11/21/2005) |
| 11/21/2005 | 179 | ORDER granting 177 Motion to Postpone Sentencing as to Candice Elizabeth Lambeth. The Sentencing Hearing is reset for 3/10/2006 at 10:30 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 11/21/05. Copies to parties 11/22/05 (mbp, ) (Entered: 11/22/2005) |
| 12/06/2005 | 180 | NOTICE OF HEARING as to John Windell Clay: TAKE NOTICE that the sentencing in the above-styled case has been set before Chief U.S. District Judge Callie V. S. Granade for TUESDAY, DECEMBER 13, 2005, at 1:00 p.m. NOTE: As provided by Title 18 U.S.C. Section 3013, convicted persons are to be prepared to pay the special assessment(s) at the time of sentencing. (mab) (Entered: 12/06/2005) |
| 12/11/2005 | 181 | SENTENCING MEMORANDUM by John Windell Clay (Hanley, Neil) (Entered: 12/11/2005) |
| 12/13/2005 | 182 | RESPONSE to 181 Sentencing Memorandum filed by Plaintiff USA (Bedwell, Gloria) (Entered: 12/13/2005) |
| 12/13/2005 | | Minute Entry for proceedings held before Judge Callie V. S. Granade:Sentencing held on 12/13/2005 for John Windell Clay, Imprisonment 60 months, w/recommendation that defendant be imprisoned at an institution where a residential, comprehensive, substance abuse treatment program is available; SRT 3 years w/special condition imposed that the defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the Probation Office; SA $100.00. The jury acquitted defendant of Counts 1 & 2 at the trial on 8/9/2005. (Court Reporter Roy Isbell) (mab) (Entered: 12/28/2005) |
| 12/14/2005 | 183 | MOTION for Downward Departure by USA as to Timothy Scott Jackson. (Bedwell, Gloria) (Entered: 12/14/2005) |
| 12/15/2005 | 184 | Motion for Downward Departure 183 filed by USA, endorsed NOTED and Carried to Sentencing Hearing. (Steele, William) (Entered: 12/15/2005) |
| 12/19/2005 | | ORAL ORDER as to Timothy Scott Jackson re 183 MOTION for Downward Departure filed by USA entered that the motion is GRANTED . Entered by Judge William H. Steele in Open Court on 12/19/05. Copies to parties 12/19/05(mbp, ) (Entered: 12/19/2005) |
| 12/19/2005 | | Minute Entry for proceedings held before Judge William H. Steele :Sentencing held on 12/19/2005 for Timothy Scott Jackson and Defendant sentenced on Count 1 as follows: Defendant is hereby committed to the BOP for a term of 48 MONTHS. It is recommended that defendant participate in residential, comprehensive substance abuse treatment while incarcerated. SRT 5 YEARS. Special Conditions: defendant is to participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the Probation Office. Restitution in the amount of $1,196.00 payable to the DEA is due and is to be paid |

Exhibit G, page 26

| | | |
|---|---|---|
| | | jointly and severally with co-defendants. SA $100.00. Defendant is allowed to self-surrender. Count(s) 2, 3, 4 and 5 are dismissed on the Government's Motion. (Court Reporter Mary Frances Giattina.) (mbp, ) (Entered: 12/19/2005) |
| 12/27/2005 | 187 | TRANSCRIPT filed as to John Windell Clay for dates of 12/13/05 Sentencing before Chief Judge Callie V.S. Granade, re 185 Notice of Appeal - Final Judgment. Court Reporter: Roy Isbell. USCA Case Number Unknown. Notice of Transcript Redaction to be filed by 1/3/2006. Statement of Transcript Redaction to be filed with Court Reporter by 1/17/2006. (Attachments: # 1 Pilot Project Notice) (lsw) (Entered: 12/30/2005) |
| 12/28/2005 | 185 | NOTICE OF APPEAL as to John Windell Clay (Hanley, Neil). Copies to attorney Hanley, with appeal packet and CJA 24 forms, Probation, USA and USCA. (Entered: 12/23/2005) |
| 12/28/2005 | 186 | JUDGMENT as to John Windell Clay, Imprisonment 60 months as to Count 7, w/recommendation that defendant be imprisoned at an institution where a residential, comprehensive, substance abuse treatment program is available; SRT 3 years w/special condition imposed that the defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the Probation Office; SA $100.00. Signed by Judge Callie V. S. Granade on 12/28/2005. (mab) (Entered: 12/28/2005) |
| 12/30/2005 | | Transmission of Notice of Appeal and Docket Sheet as to John Windell Clay to US Court of Appeals. Related Documents: 186 Judgment. Other Appeals: None. Chief Judge Appealed: Callie V.S. Granade. Court Reporter: Roy Isbell. Fee Paid: No - CJA counsel. Pending COA/IFP: No. (lsw) (Entered: 12/30/2005) |
| 01/05/2006 | 188 | NOTICE OF ATTORNEY APPEARANCE D. Andrew Sigler appearing for USA. (Sigler, D.) (Entered: 01/05/2006) |
| 01/05/2006 | 189 | NOTICE OF APPEAL by USA as to John Windell Clay re: 186 Judgment, filed on 12/28/05 (Sigler, D.) Copies to USA attorney D. Andrew Sigler, with appeal packet, Probation, USA and USCA. (Entered: 01/05/2006) |
| 01/10/2006 | 190 | JUDGMENT as to Timothy Scott Jackson entered on Count 1 as follows: Defendant is hereby committed to the BOP for a term of 48 MONTHS. It is recommended that defendant participate in residential, comprehensive substance abuse treatment while incarcerated. SRT 5 YEARS. Special Conditions: defendant is to participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the Probation Office. Restitution in the amount of $1,196.00 payable to the DEA is due and is to be paid jointly and severally with co-defendants. SA $100.00. Defendant is allowed to self-surrender. Count(s) 2, 3, 4, and 5 are Dismissed on Government's Motion . Signed by Judge William H. Steele on 1/9/06. Copies to parties and two certified copies to USM 1/10/06 (mbp, ) (Entered: 01/10/2006) |
| 01/10/2006 | | Transmission of Notice of Appeal and Docket Sheet as to John Windell Clay to US Court of Appeals. Related Documents: 186 Judgment. Other Appeals: 12/28/05. Chief Judge Appealed: Callie V.S. Granade. Court Reporter: Roy Isbell. Fee Paid: Not applicable. Pending COA/IFP: No. (lsw) (Entered: 01/10/2006) |
| 01/11/2006 | | USCA Case Number 06-10088-F as to John Windell Clay re: 185 Notice of Appeal - Final Judgment, 189 Notice of Appeal - Final Judgment. (lsw) (Entered: |

| | | |
|---|---|---|
| | | 01/11/2006) |
| 01/17/2006 | [191](#) | TRANSCRIPT INFORMATION FORM requesting transcripts for proceedings as follows: 6/28/05 Motion Hearing before Judge Steele Number 06-10088-FF Court Reporter Mary Frances Giattina. (Note: Clerk has sent counsel 2 additional TOIs for the trial and sentencing.) (Entered: 01/18/2006) |
| 01/17/2006 | | Attorney update in case as to John Windell Clay. Attorney Tom Gannon for USA added. (lsw) (Entered: 01/18/2006) |
| 01/23/2006 | | USCA Case Number 06-1088-F as to John Windell Clay re: [189](#) Notice of Appeal - Final Judgment. (lsw) (Entered: 01/23/2006) |
| 01/24/2006 | [192](#) | MOTION to Postpone Sentencing by USA as to Jerry Jason Barlow. (Bedwell, Gloria) (Entered: 01/24/2006) |
| 01/24/2006 | | REFERRAL OF [192](#) MOTION to Postpone Sentencing as to Jerry Jason Barlow to Judge Steele (mbp, ) (Entered: 01/24/2006) |
| 01/24/2006 | [193](#) | ORDER granting [192](#) Motion to Postpone Sentencing as to Jerry Jason Barlow entered that the Sentencing Hearing is reset for 4/25/2006 at 09:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 1/24/06. Copies to parties and USM notified via telephone 1/24/06 (mbp, ) (Entered: 01/24/2006) |
| 01/27/2006 | [194](#) | TRANSCRIPT INFORMATION FORM as to John Windell Clay filed by USA attorney David Andrew Sigler, requesting transcripts for proceedings as follows: 08/08/05 - 08/09/05 Trial before Chief Judge Callie V.S. Granade, Court Reporter Debra Isbell, re [185](#) Notice of Appeal - Final Judgment. USCA Case Number 06-1088-F. (lsw) (Entered: 01/31/2006) |
| 01/30/2006 | [195](#) | TRANSCRIPT INFORMATION FORM as to John Windell Clay filed by attorney Neil Hanley, requesting transcripts for proceedings as follows: 8/8/05 to 8/9/05 Sentencing hearing before Chief Judge Callie V.S. Granade, Court Reporter Debra Isbell, re [185](#) Notice of Appeal - Final Judgment . Pink and green copies sent to Mrs. Isbell. USCA Case Number 06-10088-F. (lsw) (Entered: 02/01/2006) |
| 01/30/2006 | | CJA 24 Request for Transcript as to John Windell Clay filed by attorney Neil Hanley, requesting transcripts for proceedings as follows: 8/8/05 - 8/9/05 Trial hearings before Chief Judge Callie V.S. Granade, Court Reporter Debra Isbell, re [185](#) Notice of Appeal - Final Judgment. USCA Case Number 06-10088-F. Original form forwarded to Chief Judge Granade. (lsw) (Entered: 02/01/2006) |
| 01/30/2006 | [196](#) | TRANSCRIPT INFORMATION FORM as to John Windell Clay filed by attorney Neil Hanley, requesting transcripts for proceedings as follows: 12/13/05 Sentencing hearing before Chief Judge Callie V.S. Granade, Court Reporter Roy Isbell, re [185](#) Notice of Appeal - Final Judgment. USCA Case Number 06-10088-F. (lsw) (Entered: 02/01/2006) |
| 01/30/2006 | | CJA 24 Request for Transcript as to John Windell Clay filed by CJA attorney Neil Hanley, requesting transcripts for proceedings as follows: 12/13/05 Sentencing hearing before Chief Judge Callie V.S. Granade, Court Reporter Roy Isbell, re [185](#) Notice of Appeal - Final Judgment, USCA Case Number 06-10088-F. Original |

| | | |
|---|---|---|
| | | form forwarded to Chief Judge Granade. (lsw) (Entered: 02/01/2006) |
| 01/30/2006 | | CJA 24 Request for Transcript as to John Windel Clay filed by CJA attorney Neil Hanley, requesting transcripts for proceedings as follows: 6/28/05 Motion Hearing before Judge William H. Steele, Court Reporter Mary Frances Giattina, re 185 Notice of Appeal - Final Judgment, USCA Case Number 06-10088-F. Original form forwarded to Judge Steele. (lsw) (Entered: 02/01/2006) |
| 01/30/2006 | 197 | Transcript Acknowledgment as to John Windell Clay filed by Court Reporter Debra Isbell, re: 185 Notice of Appeal - Final Judgment for proceedings as follows: 8/8/05 - 8/9/05 Trial hearings before Chief Judge Callie V.S. Granade, USCA Case Number 06-10088-F. Estimated filing date: 30 days after receipt of CJA 24 form. (lsw) (Entered: 02/01/2006) |
| 01/31/2006 | 198 | Transcript Acknowledgment as to John Windell Clay filed by Court Reporter Debra Isbell, re: 189 Notice of Appeal - Final Judgment for proceedings as follows: 8/8/05 - 8/9/05 Trial hearings before Chief Judge Callie V.S. Granade, USCA Case Number 06-10088-F. Transcripts due by 3/2/2006. (lsw) (Entered: 02/01/2006) |
| 02/01/2006 | 199 | Transcript Acknowledgment as to John Windell Clay filed by Court Reporter Mary Frances Giattina, re: 185 Notice of Appeal - Final Judgment for proceedings as follows: 6/28/05 Motion Hearing before Judge William H. Steele, USCA Case Number 06-10088-F. Satisfactory arrangements for paying the cost of the transcript have not been made. (lsw) (Entered: 02/01/2006) |
| 02/01/2006 | | CJA 24 as to John Windell Clay: Authorization signed by Judge William H. Steele. Original forwarded to Mary Frances Giattina, Court Reporter, to prepare the 6/28/05 Motion Hearing transcript, following e-mail to Mrs. Giattina. USCA Case Number 06-10088-F. (lsw) (Entered: 02/01/2006) |
| 02/02/2006 | | CJA 24 as to John Windell Clay: Authorization signed by Chief Judge Callie V.S. Granade. Original to Roy Isbell, Court Reporter, to prepare the 12/13/05 Sentencing hearing transcript. USCA case number 06-10088-F. (lsw) (Entered: 02/02/2006) |
| 02/02/2006 | | CJA 24 as to John Windell Clay: Authorization signed by Chief Judge Callie V.S. Granade. Original forwarded to Debra Isbell, Court Reporter, to prepare the 8/8/05 - 8/9/05 Jury Trial transcripts. USCA case number 06-10088-F. (lsw) (Entered: 02/02/2006) |
| 02/07/2006 | 200 | Transcript Acknowledgment as to John Windell Clay filed by Court Reporter Mary Frances Giattina, re: 185 Notice of Appeal - Final Judgment, 189 Notice of Appeal - Final Judgment for proceedings as follows: 6/28/05 Motion Hearing, before Judge William H. Steele, USCA Case Number 06-10088-F. Transcript due by 3/3/2006. (lsw) (Entered: 02/07/2006) |
| 02/08/2006 | 201 | Transcript Acknowledgment as to John Windell Clay filed by Court Reporter Debra Isbell, re: 185 Notice of Appeal - Final Judgment, 189 Notice of Appeal - Final Judgment for proceedings as follows: 8/8/05 to 8/9/05 Trial hearings before Chief Judge Callie V.S. Granade, USCA Case Number 06-10088-F. Transcripts due by 3/8/2006. (lsw) (Entered: 02/08/2006) |
| 02/08/2006 | 202 | Transcript Acknowledgment as to John Windel Clay filed by Court Reporter Roy |

Exhibit G, page 29

| | | Isbell, re: 185 Notice of Appeal - Final Judgment, 189 Notice of Appeal - Final Judgment for proceedings as follows: 12/13/05 Sentencing hearing before Chief Judge Callie V.S. Granade, USCA Case Number 06-10088-F. This transcript was previously filed on 12/27/05. (lsw) (Entered: 02/08/2006) |
|---|---|---|
| 02/16/2006 | 203 | MOTION to Continue *sentencing* by Anthony Dan Mosley. (Cleveland, Lila) (Entered: 02/16/2006) |
| 02/17/2006 | | REFERRAL OF 203 MOTION to Continue *sentencing* as to Anthony Dan Mosley to Judge Steele [Currently set 2/22/06 at 10 am] (mpp ) (Entered: 02/17/2006) |
| 02/17/2006 | 204 | ORDER granting 203 Motion to Continue as to Anthony Dan Mosley. The Sentencing Hearing is reset for 4/21/2006 at 09:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 2/17/06. Copies to parties 2/17/06 (mbp, ) (Entered: 02/17/2006) |
| 02/22/2006 | 205 | MOTION to Postpone Sentencing *by D, inns of justice* by Candice Elizabeth Lambeth. (Wilson, J.) (Entered: 02/22/2006) |
| 02/22/2006 | | REFERRAL OF 205 MOTION to Postpone Sentencing *by D, inns of justice* as to Candice Elizabeth Lambeth to Judge Steele (mbp, ) (Entered: 02/22/2006) |
| 02/22/2006 | 206 | ORDER granting 205 Motion to Postpone Sentencing as to Candice Elizabeth Lambeth. The Sentencing Hearing is reset for 6/7/2006 at 09:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 2/22/06. Copies to parties 2/22/06 (mbp, ) (Entered: 02/22/2006) |
| 02/25/2006 | 207 | MOTION to Postpone Sentencing by USA as to Shannon Lee Lambeth. (Bedwell, Gloria) (Entered: 02/25/2006) |
| 03/01/2006 | 208 | ORDER granting 207 Motion to Postpone Sentencing as to Shannon Lee Lambeth. The Sentencing Hearing is reset for 5/9/2006 at 09:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 3/1/06. Copies to parties 3/1/06 (mbp, ) (Entered: 03/01/2006) |
| 03/01/2006 | 211 | TRANSCRIPT filed as to John Windell Clay for dates of 8/8/05 - 8/9/05 Day 1 of Trial before Chief Judge Callie V.S. Granade, re 185 Notice of Appeal - Final Judgment, 189 Notice of Appeal - Final Judgment. Court Reporter: Debra Amos Isbell. USCA Case Number 06-10088-F. Notice of Transcript Redaction to be filed by 3/8/2006. Statement of Transcript Redaction to be filed with Court Reporter by 3/22/2006. (Attachments: # 1 Pilot Project Notice)(lsw) (Entered: 03/15/2006) |
| 03/01/2006 | 212 | TRANSCRIPT filed as to John Windell Clay for dates of 8/9/05 Day 2 of Trial before Chief Judge Callie V.S. Granade, re 185 Notice of Appeal - Final Judgment, 189 Notice of Appeal - Final Judgment. Court Reporter: Debra Amos Isbell. USCA Case Number 06-10088-F. Certificate of Readiness due by 3/15/2006. Notice of Transcript Redaction to be filed by 3/8/2006. Statement of Transcript Redaction to be filed with Court Reporter by 3/22/2006. (Attachments: # 1 Pilot Project Notice)(lsw) (Entered: 03/15/2006) |
| 03/03/2006 | 209 | TRANSCRIPT filed as to John Windell Clay for dates of 6/28/05 Suppression Hearing before Judge William H. Steele, re 185 Notice of Appeal - Final |

Exhibit G, page 30

| | | Judgment, 189 Notice of Appeal - Final Judgment. Court Reporter: Mary Frances Giattina. USCA Case Number 06-10088-F. Notice of Transcript Redaction to be filed by 3/10/2006. Statement of Transcript Redaction to be filed with Court Reporter by 3/24/2006. (Attachments: # 1 Pilot Project Notice)(lsw) (Entered: 03/03/2006) |
|---|---|---|
| 03/09/2006 | 210 | CJA 24 as to John Windell Clay: Authorization to Pay Mary Frances Giattina $201.30 for the 6/28/05 Motion Hearing Transcript, Voucher # 060308000008. USCA case number 06-10088-F. (lsw) (Entered: 03/09/2006) |
| 03/21/2006 | 213 | CJA 24 as to John Windell Clay: Authorization to Pay Debra Amos Isbell $1,098.90 for the 8/8/05 - 8/9/05 Jury Trial Transcript, Voucher # 060320000028. USCA case number 06-10088-F. (lsw) (Entered: 03/21/2006) |
| 04/06/2006 | 214 | MOTION to Withdraw as Attorney by J. E. Wilson. by Candice Elizabeth Lambeth. (Wilson, J.) (Entered: 04/06/2006) |
| 04/07/2006 | | REFERRAL OF 214 MOTION to Withdraw as Attorney by J. E. Wilson. as to Candice Elizabeth Lambeth to Judge Steele (mbp, ) (Entered: 04/07/2006) |
| 04/07/2006 | 215 | ORDER granting 214 Motion to Withdraw as Attorney. J. Elizabeth Wilson withdrawn from case as to Candice Elizabeth Lambeth and Andrew Jones is hereby appointed to represent Defendant. Signed by Judge William H. Steele on 4/7/06. Copies to parties 4/7/06 (mbp, ) (Entered: 04/07/2006) |
| 04/12/2006 | 216 | CJA 20 as to Candice Elizabeth Lambeth: Appointment of Attorney Andrew M. Jones for Candice Elizabeth Lambeth. Signed by Judge William H. Steele on 4/7/06. (Attachments:, # 1) (mbp, ) (Entered: 04/12/2006) |
| 04/14/2006 | | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Southern District of Alabama certifies that the record as to John Windell Clay is complete for purposes of this appeal re: 185 Notice of Appeal - Final Judgment, and re: 189 Notice of Appeal - Final Judgment, Appeal No. 06-10088-FF. The record on appeal is available electronically with the exception of the Government exhibits entered into evidence at the 8/8/05 Jury Trial hearing. See exhibit list at 125 . (lsw) (Entered: 04/14/2006) |
| 04/19/2006 | 217 | MOTION to Continue by Anthony Dan Mosley. (Cleveland, Lila) (Entered: 04/19/2006) |
| 04/19/2006 | | REFERRAL OF 217 MOTION to Continue as to Anthony Dan Mosley to Judge Steele (mbp, ) (Entered: 04/19/2006) |
| 04/20/2006 | 218 | ORDER granting 217 Motion to Continue as to Anthony Dan Mosley. The Sentencing Hearing is rset for 5/5/2006 at 09:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 4/19/06. Copies to parties 4/20/06 (mbp, ) (Entered: 04/20/2006) |
| 04/20/2006 | 219 | MOTION to Postpone Sentencing by USA as to Jerry Jason Barlow. (Bedwell, Gloria) (Entered: 04/20/2006) |
| 04/20/2006 | | REFERRAL OF 219 MOTION to Postpone Sentencing as to Jerry Jason Barlow to Judge Steele (mbp, ) (Entered: 04/20/2006) |
| 04/21/2006 | 220 | ORDER granting 219 Motion to Postpone Sentencing as to Jerry Jason Barlow. The Sentencing Hearing is reset for 7/6/2006 at 09:30 AM in Courtroom 2A |

|  |  | before Judge William H. Steele. Signed by Judge William H. Steele on 4/21/06. Copies to parties 4/21/06 (mbp, ) (Entered: 04/21/2006) |
|---|---|---|
| 04/21/2006 | 221 | ORDER as to Anthony Dan Mosley entered that the Sentencing Hearing is RESET for 5/12/2006 at 09:30 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 4/21/06. Copies to parties 4/21/06 (mbp, ) (Entered: 04/21/2006) |
| 05/01/2006 | 222 | MOTION to Postpone Sentencing by USA as to Shannon Lee Lambeth. (Bedwell, Gloria) (Entered: 05/01/2006) |
| 05/01/2006 |  | REFERRAL OF 222 MOTION to Postpone Sentencing as to Shannon Lee Lambeth to Judge Steele [sentence currently set for May 9, 2006,at 9 :00 a.m.]. (mpp) (Entered: 05/01/2006) |
| 05/01/2006 | 223 | ORDER granting 222 Motion to Postpone Sentencing as to Shannon Lee Lambeth.Sentencing set for 8/24/2006 at 9:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 5/1/06. Copies to counsel,prb,p/t, USM,CRD.(mpp) (Entered: 05/01/2006) |
| 05/03/2006 |  | Certified and Transmitted Record on Appeal as to John Windell Clay to US Court of Appeals re 185 Notice of Appeal - Final Judgment, and re: 189 Notice of Appeal - Final Judgment, consisting of 8/8/05 Jury Trial Government Exhibits (1 folder of exhibits). The remainder of this record is available electronically. USCA Case Number 06-10088-FF. (lsw) (Entered: 05/03/2006) |
| 05/11/2006 | 224 | MOTION for Downward Departure by USA as to Anthony Dan Mosley. (Bedwell, Gloria) (Entered: 05/11/2006) |
| 05/11/2006 |  | REFERRAL OF 224 MOTION for Downward Departure as to Anthony Dan Mosley to Judge Steele (mbp, ) (Entered: 05/11/2006) |
| 05/11/2006 | 225 | Motion for Downward Departure 224 re Anthony Mosley filed by USA, endorsed NOTED and Carried to Sentencing Hearing. (Steele, William) (Entered: 05/11/2006) |
| 05/12/2006 |  | ORAL ORDER as to Anthony Dan Mosley re 224 MOTION for Downward Departure filed by USA is GRANTED . Signed by Judge William H. Steele on 5/12/06. Copies to parties 5/12/06 (mbp, ) (Entered: 05/12/2006) |
| 05/12/2006 |  | Minute Entry for proceedings held before Judge William H. Steele :Sentencing held on 5/12/2006 for Anthony Dan Mosley, Count(s) 1, Defendant is hereby committed to the BOP for a term of 60 MONTHS. It is recommended to the BOP that defendant be allowed to participate in residential, comprehensive substance abuse treatment while incarcerated and that he be incarcerated as close to his family as possible. SRT FIVE (5) YEARS. Special Conditions: defendant is to participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the Probation Office. Defendant is to make restitution in the amount of $1,196.00 payable to the Drug Enforcement Agency. Restitution is to be paid jointly and severally with co-defendants. Defendant is to make minimum monthly payments in the amount of $50.00. SA $100.00. Counts Two and Six are hereby dismissed on the Government's Motion. Court Reporter Mary Frances Giattina. (mbp, ) (Entered: 05/12/2006) |

Exhibit G, page 32

| | | |
|---|---|---|
| 05/16/2006 | 226 | JUDGMENT as to Anthony Dan Mosley, Count(s) 1, Defendant is hereby committed to the BOP for a term of 60 MONTHS. It is recommended to the BOP that defendant be allowed to participate in residential, comprehensive substance abuse treatment while incarcerated and that he be incarcerated as close to his family as possible. SRT FIVE (5) YEARS. Special Conditions: defendant is to participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the Probation Office. Defendant is to make restitution in the amount of $1,196.00 payable to the Drug Enforcement Agency. Restitution is to be paid jointly and severally with co-defendants. Defendant is to make minimum monthly payments in the amount of $50.00. SA $100.00 Counts Two and Six are hereby dismissed on the Government's Motion. Signed by Judge William H. Steele on 5/15/06. Copies to parties 5/16/06 (mbp, ) (Entered: 05/16/2006) |
| 05/23/2006 | 227 | MOTION for One Day Release *to attend Funeral* by Jerry Jason Barlow. (Moorer, Larry) (Entered: 05/23/2006) |
| 05/24/2006 | | REFERRAL OF 227 MOTION for One Day Release *to attend Funeral* as to Jerry Jason Barlow to Judge Steele (tgw, ) (Entered: 05/24/2006) |
| 05/24/2006 | 228 | ORDER denying 227 Motion for One Day Release as to Jerry Jason Barlow (5). Signed by Judge William H. Steele on 05/24/06. (adk ) (Entered: 05/24/2006) |
| 06/06/2006 | 229 | MOTION to Postpone Sentencing by USA as to Candice Elizabeth Lambeth. (Bedwell, Gloria) (Entered: 06/06/2006) |
| 06/06/2006 | | REFERRAL OF 229 MOTION to Postpone Sentencing as to Candice Elizabeth Lambeth to Judge Steele (mbp, ) (Entered: 06/06/2006) |
| 06/06/2006 | 230 | ORDER granting 229 Motion to Postpone Sentencing as to Candice Elizabeth Lambeth. The Sentencing Hearing is reset for 10/26/2006 at 09:30 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 6/6/06. Copies to parties 6/6/06 (mbp, ) (Entered: 06/06/2006) |
| 07/05/2006 | 231 | MOTION to Postpone Sentencing by USA as to Jerry Jason Barlow. (Bedwell, Gloria) (Entered: 07/05/2006) |
| 07/05/2006 | | REFERRAL OF 231 MOTION to Postpone Sentencing as to Jerry Jason Barlow to Judge Steele (mbp, ) (Entered: 07/05/2006) |
| 07/05/2006 | 232 | ORDER granting 231 Motion to Postpone Sentencing as to Jerry Jason Barlow. The Sentencing Hearing is reset for 7/27/2006 at 10:30 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 7/5/06. Copies to parties and USM notified via telephone 7/5/06 (mbp, ) (Entered: 07/05/2006) |
| 07/07/2006 | 233 | ORDER as to Jerry Jason Barlow entered that the Sentencing Hearing is reset for 7/28/2006 at 09:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 7/6/06. Copies to parties 7/6/06(mbp, ) (Entered: 07/07/2006) |
| 07/25/2006 | 234 | MOTION to Postpone Sentencing by USA as to Jerry Jason Barlow. (Bedwell, Gloria) (Entered: 07/25/2006) |
| 07/25/2006 | | REFERRAL OF 234 MOTION to Postpone Sentencing as to Jerry Jason Barlow to Judge Steele (mbp, ) (Entered: 07/25/2006) |

| 07/26/2006 | 235 | ORDER granting 234 Motion to Postpone Sentencing as to Jerry Jason Barlow. The Sentencing Hearing is reset for 9/26/2006 at 10:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 7/26/06. Copies to parties 7/26/06 (mbp, ) (Entered: 07/26/2006) |
| --- | --- | --- |
| 08/22/2006 | 236 | MOTION to Postpone Sentencing by USA as to Shannon Lee Lambeth. (Bedwell, Gloria) (Entered: 08/22/2006) |
| 08/22/2006 | | REFERRAL OF 236 MOTION to Postpone Sentencing as to Shannon Lee Lambeth to Judge Steele (mbp, ) (Entered: 08/22/2006) |
| 08/23/2006 | 237 | ORDER granting 236 Motion to Postpone Sentencing as to Shannon Lee Lambeth. The Sentencing Hearing is reset for 10/26/2006 at 10:30 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 8/23/06. Copies to parties 8/23/06 (mbp, ) (Entered: 08/23/2006) |
| 09/01/2006 | | Certified and Transmitted Record on Appeal (Part Two) as to John Windell Clay to US Court of Appeals re 185 Notice of Appeal - Final Judgment and re 189 Notice of Appeal - Final Judgment, consisting of Documents 1 thru 213 (13 and 175 are SEALED), and the following transcripts: 6/28/05 Suppression Hearing, 8/8/05 Trial Day 1, 8/9/05 Trial Day 2, and 12/13/05 Sentencing hearing. USCA Case Number 06-10088-FF. (lsw) (Entered: 09/01/2006) |
| 09/08/2006 | 238 | MOTION to Amend/Correct *Position of the Defendant with Respect to Sentencing Factors* by Candice Elizabeth Lambeth. (Jones, Andrew) (Entered: 09/08/2006) |
| 09/08/2006 | 239 | Amended Position of Defendant re Sentencing Factors 238 filed by Candice Elizabeth Lambeth, endorsed NOTED and Carried to Sentencing Hearing. (Steele, William) (Entered: 09/08/2006) |
| 09/19/2006 | 240 | MOTION to Postpone Sentencing by USA as to Jerry Jason Barlow. (Bedwell, Gloria) (Entered: 09/19/2006) |
| 09/20/2006 | | REFERRAL OF 240 MOTION to Postpone Sentencing as to Jerry Jason Barlow to Judge Steele (mbp, ) (Entered: 09/20/2006) |
| 09/20/2006 | 241 | ORDER granting 240 Motion to Postpone Sentencing as to Jerry Jason Barlow. The Sentencing Hearing is reset for 1/4/2006 at 10:30 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 9/19/06. Copies to parties 9/20/06 (mbp, ) (Entered: 09/20/2006) |
| 10/25/2006 | 242 | MOTION to Postpone Sentencing by USA as to Shannon Lee Lambeth. (Bedwell, Gloria) (Entered: 10/25/2006) |
| 10/25/2006 | 243 | MOTION to Postpone Sentencing by USA as to Candice Elizabeth Lambeth. (Bedwell, Gloria) (Entered: 10/25/2006) |
| 10/25/2006 | | REFERRAL OF 242 MOTION to Postpone Sentencing, 243 MOTION to Postpone Sentencing as to Shannon Lee Lambeth, Candice Elizabeth Lambeth to Judge Steele (mbp, ) (Entered: 10/25/2006) |
| 10/25/2006 | 244 | ORDER granting 242 Motion to Postpone Sentencing as to Shannon Lee Lambeth. The Sentencing Hearing is reset for 1/19/2007 at 09:30 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 10/25/06. Copies to parties 10/25/06 (mbp, ) (Entered: 10/25/2006) |

| 10/25/2006 | 245 | ORDER granting 243 Motion to Postpone Sentencing as to Candice Elizabeth Lambeth. The Sentencing Hearing is reset for 1/19/2007 at 10:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 10/25/06. Copies to parties 10/25/06 (mbp, ) (Entered: 10/25/2006) |
|---|---|---|
| 01/03/2007 | 246 | MOTION to Postpone Sentencing by Jerry Jason Barlow. (Moorer, Larry) (Entered: 01/03/2007) |
| 01/03/2007 | 247 | ORDER granting 246 Motion to Postpone Sentencing as to Jerry Jason Barlow. The Sentencing Hearing is reset for 3/29/2007 at 09:30 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 1/3/07. Copies to parties 1/4/07 at 7:50 a.m. (mbp) (Entered: 01/04/2007) |
| 01/18/2007 | 248 | MOTION to Postpone Sentencing by USA as to Shannon Lee Lambeth. (Bedwell, Gloria) (Entered: 01/18/2007) |
| 01/18/2007 | | REFERRAL OF 248 MOTION to Postpone Sentencing as to Shannon Lee Lambeth to Judge Steele (mbp) (Entered: 01/18/2007) |
| 01/18/2007 | 249 | MOTION to Postpone Sentencing by USA as to Candice Elizabeth Lambeth. (Bedwell, Gloria) (Entered: 01/18/2007) |
| 01/18/2007 | 250 | ORDER granting 249 Motion to Postpone Sentencing as to Candice Elizabeth Lambeth (2). Sentencing set for 2/16/2007 10:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 1/18/07. Copy to parties, PT, Prob, USM (tgw) (Entered: 01/18/2007) |
| 01/18/2007 | 251 | ORDER granting 248 Motion to Postpone Sentencing as to Shannon Lee Lambeth (1). Sentencing set for 2/16/2007 09:30 AM in Courtroom 2A before Judge William H. Steele.. Signed by Judge William H. Steele on 1/18/07. Copy to parties, PT, Prob, USM (tgw) (Entered: 01/18/2007) |
| 02/02/2007 | 252 | ORDER as to Timothy Scott Jackson entered that the Court AMENDS nunc pro tunc the Judgment entered on 5/16/06, to read as follows: Restitution is to be paid jointly and severally with co-defendants, Shannon Lee Lambeth, Candice Elizabeth Lambeth, Anthony Dan Mosley and Jerry Jason Barlow. Signed by Judge William H. Steele on 1/31/07. Copies to parties 2/2/07 (mbp) (Entered: 02/02/2007) |
| 02/02/2007 | 253 | ORDER as to Anthony Dan Mosley entered that the Court AMENDS nunc pro tunc the Judgment entered on 5/16/06, to read as follows: Restitution is to be paid jointly and severally with co-defendants, Shannon Lee Lambeth, Candice Elizabeth Lambeth, Timothy Scott Jackson and Jerry Jason Barlow. Signed by Judge William H. Steele on 1/31/07. Copies to parties 2/2/07 (mbp) (Entered: 02/02/2007) |
| 02/16/2007 | | Minute Entry for proceedings held before Judge William H. Steele :Sentencing held on 2/16/2007 for Shannon Lee Lambeth, Count(s) 1, Defendant is hereby committed to the BOP for a term of 146 MONTHS. It is recommended to the BOP that defendant be allowed to participate in residential, comprehensive substance abuse treatment while incarcerated. SRT FIVE (5) YEARS. Defendant is to make restitution payable to DEA in the amount of $1,196.00. Restitution is to be paid jointly and severally with co-defendants, Candice Lambeth, Timothy Jackson, Jerry Jason Barlow and Anthony Mosley. No interest is to accrue on the |

Exhibit G, page 35

| | | |
|---|---|---|
| | | restitution.; Count(s) 2, 4, 5, 6, 8 and 9 are Dismissed on Government's Motion. Court Reporter Mary Frances Giattina. (mbp) (Entered: 02/16/2007) |
| 02/16/2007 | | ORAL MOTION for Downward Departure by USA as to Candice Elizabeth Lambeth. (mbp) (Entered: 02/16/2007) |
| 02/16/2007 | | ORAL ORDER as to Candice Elizabeth Lambeth granting the Government's Oral Motion for Downward Departure. Entered by Judge William H. Steele in open Court on 2/16/07. (mbp) (Entered: 02/16/2007) |
| 02/16/2007 | | Minute Entry for proceedings held before Judge William H. Steele :Sentencing held on 2/16/2007 for Candice Elizabeth Lambeth, Count(s) 1, Defendant is hereby committed to the BOP for a term of 36 MONTHS. It is recommended that defendant be allowed to participate in residential, comprehensive substance abuse treatment while incarcerated. SRT FIVE (5) YEARS. Defendant is to make restitution payable to the DEA in the amount of $1,196.00. Restitution is to be paid jointly and severally with co-defendants, Shannon Lambeth, Timothy Jackson, Jerry Jason Barlow and Anthony Mosley. No interest is to accrue on this debt. Defendant is to participate in a program of testing and treatment for drug and/or alcohol tretment as directed by the Probation Office. Count(s) 2, 4, 5, 6, 8 and 9 are dismissed on Government's Motion. Court Reporter Mary Frances Giattina. (mbp) DEFENDANT'S EXHIBTS 1 and 2 located in daily folder. DEFENDANT'S EXHIBIT 3 is SEALED and located in the criminal safe. (Entered: 02/16/2007) |
| 02/16/2007 | 257 | MOTION for Downward Departure by USA as to Shannon Lee Lambeth. (mbp) (Entered: 02/16/2007) |
| 02/16/2007 | | ORAL ORDER as to Shannon Lee Lambeth granting the Government's Motion for Downward Departure.Entered by Judge William H. Steele in open Court on 2/16/07. (mbp) (Entered: 02/16/2007) |
| 02/22/2007 | 258 | MOTION to Reduce Sentence *or Correct Sentence* by Shannon Lee Lambeth. (Dumas, Barre) (Entered: 02/22/2007) |
| 02/23/2007 | | REFERRAL OF 258 MOTION to Reduce Sentence *or Correct Sentence* as to Shannon Lee Lambeth to Judge Steele (mbp) (Entered: 02/23/2007) |
| 02/23/2007 | 259 | NOTICE *OF COMPLIANCE WITH LOCAL RULE 83.8(b)(1)* by Candice Elizabeth Lambeth (Jones, Andrew) (Entered: 02/23/2007) |
| 02/23/2007 | 260 | ORDER granting 258 Motion to Reduce or Correct Sentence as to Shannon Lee Lambeth. Defendant is hereby scheduled to be re-sentenced on 3/9/07 at 10:30 a.m. in Courtroom 2A. Signed by Judge William H. Steele on 2/23/07. Copies to parties 2/23/07 (mbp) (Entered: 02/23/2007) |
| 02/27/2007 | 261 | MOTION to Continue */rescedule resentence hearing* by Shannon Lee Lambeth. (Dumas, Barre) (Entered: 02/27/2007) |
| 02/27/2007 | | REFERRAL OF 261 MOTION to Continue */rescedule resentence hearing* as to Shannon Lee Lambeth to Judge Steele (mbp) (Entered: 02/27/2007) |
| 02/28/2007 | 262 | ORDER granting 261 Motion to Continue Resentencing as to Shannon Lee Lambeth. TheDefendant is hereby scheduled to be re-sentenced on 3/16/2007 at |

| | | |
|---|---|---|
| | | 10:00 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 2/27/07. Copies to parties 2/28/07 (mbp) (Entered: 02/28/2007) |
| 02/28/2007 | 263 | JUDGMENT as to Candice Elizabeth Lambeth, Count(s) 1, Defendant is hereby committed to the BOP for a term of 36 MONTHS. It is recommended that defendant be allowed to participate in residential, comprehensive substance abuse treatment while incarcerated. SRT FIVE (5) YEARS. Defendant is to make restitution payable to the DEA in the amount of $1,196.00. Restitution is to be paid jointly and severally with co-defendants, Shannon Lambeth, Timothy Jackson, Jerry Jason Barlow and Anthony Mosley. No interest is to accrue on this debt. Defendant is to participate in a program of testing and treatment for drug and/or alcohol tretment as directed by the Probation Office. Count(s) 2, 4, 5, 6, 8 and 9 are dismissed on Government's Motion. Signed by Judge William H. Steele on 2/27/07. Copies to parties 2/28/07 (mbp) (Entered: 02/28/2007) |
| 03/13/2007 | 264 | ORDER as to Shannon Lee Lambeth entered that the Sentencing Hearing is reset for 3/15/2007 at 09:30 AM in Courtroom 2A before Judge William H. Steele. Signed by Judge William H. Steele on 3/13/07. Copies to parties 3/14/07 (mbp) (Entered: 03/14/2007) |
| 03/15/2007 | | Minute Entry for proceedings held before Judge William H. Steele :Sentencing held on 3/15/2007 for Shannon Lee Lambeth, Count(s) 1, Defendant is hereby committed to the BOP for a term of 146 MONTHS. It is recommended to the BOP that defendant be allowed to participate in residential, comprehensive substance abuse treatment while incarcerated. SRT FIVE (5) YEARS. Defendant is to make restitution payable to DEA in the amount of $1,196.00. Restitution is to be paid jointly and severally with co-defendants, Candice Lambeth, Timothy Jackson, Jerry Jason Barlow and Anthony Mosley. No interest is to accrue on the restitution. Count(s) 2, 4, 5, 6, 8, 9 are Dismissed on Government's Motion. Court Reporter Mary Frances Giattina. (mbp) EXHIBITS ARE ON THE CORRESPONDENCE SIDE OF THE FILE. (Entered: 03/15/2007) |
| 03/15/2007 | 265 | JUDGMENT as to Shannon Lee Lambeth, Count(s) 1, Defendant is hereby committed to the BOP for a term of 146 MONTHS. It is recommended to the BOP that defendant be allowed to participate in residential, comprehensive substance abuse treatment while incarcerated. SRT FIVE (5) YEARS. Defendant is to make restitution payable to DEA in the amount of $1,196.00. Restitution is to be paid jointly and severally with co-defendants, Candice Lambeth, Timothy Jackson, Jerry Jason Barlow and Anthony Mosley. No interest is to accrue on the restitution. Count(s) 2, 4, 5, 6, 8, and 9 are dismissed on Government's Motion. Signed by Judge William H. Steele on 3/15/07. Copies to parties 3/15/07 (mbp) (Entered: 03/15/2007) |
| 03/29/2007 | | ORAL MOTION for Downward Departure by USA as to Jerry Jason Barlow. (mbp) (Entered: 03/29/2007) |
| 03/29/2007 | | ORAL ORDER as to Jerry Jason Barlow that the Government's Oral Motion for Downward Department is GRANTED. Signed by Judge William H. Steele on 3/29/07. Copies to parties 3/29/07 (mbp) (Entered: 03/29/2007) |
| 03/29/2007 | | Minute Entry for proceedings held before Judge William H. Steele :Sentencing held on 3/29/2007 for Jerry Jason Barlow, Count(s) 1, Defendant is hereby |

Exhibit G, page 37

| | | |
|---|---|---|
| | | committed to the BOP for a term of 35 MONTHS. It is recommended to the BOP that defendant be allowed to participate in residential, comprehensive substance abuse treatment while incarcerated. SRT FIVE (5) YEARS. Defendant is to make restitution in the amount of $1,196.00 payable to DEA. Restitution is to be paid jointly and severally with co-defendants, Shannon Lambeth, Candice Lambeth, Anthony Mosley and Timothy Jackson. Defendant is to participate in a program of testing and treatment for drug and /or alcohol abuse as directed by the Probation Office. SA $100.00. Count(s) 2 and 6 are hereby Dismissed on Government's Motion. Court Reporter Mary Frances Giattina. (mbp) (Entered: 03/29/2007) |
| 04/03/2007 | 266 | JUDGMENT AFFIRMING SENTENCE ISSUED AS MANDATE of USCA (certified copy) as to John Windell Clay, Exhibit Letter deadline 7/2/2007. (jal) (Entered: 04/12/2007) |
| 04/16/2007 | 267 | JUDGMENT as to Jerry Jason Barlow, Count(s) 1, Defendant is hereby committed to the BOP for a term of 35 MONTHS. It is recommended to the BOP that defendant be allowed to participate in residential, comprehensive substance abuse treatment while incarcerated. SRT FIVE (5) YEARS. Defendant is to make restitution in the amount of $1,196.00 payable to DEA. Restitution is to be paid jointly and severally with co-defendants, Shannon Lambeth, Candice Lambeth, Anthony Mosley and Timothy Jackson. Defendant is to participate in a program of testing and treatment for drug and /or alcohol abuse as directed by the Probation Office. SA $100.00. Count(s) 2 and 6 are hereby Dismissed on Government's Motion.. Signed by Judge William H. Steele on 4/16/07. (mbp) (Entered: 04/16/2007) |
| 05/02/2007 | 268 | JUDGMENT ISSUED AS MANDATE 5/2/07 AFFIRMING CONVICTION AND SENTENCE of USCA (certified copy) as to John Windell Clay re 266 USCA Mandate, Exhibit Letter deadline 7/31/2007. (jal) (Entered: 05/02/2007) |
| 05/03/2007 | | Appeal Record Returned consisting of 1 vol. of pleadings, 4 vols of transcripts, 1 folder of trial exhibits, 1 sealed PSI (disposed of) as to John Windell Clay 268 USCA Mandate USCA Case Number 06-10088, Exhibit Return/Dispose deadline 6/4/2007. (jal) (Entered: 05/08/2007) |
| 05/18/2007 | 269 | Judgment Returned Executed as to Candice Elizabeth Lambeth on 5/8/07 Deft. delivered to FCI Tallahassee. (cwr) (Entered: 05/18/2007) |
| 07/12/2007 | 270 | Exhibits Returned to U.S. Attorney's Office as to Defendant John Windell Clay (jal) (Entered: 07/12/2007) |
| 08/16/2007 | 271 | Judgment Returned Executed as to Jerry Jason Barlow on 8/10/07 Deft. delivered to Jesup,GA. (cwr) (Entered: 08/16/2007) |
| 06/30/2008 | 272 | Judgment Returned Executed as to Shannon Lee Lambeth on 8/6/07 Deft. delivered to FCC Yazoo City. (cwr) (Entered: 07/01/2008) |
| 02/02/2009 | 273 | Satisfaction of Judgment filed by USA as to Shannon Lee Lambeth (Moore, Gary) (Entered: 02/02/2009) |
| 02/02/2009 | 274 | Satisfaction of Judgment filed by USA as to Candice Elizabeth Lambeth (Moore, Gary) (Entered: 02/02/2009) |
| 02/02/2009 | 275 | Satisfaction of Judgment filed by USA as to Timothy Scott Jackson (Moore, |

Exhibit G, page 38

| | | Gary) (Entered: 02/02/2009) |
|---|---|---|
| 02/02/2009 | 276 | Satisfaction of Judgment filed by USA as to Jerry Jason Barlow (Moore, Gary) (Entered: 02/02/2009) |
| 10/28/2010 | 277 | Satisfaction of Judgment *as to Criminal Monetary Penalties* filed by USA as to Anthony Dan Mosley (Moore, Gary) (Entered: 10/28/2010) |
| 08/26/2011 | 281 | ORDER as to Timothy Scott Jackson entered that a Final Hearing re: Revocation of Supervised Release is set for 10/7/2011 at 09:30 AM in US Courthouse, Courtroom 2A, 113 St. Joseph Street, Mobile, AL 36602 before Chief Judge William H. Steele. Signed by Chief Judge William H. Steele on 8/26/2011. (mbp) (Entered: 08/26/2011) |
| 08/29/2011 | | Minute Entry for proceedings held before Magistrate Judge Sonja F. Bivins: Initial Appearance re Revocation of supervised release as to Timothy Scott Jackson held on 8/29/2011; Appearance entered by Latisha V. Colvin for Timothy Scott Jackson on behalf of defendant., Preliminary Hearing as to Timothy Scott Jackson held on 8/29/2011; Counsel present: Sean Costello, Peter Madden FTR Digital Audio Recording. (mjn) (Entered: 08/29/2011) |
| 08/29/2011 | 282 | CJA 23 Financial Affidavit by Timothy Scott Jackson (mjn) (Entered: 08/30/2011) |
| 08/29/2011 | 283 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER Latisha V. Colvin to represent the defendant Timothy Scott Jackson in connection with the revocation hearing. Signed by Magistrate Judge Sonja F. Bivins on 8/29/2011. (mjn) (Entered: 08/30/2011) |
| 08/29/2011 | 284 | Order on Initial Appearance for Revocation of Supervised Release as to Timothy Scott Jackson (Defendant informed of rights); Final Hearing re: Revocation of Supervised Release set for 10/7/2011 09:30 AM in US Courthouse, Courtroom 2A, 113 St. Joseph Street, Mobile, AL 36602 before Chief Judge William H. Steele. Defendant is remanded into custody of USM; The USM is directed to produce defendant for the revocation hearing.. Signed by Magistrate Judge Sonja F. Bivins on 8/29/2011. (mjn) (Entered: 08/30/2011) |
| 09/02/2011 | 285 | Warrant for arrest of supervised releasee Warrant Returned Executed on 8/26/11 as to Timothy Scott Jackson. (mbp) (Entered: 09/02/2011) |
| 10/07/2011 | | Minute Entry for proceedings held before Chief Judge William H. Steele:Final Hearing re Revocation of Supervised Release as to Timothy Scott Jackson held on 10/7/2011. Defendant is committed to the BOP for a term of NINE (9) MONTHS. SRT 24 MONTHS. Court Reporter Mary Frances Giattina. (mbp) (Entered: 10/07/2011) |
| 10/07/2011 | 287 | WAIVER of Final Revocation Hearing by Timothy Scott Jackson (mbp) (Entered: 10/18/2011) |
| 10/18/2011 | 288 | JUDGMENT ON REVOCATION OF SUPERVISED RELEASE TERM, Sentence Imposed 10/7/11 as to Timothy Scott Jackson. Defendant is committed to the BOP for a term of NINE (9) MONTHS. SRT 24 MONTHS. Signed by Chief Judge William H. Steele on 10/18/2011. (mbp) (Entered: 10/18/2011) |

Exhibit G, page 39

| 10/28/2011 | 289 | ORDER as to Timothy Scott Jackson entered for good cause shown and pursuant to the provisions of Fed.R.Cr.P. 36, governing the correction of clerical mistakes contained in the Judgment in a Criminal Case, the court herebyAMENDS nunc pro tunc the judgment which was previously entered in the above styled action,to read as follows: Page 4, Supervised Release, Standard Conditions of Supervised Release:2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.All other provisions of the original sentence are reimposed. Signed by Chief Judge William H. Steele on 10/28/2011. (mbp) (Entered: 10/28/2011) |
|---|---|---|
| 01/12/2012 | 290 | Judgment Returned Executed as to Timothy Scott Jackson on 12/21/11. (tgw) (Entered: 01/12/2012) |
| 07/31/2012 | 299 | ORDER as to Anthony Dan Mosley entered that a Final Hearing re: Revocation of Supervised Release is set for 8/21/2012 at 10:00 AM in US Courthouse, Courtroom 2A, 113 St. Joseph Street, Mobile, AL 36602 before Chief Judge William H. Steele. Signed by Chief Judge William H. Steele on 7/31/2012. (mbp) (Entered: 07/31/2012) |
| 08/02/2012 | 300 | Arrest Warrant Returned Executed on 7/30/12 as to Anthony Dan Mosley. (sdb) (Entered: 08/02/2012) |
| 08/06/2012 | | Minute Entry for proceedings held before Magistrate Judge Bert W. Milling, Jr:Initial Appearance re: Revocation of Supervised Release as to Anthony Dan Mosley held on 8/6/2012. Lila Cleveland appointed for Defendant.FTR Digital Audio Recording. (clr) (Entered: 08/06/2012) |
| 08/06/2012 | 301 | CJA 23 Financial Affidavit by Anthony Dan Mosley (clr) (Entered: 08/07/2012) |
| 08/06/2012 | 302 | WAIVER of Preliminary Hearing by Anthony Dan Mosley (clr) (Entered: 08/07/2012) |
| 08/06/2012 | 303 | Order on Initial Appearance for Revocation of Supervised Release as to Anthony Dan Mosley (Defendant informed of rights). Revocation of Supervised Release set for 8/21/2012 10:00 AM in US Courthouse, Courtroom 2A, 113 St. Joseph Street, Mobile, AL 36602 before Chief Judge William H. Steele. Defendant ORDERED DETAINED. The United States Marshal is ORDERED to produce Defendant for the revocation hearing before Judge Steele, as further set out. Signed by Magistrate Judge Bert W. Milling, Jr on 8/6/2012. (clr) . (Entered: 08/07/2012) |
| 08/13/2012 | 304 | ORDER as to Timothy Scott Jackson setting Final Hearing re: Revocation of Supervised Release for 9/12/2012 09:30 AM in Courtroom 2A before Chief Judge William H. Steele. The United States Marshals Service is directed to produce the Defendant for said hearing. Signed by Chief Judge William H. Steele on 8/13/2012. (tgw) (Entered: 08/13/2012) |
| 08/13/2012 | 306 | Minute Entry for proceedings held before Magistrate Judge Bert W. Milling, Jr:Initial Appearance re Revocation of Supervised Release and Preliminary Hearing as to Timothy Scott Jackson held on 8/13/2012. The Federal Defender and Asst. Federal Defender Christopher Knight appointed for Timothy Scott Jackson. FTR Digital Audio Recording. (clr). Defendant's Exhibit 1 attached. (Entered: 08/13/2012) |
| 08/13/2012 | 305 | CJA 23 Financial Affidavit by Timothy Scott Jackson (clr) (Entered: 08/14/2012) |

Exhibit G, page 40

| 08/14/2012 | 307 | Order on Initial Appearance for Revocation of Supervised Release as to Timothy Scott Jackson (Defendant informed of rights). Revocation of Supervised Release set for 9/12/2012 09:30 AM in US Courthouse, Courtroom 2A, 113 St. Joseph Street, Mobile, AL 36602 before Chief Judge William H. Steele. Defendant ORDERED DETAINED. The United States Marshal is ORDERED to produce Defendant for the revocation hearing before Judge Steele. Signed by Magistrate Judge Bert W. Milling, Jr on 8/13/2012. (clr) (Entered: 08/14/2012) |
|---|---|---|
| 08/14/2012 | 308 | CJA 20 as to Anthony Dan Mosley: Appointment of Lila Cleveland for Defendant re: Supervised Release Revocation Proceedings. Signed by Magistrate Judge Bert W. Milling, Jr on 8/6/2012. (Attachments: # 1 CJA Attachments) (clr) (Entered: 08/14/2012) |
| 08/21/2012 | | Minute Entry for proceedings held before Chief Judge William H. Steele:Final Hearing re Revocation of Supervised Release as to Anthony Dan Mosley held on 8/21/2012. Defendant is committed to the BOP for a term of NINE (9) MONTHS. SRT 24 MONTHS. Court Reporter Mary Frances Giattina. (mbp) (Entered: 08/21/2012) |
| 08/21/2012 | 309 | WAIVER of Final Revocation Hearing by Anthony Dan Mosley (mbp) (Entered: 08/23/2012) |
| 08/23/2012 | 310 | Arrest Warrant Returned Executed on 8/10/12 as to Jerry Jason Barlow. (sdb) (Entered: 08/23/2012) |
| 08/24/2012 | 312 | Arrest Warrant Returned Executed on 8/13/12 as to Timothy Scott Jackson. (tgw) (Entered: 08/27/2012) |
| 08/27/2012 | 311 | JUDGMENT ON REVOCATION OF SUPERVISED RELEASE TERM, Sentence Imposed 8/21/12 as to Anthony Dan Mosley. Defendant is committed to the BOP for a term of NINE (9) MONTHS. SRT 24 MONTHS. Signed by Chief Judge William H. Steele on 8/24/2012. (mbp) (Entered: 08/27/2012) |
| 09/12/2012 | 313 | NOTICE *of Filing of Transcript of Revocation Proceedings (Initial Appearance)* by USA as to Timothy Scott Jackson (Bedwell, Gloria) (Entered: 09/12/2012) |
| 09/12/2012 | | Minute Entry for proceedings held before Chief Judge William H. Steele:Final Hearing re Revocation of Supervised Release as to Timothy Scott Jackson held on 9/12/2012. Defendant is committed to the BOP for a term of 18 MONTHS. No SRT to follow. Court Reporter Mary Frances Giattina. (mbp) (Entered: 09/12/2012) |
| 09/12/2012 | 314 | WAIVER of Final Revocation Hearing by Timothy Scott Jackson (mbp) (Entered: 09/12/2012) |
| 09/17/2012 | 315 | JUDGMENT ON REVOCATION OF SUPERVISED RELEASE TERM, Sentence Imposed 9/12/12 as to Timothy Scott Jackson. Defendant is committed to the BOP for a term of 18 MONTHS. No SRT to follow. Signed by Chief Judge William H. Steele on 9/17/2012. (mbp) (Entered: 09/17/2012) |
| 09/21/2012 | 316 | NOTICE OF APPEAL by Timothy Scott Jackson (Knight, Christopher) (Entered: 09/21/2012) |
| 09/25/2012 | 317 | Appeal Instructions for Christopher Knight, Esq., as to Timothy Scott Jackson 316 |

| | | Notice of Appeal - Final Judgment. Separate forms must be filed for each court reporter. Transcript Information Form to be filed no later than 10/5/2012. CJA 24 to be filed no later than 10/5/2012. (jal) (Entered: 09/25/2012) |
|---|---|---|
| 09/25/2012 | 318 | Transmission of Notice of Appeal and Docket Sheet as to Timothy Scott Jackson to US Court of Appeals. Related Documents: 316 Notice of Appeal - Final Judgment, 315 Judgment on Revocation of SRT, Judge Appealed: Judge Steele, Court Reporter: Mary Frances Giattiana, Fee FPD (jal) (Main Document 318 replaced on 9/25/2012) (jal). (Entered: 09/25/2012) |
| 10/02/2012 | 319 | NOTICE of Docketing Notice of Appeal from USCA; USCA Case Number 12-14945-F as to Timothy Scott Jackson re: 316 Notice of Appeal - Final Judgment. (sdb) (Entered: 10/02/2012) |
| 10/05/2012 | 320 | TRANSCRIPT INFORMATION FORM re 316 Notice of Appeal - Final Judgment. Requesting transcripts for proceedings as follows: 12/19/05 Sentencing Hrg and 09/12/12 Revocation Hrg before Judge WILLIAM STEELE, Emailed to Court Reporter Mary Frances Giattina. (Rogers, Kristen) (Entered: 10/05/2012) |
| 10/10/2012 | 321 | Transcript Acknowledgment as to TIMOTHY SCOTT JACKSON filed by Court Reporter Mary Frances Giattina, CCR, RDR, CRR, re: 316 Notice of Appeal - Final Judgment, for proceedings as follows: 12/19/05, Sentencing Hearing, and 9/12/12, Revocation Hearing, before Chief Judge William H. Steele. Transcript due by 11/5/2012. (Giattina, Mary Frances) (Entered: 10/10/2012) |
| 10/19/2012 | 322 | NOTICE OF ATTORNEY APPEARANCE Steven E. Butler appearing for USA. (Butler, Steven) (Entered: 10/19/2012) |
| 11/16/2012 | 323 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Timothy Scott Jackson for date of 12/19/05, Sentencing Hearing, before Judge William H. Steele, re: 316 Notice of Appeal - Final Judgment, USCA Case Number 12-14945-F. Court Reporter Mary Frances Giattina, CCR, RDR, CRR, Telephone number (251) 690-3003. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. NOTICE: The parties have twenty-one (21) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. Notice of Transcript Redaction to be filed by 12/7/2012. Redaction Request due 12/7/2012. Redacted Transcript Deadline set for 12/17/2012. Release of Transcript Restriction set for 2/14/2013. (Giattina, Mary Frances) (Entered: 11/16/2012) |
| 11/16/2012 | 324 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Timothy Scott Jackson for date of 9/12/12, Revocation Hearing, before Chief Judge William H. Steele, re: 316 Notice of Appeal - Final Judgment, USCA Case Number 12-14945-F. Court Reporter Mary Frances Giattina, CCR, RDR, CRR, Telephone number (251) 690-3003. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. NOTICE: The parties have twenty-one (21) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made |

Exhibit G, page 42

| | | |
|---|---|---|
| | | remotely electronically available to the public without redaction after 90 calendar days. Notice of Transcript Redaction to be filed by 12/7/2012. Redaction Request due 12/7/2012. Redacted Transcript Deadline set for 12/17/2012. Release of Transcript Restriction set for 2/14/2013. (Giattina, Mary Frances) (Entered: 11/16/2012) |
| 11/19/2012 | | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Southern District of Alabama certifies that the record is complete for purposes of this appeal re: 316 Notice of Appeal - Final Judgment, Appeal No. 12-14945-FF. The entire record on appeal is available electronically. (jal) (Entered: 11/19/2012) |
| 11/28/2012 | 325 | TRANSCRIPT INFORMATION FORM re 316 Notice of Appeal - Final Judgment. Requesting transcripts for proceedings as follows: 8/13/12 Initial Appearance and Preliminary Hearing before Judge Bert Milling, Emailed to Court Reporter Debbie Isbell. (Rogers, Kristen) (Entered: 11/28/2012) |
| 11/30/2012 | 326 | Transcript Acknowledgment filed by Court Reporter Debra Amos Isbell, re: 316 Notice of Appeal - Final Judgment, 325 Transcript Information Form, for proceedings as follows: 8/13/2012 Initial Appearance before Magistrate Judge Bert W. Milling, Jr., Transcript due by 11/30/2012. (Isbell, Roy) (Entered: 11/30/2012) |
| 11/30/2012 | 327 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Timothy Scott Jackson for dates of 8/13/2012, Initial Appearance before Magistrate Judge Bert W. Milling, Jr., re: 316 Notice of Appeal - Final Judgment,. Court Reporter Debra Amos Isbell, Telephone number 251-432-3376. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have twenty-one (21) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. Notice of Transcript Redaction to be filed by 12/21/2012. Redaction Request due 12/21/2012. Redacted Transcript Deadline set for 12/31/2012. Release of Transcript Restriction set for 2/28/2013. (Isbell, Roy) (Entered: 11/30/2012) |
| 01/10/2013 | 328 | Judgment Returned Executed (FCC Yazoo City) as to Timothy Scott Jackson on 10/23/12. (sdb) (Entered: 01/10/2013) |
| 01/10/2013 | 329 | CLERK'S ENTRY OF DISMISSAL ON APPELLANT'S MOTION FOR VOLUNTARY DISMISSAL ISSUED AS MANDATE of USCA (certified copy) as to Timothy Scott Jackson (jal) (Entered: 01/11/2013) |
| 10/27/2014 | 333 | CJA 23 Financial Affidavit by Anthony Dan Mosley (eec) (Entered: 10/28/2014) |
| 10/27/2014 | 334 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER Fred Tiemann for Anthony Dan Mosley. Signed by Magistrate Judge William E. Cassady on 10/27/2014. (eec) (Entered: 10/28/2014) |
| 10/27/2014 | 335 | Order on Initial Appearance for Revocation of Supervised Release as to Anthony Dan Mosley (Defendant informed of rights). AUSA Gloria Bedwell appeared for the Government. Court-appointed Fred Tiemann appeared for the Defendant. Final Hearing re: Revocation of Supervised Release set for 11/7/2014 09:30 AM |

| | | |
|---|---|---|
| | | in US Courthouse, Courtroom 2A, 113 St. Joseph Street, Mobile, AL 36602 before Chief Judge William H. Steele. Defendant is ordered detained pending final revocation hearing. Signed by Magistrate Judge William E. Cassady on 10/27/2014. Emailed to AUSA, USM, Prob, Deft's counsel (eec) (Entered: 10/28/2014) |
| 10/27/2014 | 336 | WAIVER of Preliminary Hearing by Anthony Dan Mosley (eec) (Entered: 10/28/2014) |
| 10/27/2014 | 337 | Order on Preliminary Examination as to Anthony Dan Mosley. Rule 5.1 hearing waived. Pursuant to waiver filed in open court, the Court finds probable cause to hold Defendant to answer at the final revocation hearing. Signed by Magistrate Judge William E. Cassady on 10/27/2014. (eec) (Entered: 10/28/2014) |
| 10/27/2014 | | Minute Entry for proceedings held before Magistrate Judge William E. Cassady: Initial Appearance re Revocation of Supervised Release as to Anthony Dan Mosley held on 10/27/2014. FTR Digital Audio Recording. (eec) (Entered: 10/28/2014) |
| 11/03/2014 | 339 | MOTION to Postpone Revocation Hearing by Anthony Dan Mosley. (Tiemann, Fred) (Entered: 11/03/2014) |
| 11/04/2014 | | REFERRAL OF 339 MOTION to Postpone Revocation Hearing as to Anthony Dan Mosley to Judge Steele. (mbp) (Entered: 11/04/2014) |
| 11/04/2014 | 340 | ORDER granting 339 Motion to Postpone Revocation Hearing as to Anthony Dan Mosley. The revocation hearing is rescheduled for 10:30 a.m. on 11/7/14. Signed by Chief Judge William H. Steele on 11/4/2014. (mbp) (Entered: 11/04/2014) |
| 11/07/2014 | | Minute Entry for proceedings held before Chief Judge William H. Steele:Final Hearing re Revocation of Supervised Release as to Anthony Dan Mosley held on 11/7/2014. Defendant is committed to the BOP for a term of 12 MONTHS. SRT 24 MONTHS. Court Reporter Mary Frances Giattina. (mbp) (Entered: 11/07/2014) |
| 11/12/2014 | 341 | WAIVER of Final Revocation Hearing by Anthony Dan Mosley (mbp) (Entered: 11/12/2014) |
| 11/20/2014 | 342 | JUDGMENT ON REVOCATION OF SUPERVISED RELEASE TERM, Sentence Imposed 11/7/14 as to Anthony Dan Mosley. Defendant is committed to the BOP for a term of 12 MONTHS. SRT 24 MONTHS. Signed by Chief Judge William H. Steele on 11/19/2014. (mbp) (Entered: 11/20/2014) |
| 12/11/2014 | 343 | ORDER as to Anthony Dan Mosley entered that the letter written by defendant is retained for the Court file and the original returned to the defendant with this order. Signed by Chief Judge William H. Steele on 12/10/2014. Copy mailed to defendant 316 Court St., Brewton, AL 364256. (Attachments: # 1 Defendant's Letter) (mbp) (Entered: 12/11/2014) |

**PACER Service Center**

**Transaction Receipt**

Exhibit G, page 44

| | | | |
|---|---|---|---|
| | | 07/14/2015 18:57:44 | |
| **PACER Login:** | mtdavis2:4477808:4474448 | **Client Code:** | riesel |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cr-00154-WS-C |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

Exhibit G, page 45

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | Criminal No. 05-00154-WS |
| | * | |
| ANTHONY DAN MOSELY | * | |

## MOTION FILED PURSUANT TO U.S.S.G. 5K1.1

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and moves the Court pursuant to United States Sentencing Guidelines Section 5K1.1 to consider a downward departure from the minimum guideline sentence in the abovecaptioned case for substantial assistance in a criminal prosecution, and as grounds therefor says the following:

1. The defendant entered into a plea agreement which provided the opportunity for the defendant to cooperate with the Government in its ongoing investigation. The defendant testified in the trial involving John Wendell Clay. He stated that Clay was involved in the manufacture of methamphetamine and obtained pseudoephedrine for Robin Ray and others. Mosely recalled that Clay had discussed the formula for manufacturing methamphetamine with him at Ernie Brown's house, and that Clay was in possession of manufacturing paraphernalia at that time. Mosely corroborated information in the Clay trial provided by Shannon Lambeth and Robin Ray, who also testified. Mosely also implicated Jerry Jason Barlow in the methamphetamine manufacturing conspiracy, and admitted that Barlow and Lambeth had cooked methamphetamine at Mosely's residence. He received drugs in exchange for this service. Barlow was indicted and pled guilty in federal court.

Mosely also implicated some of the Hadleys in the drug business. Hadley was also indicted in federal court and has likewise agreed to cooperate with the Government. The remaining twenty subjects identified by the defendant during his effort to cooperate remain under investigation, although the Government expects to ask for an indictment relating to one such subject in either May or June of 2006. If any of the additional subjects are indicted, the Government submits that post-sentencing cooperation is addressed in the plea agreement in provisions relating to the possibility of a Rule 35 motion. Accordingly, it is possible that the Government might seek an additional departure but only in accordance with the terms of the plea agreement.

All things considered, the Government moves the Court to consider a departure from the low end of the guideline range, 140 months, of approximately 25 percent, for a sentence of 106 months.

WHEREFORE, the Government moves the Court to consider a downward departure in the abovecaptioned case pursuant to Section 5K1.1.

Respectfully submitted,

DEBORAH J. RHODES
UNITED STATES ATTORNEY

By: s/ Gloria A. Bedwell
Gloria A. Bedwell bedwg1000
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
(251)441-5845
(251)441-5131 (fax)
gloria.bedwell@doj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have filed the foregoing with the Clerk of the Court using CM/ECF, which automatically serves a copy of the same upon the attorney of record for the defendant, Lila Cleveland, by email, this 11th day of May, 2006.

s/ Gloria A. Bedwell
Gloria A. Bedwell
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal No. 05-000154-WS |
| | * | |
| SHANNON LAMBETH | * | |

## GOVERNMENT'S MOTION FOR DEPARTURE PURSUANT TO SECTION 5K1.1

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and moves the Court to consider the motion of the Government for a downward departure in the abovecaptioned case for the defendant's substantial assistance with the Government, pursuant to Section 5K1.1 of the United States Sentencing Guidelines, and as grounds therefor says the following:

1. The defendant has provided information which implicates approximately 20 subjects. Of those, six entered guilty pleas. The investigation is ongoing as to several of the remaining subjects, one of whom has been implicated in a murder. The defendant has testified as a government witness against his co-defendant, John Clay, who was convicted.

2. In light of the forgoing, the Government submits that a downward departure is appropriate, and moves the Court to consider a departure from the minimum guideline sentence of 292 months, down to 190 months at this time. In the event that future cooperation proves useful to the Government, the plea agreement provides for the Government's consideration of a Rule 35 in those circumstances.

WHEREFORE, the Government moves the Court to consider a downward departure in the abovecaptioned case pursuant to Section 5K1.1 of the United States Sentencing Guidelines.

Respectfully submitted,

DEBORAH J. RHODES
UNITED STATES ATTORNEY

By: s/Gloria A. Bedwell
Gloria A. Bedwell
Assistant United States Attorney
Bedwg1000
63 South Royal Street, Suite 600
Mobile, Alabama 36602
(251)441-5131 (fax)
(251)441-5845

## CERTIFICATE OF SERVICE

I certify that I have filed a copy of the same with the Clerk of the Court using CM/ECF, which automatically serves a copy of the same upon the attorney of record for the defendant by email,  this 16th day of February, 2007

s/Gloria A. Bedwell
Gloria A. Bedwell
Assistant United States Attorney

2